ROBERT C. BONNER
United States Attorney
ROBERT L. BROSIO
Assistant United States Attorney
Chief, Criminal Division
JIMMY GURULE
Assistant United States Attorney
Major Narcotics Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6579

Attorneys for Plaintiff
United States of America



FILED
CLERK, U.S. DISTRICT COURT

MAY 17 1988

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

ENTERED ON COURTRM
MAY 18 1988

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 87-422(B)-ER |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS FOR A BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| RAFAEL CARO-QUINTERO, et al., | |
| Defendants. | Date: June 6, 1988 Time: 1:30 |

Plaintiff, United States of America, as represented by the undersigned Assistant United States Attorney, hereby files the Government's Opposition To Defendants' Motions For A Bill Of Particulars. The Government's Opposition is based upon the attached Memorandum of Points and Authorities, the files and records in the case, and any oral argument that may be presented at the hearing on this matter.

DATED: This 17th day of May, 1988.

Respectfully submitted,

ROBERT C. BONNER
United States Attorney

JG:bzb:es

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBERT L. BROSIO
Assistant United States Attorney
Chief, Criminal Division


JIMMY GURULE
Assistant United States Attorney
Major Narcotics Section

    Attorneys for Plaintiff
    United States of America

-2-

TABLE OF CONTENTS

| | | | PAGE |
|---|---|---|---|
| | TABLE OF AUTHORITIES | | ii |
| I | INTRODUCTION | | 3 |
| II | A BILL OF PARTICULARS IS NOT REQUIRED IN THE PRESENT CASE WHERE THE SECOND SUPERSEDING INDICTMENT IS SUFFICIENTLY SPECIFIC AND DEFENDANTS HAVE BEEN PROVIDED WITH FULL DISCOVERY | | 4 |
| | A. | THE SECOND SUPERSEDING INDICTMENT IS SUFFICIENTLY SPECIFIC TO OBVIATE THE NEED FOR A BILL OF PARTICULARS | 6 |
| | B. | FULL DISCOVERY PROVIDED DEFENDANTS FURTHER OBVIATES THE NEED FOR A BILL OF PARTICULARS | 11 |
| III | A MOTION FOR A BILL OF PARTICULARS SHOULD NOT BE USED TO OBTAIN WHOLESALE DISCOVERY OF THE GOVERNMENT'S EVIDENCE PRIOR TO TRIAL | | 14 |
| IV | CONCLUSION | | 29 |

i

1

2

TABLE OF AUTHORITIES

3
                                                              PAGE

4

Cases:

5

Cook v. United States, 354 F.2d 529

6      (9th Cir. 1965)                                    20, 21, 25

7   McCain v. United States, 456 U.S. 991,
    102 S. Ct. 2274, 73 L.Ed.2d 1287
8   (1982)                                                     17

9   Shoher, 555 F.Supp. at 350                                 26

10  United States v. Anderson, 799 F.2d 1438
       (11th Cir. 1986)                                18, 21, 25, 26

11
    United States v. Armocida, supra, 515
12  F.2d at 54                                                 22

13  United States v. Atisha, 504 F.2d 920
       (6th Cir. 1980)                                         20

14
    United States v. Burt, 765 F.2d 1364
15     (9th Cir. 1985)                                   5, 14, 17

16  United States v. Butler, 822 F.2d 1191
       (D.C. Cir. 1987)                                      6, 15

17
    United States v. Christopher, 700 F.2d 1253
18     (9th Cir.), cert. denied, 461 U.S. 950 (1983)           10

19  United States v. Clay, 476 F.2d 1211
       (9th Cir. 1973)                                          5

20
    United States v. Colson, 662 F.2d 1389
21     (11th Cir. 1981)                                18, 21, 15, 19

22  United States v. Fuller, 407 F.2d 1199
       (D.C. Cir. 1968)                                        24

23
    United States v. Giese 597 F.2d 1170 (9th Cir.),
24  cert. denied, 444 U.S. 979 (1979)        5, 6, 19, 21, 22, 25, 29

25  United States v. Hawkins, 661 F.2d
    436, (5th Cir. 1981), cert. denied sub nom        17, 19
26

27                              ii

28

TABLE OF AUTHORITIES (Cont'd)

PAGE

Cases:

United States v. Kilrain, 566 F.2d 979
  (5th Cir. 1978)             14, 15, 20, 29

United States v. Lilly, 512 F.2d 1259
  (9th Cir. 1975)                   24

United States v. Long, 706 F.2d 1044
  (9th Cir. 1983)                 5, 28

United States v. Ornelas, 236 F.2d 392
  (9th Cir. 1956)                   24

United States v. Pena, 542 F.2d 292
  (5th Cir. 1976)                   18

United States v. Perez, 489 F.2d 51,
  (5th Cir.), cert. denied, 417 U.S. 664 (1974)    14

United States v. Persico, 621 F. Supp. 842
  (S.D. N.Y. 1985)               16, 26

United States v. Politi, 334 F.Supp. 1313
  (S.D. N.Y. 1971), aff'd., 516 F.2d 897
  (2nd Cir.), cert. denied, 423 U.S. 501,
  96 S.Ct. 8, 46 L. Ed. 2d 244 (1975)        27

United States v. Remy, 658 F. Supp. 66
  (S.D. N.Y. 1987)                 27

United States v. Rosenthal, 793 F.2d 1214
  (11th Cir. 1986)          6, 15, 19, 29

United States v. Ryland, 806 F.2d 940
  (9th Cir. 1986)       5, 6, 14, 24, 25, 28

United States v. Salazar, 485 F.2d 1272
  (2nd Cir. 1973), cert. denied, 415 U.S. 985 (1974)  14

Yeargain v. United States, 314 F.2d at 882      23

TABLE OF AUTHORITIES (Cont'd)

PAGE

<u>Statutes and Rules</u>:

18 U.S.C.
 § 2           10, 23
 § 3           10, 23
 § 1111         10, 24
 § 1114         10, 23
 §1201(c)          9
 § 1952B          8
 § 3500          4

21 U.S.C.
 § 848         10, 13

Federal Rules of Criminal Procedure
 Rule 7(f)       4, 18, 25
 Rule 16(b)(2)      18, 26

MEMORANDUM OF POINTS AND AUTHORITIES

I

## INTRODUCTION

Defendants Rene Martin Verdugo-Urquidez (hereinafter "Verdugo") and Raul Lopez-Alvarez (hereinafter "Lopez") have filed motions for a bill of particulars.  In defendant Verdugo's Motion For A Bill Of Particulars he requests 22 items of disclosure.  Defendant Lopez requests 28 items.  Defendants' requests can be summarized as follows:  (1) a request for the dates and times when, and places where, defendants and each co-conspirator joined the conspiracy to kidnap Special Agent Enrique Camarena and Alfredo Zavala-Avelar, and when the government alleges that defendants became members of the narcotics enterprise; (2) the names and present whereabouts of all unindicted co-conspirators; (3) any overt acts and racketeering activity not enumerated in the indictment, but which the government intends to introduce in evidence at trial; (4) the dates, times, and places of all meetings between any of the defendants, co-conspirators or government witnesses; (5) a request for how the overt acts furthered the conspiracy; (6) a request for information regarding the felony murder count; (7) the manner and means in which defendants participated in the kidnapping, torture, interrogation, murder, and burial of Special Agent Enrique S. Camarena and Alfredo Zavala-Avelar; (8) whether defendant Lopez participated as a principal or aider and abetter; and (9) the manner and means in which defendant Lopez participated in the narcotics enterprise and whether defendant

-3-

Lopez participated in any of the narcotics predicate racketeering offenses alleged in counts one and two of the second superseding indictment.

Defendants' motions for a bill of particulars are without merit. The second superseding indictment as drafted sufficiently apprises defendants of the charges against them, and the government's theory of the case. Defendants have been provided with extensive discovery in this case. Many of defendants requests are for items of discovery to which they are not entitled under either Rule 16, Federal Rules of Criminal Procedure, the <u>Jencks</u> Act, 18 U.S.C. § 3500, and which furthermore do not constitute <u>Brady</u> material. The request for these items goes well beyond the purpose of a bill of particulars. Defendants' Motions For A Bill Of Particulars should therefore be denied.

II

<u>A BILL OF PARTICULARS IS NOT REQUIRED</u>

<u>IN THE PRESENT CASE WHERE THE SECOND</u>

<u>SUPERSEDING INDICTMENT IS SUFFICIENTLY</u>

<u>SPECIFIC AND DEFENDANTS HAVE BEEN</u>

<u>PROVIDED WITH FULL DISCOVERY</u>

Rule 7(f) of the Federal Rules of Criminal Procedure provides in pertinent part:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such

-4-

1                 later time as the court may permit.  A bill of

2                 particulars may be amended at any time subject

3                 to such conditions as justice requires.

4       In United States v. Burt, 765 F.2d 1364, (1985), the Ninth

5   Circuit outlined the purpose of a bill of particulars:

6                 The bill of particulars has three purposes:

7                 to apprise the defendant of the specific

8                 charges being presented so as to minimize

9                 surprise at trial, to aid the defendant in

10                preparing for trial, and to protect against

11                double jeopardy.  United States v. Long, 706

12                F.2d 1044, 1054 (9th Cir. 1983).

13  Id. at 1180.

14      In United States v. Giese 597 F.2d 1170, cert. denied, 444

15  U.S. 979 (1979), the Ninth Circuit held:

16                The denial of a motion for a bill of

17                particulars is within the discretion of the

18                district court, its decision will not be

19                disturbed absent an abuse of discretion.

20                United States v. Clay, 476 F.2d 1211, 1215

21                (9th Cir. 1973).

22  Id. at 1180.  See United States v. Ryland, 806 F.2d 941 (9th Cir.

23  1986).

24      In determining whether a motion for a bill of particulars

25  should be granted, the court should consider whether defendant

26  has been adequately advised of the charges through the indictment

27  and whether the government has complied with full discovery.

28  -5-

United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983).

Moreover, full discovery will obviate the need for a bill of particulars. United States v. Rosenthal, 793 F.2d 1214 (11th Cir. 1986). In United States v. Butler, 822 F.2d 1191 (D.C. Cir. 1987), the Court of Appeals stated that "if the indictment is sufficiently specific, or if the requested information is available is some other form, then a bill of particulars is not required." Id. at 1193.

A.   THE SECOND SUPERSEDING INDICTMENT IS SUFFICIENTLY SPECIFIC TO OBVIATE THE NEED FOR A BILL OF PARTICULARS

In denying defendant's motion for a bill of particulars, the Ninth Circuit in United States v. Ryland, 806 F.2d 941 (1986) held:

> Ryland's argument regarding the denial of a
> bill of particulars misconstrues the purpose
> of the bill of particulars. A defendant is
> not entitled to know all the evidence the
> government intends to produce but only the
> theory of the government's case. United
> States v. Giese, 597 F.2d 1170, 1181 (9th
> Cir.), cert. denied, 444 U.S. 979, 100 S. Ct.
> 480, 62 L.Ed.2D 405 (1979).

Id. at 942.

Consequently, if the indictment sufficiently advises defendant of the nature of the charges and the theory of the government's case, a bill of particulars is not required.

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### General Allegations Section

The second superseding indictment does not simply track the statutory language.  The criminal charges in the second superseding indictment are prefaced by a section entitled "General Allegations."  The general allegations section apprises defendants of the exact time, place, and the circumstances surrounding the kidnapping and murder of Special Agent Camarena and Alfredo Zavala-Avelar.  Defendants are placed on notice that Special Agent Camarena and Zavala were kidnapped on February 7, 1985, and were thereafter taken to 881 Lope de Vega.  (See ¶ 12).  Defendants are further advised that Special Agent Camarena was tortured and interrogated before he was murdered (see ¶ 13);  that defendants Rafael Caro-Quintero and Rene Verdugo fled Guadalajara after Special Agent Camarena and Zavala were murdered (see ¶ 14); that on or about March 8, 1985, the bodies of Special Agent Camarena and Zavala were discovered together in Zamora, Michoacan (see ¶ 15); that on or about March 10, 1985, co-defendant Jesus Felix-Gutierrez arranged the flight of defendant Rafael Caro-Quintero from Mexico to Costa Rica (see ¶ 16); and that on or about March 17, 1985, Caro-Quintero fled Mexico to Costa Rica (see ¶ 17).

Moreover, defendants are provided information regarding the Rafael Caro-Quintero narcotics enterprise, and the connection between the narcotics enterprise and the kidnappings and murders.  In the general allegations section of the second indictment, defendant Caro-Quintero is identified as the head of the narcotics organization (see ¶ 7); Rene-Verdugo is identified

-7-

as a chief-lieutenant in the narcotics organization (see ¶ 8); defendant Lopez-Alvarez is identified as Mexican police officer, and Espino-Verdin is identified as an ex-state police officer, working for the narcotics enterprise (see ¶¶ 9 and 10). The objectives of the narcotics enterprise are further defined. (See ¶¶ 2 and 3). The motive for the kidnapping and murder of Special Agent Camarena and Zavala is also set forth in the general allegations section. (See ¶¶ 6 and 7). Defendants are further advised as to the roles of the defendants in the narcotics enterprise, and the government's theory as to why Special Agent Camarena and Zavala were kidnapped and murdered. Consequently, the general allegations section of the second superseding indictment provides the defendants sufficient information to apprise them of the charges against them.

### COUNTS ONE AND TWO

Counts one and two of the second superseding indictment charge defendants with violations of 18 U.S.C. § 1952B: Violent Crimes In Aid Of Racketeering. Counts one and two further incorporate by reference the general allegations section of the second superseding indictment. The second superseding indictment alleges therein that the narcotics enterprise was engaged in racketeering activity. The racketeering activity is described more specifically in paragraphs one through seven, which detail seven predicate narcotics offenses. Through counts one and two, defendants are advised of the magnitude of the narcotics enterprise, i.e., that multi-ton quantities of marijuana were being cultivated in various parts of Mexico and imported into the

-8-

United States for distribution. The date and location of the narcotics offenses are provided. The approximate quantities involved are further disclosed.

Counts one and two further advise defendants that the motive for the kidnapping and murder of Camarena and Zavala was "to maintain or increase the positions of the . . . defendants in the [narcotics] enterprise." When read along with the general allegations section, and in light of the extensive discovery provided defendants, it is clear that Special Agent Camarena and Zavala were kidnapped and murdered in retaliation for their efforts in investigating the Caro-Quintero narcotics enterprise. Defendants are therefore fully apprised of the government's theory of the case.

### COUNT THREE

Count three alleges a conspiracy to kidnap a federal agent in violation of 18 U.S.C. §1201(c). The overt acts which are alleged in count three are specific as to date, time, and place. The defendants are thereby placed on notice that co-defendant Caro-Quintero ordered the kidnapping and participated in the actual interrogation of Special Agent Camarena. (See overt acts 1 and 3). Co-defendant Espino-Verdin is further identified as one of the interrogators. (See overt act 4). Defendants Verdugo, Lopez-Alvarez and Fonseca-Carrillo were present at 881 Lope de Vega on February 8, 1985, the residence where Special Agent Camarena and Zavala were taken after they were kidnapped. (See overt acts 6, 7 and 8).

-9-

1

2

3

4

5

6

    Consequently, when read along with the general allegations
section and the remaining counts in the second superseding
indictment, defendants are placed on notice as to the objectives
of the conspiracy, the circumstances surrounding the kidnapping,
the roles of defendants in the kidnapping, and the motive for the
kidnapping.

7

## COUNTS FOUR AND FIVE

8

9

10

11

12

13

14

15

16

17

18

19

    Count four alleges a violation of 18 U.S.C. §§ 1201(a)(5), 2
and 3:  Kidnapping a Federal Agent.  Count five charges a
violation of 18 U.S.C. §§ 1111, 1114, 2 and 3:  Felony murder of
a federal agent.  An indictment should be read in its entirety
and interpreted to include facts necessarily implied.  United
States v. Christopher, 700 F.2d 1253, 1257 (9th Cir.), cert.
denied, 461 U.S. 950 (1983).  When counts four and five are read
in conjunction with the remaining counts, and along with the
general allegations section, defendants are fully advised of the
charges against them.  Moreover, count five, the felony murder
count, places defendants on notice as to the government's theory
of the case regarding the murder of Special Agent Camarena.

20

21

22

23

24

    The second superseding indictment is therefore sufficiently
specific to advise defendants of the nature of the charges, and
to preclude violation of double jeopardy. A bill of particulars
is therefore not required.$\frac{1}{}$

25

26

27

28

1/  Count six charges a violation of 21 U.S.C. § 848:  Conducting
a Continuing Criminal Enterprise.  Only defendant Rafael
Caro-Quintero is charged in that count.  Count six is therefore
not the subject of the present motions for a bill of particulars.
                                -10-

B.   FULL DISCOVERY PROVIDED DEFENDANTS FURTHER OBVIATES THE NEED
     FOR A BILL OF PARTICULARS.

     The government has fully complied with the Court's Order
regarding discovery.   To date, defendants have received over
2,500 pages of discovery.   Included in the discovery materials
are approximately 500 pages of transcripts involving undercover
conversations between defendant Raul Lopez-Alvarez and Special
Agent (SA) Abel Reynoso.   The disclosure of the transcripts is
particularly important because during the undercover meetings
defendant Lopez provided extensive details to SA Reynoso
regarding the kidnapping, torture, interrogation, and murder of
Special Agent Camarena.   Defendant Lopez explained that
co-defendant Caro-Quintero ordered the kidnapping of SA
Camarena.   Defendant Lopez explained why Camarena was kidnapped
and that he (Camarena) was interrogated because the narcotics
traffickers wanted to learn what the Drug Enforcement
Administration knew about the Caro-Quintero narcotics
enterprise.

     Defendant Lopez further identified unindicted co-conspirators
involved in the kidnapping.[2/]   Defendant Lopez also described
where Camarena was taken after he was kidnapped.   He identified
persons present at 881 Lope de Vega.   Lopez described how
Camarena was tortured; that the interrogation was tape recorded;

_____

2/   Lopez testified in his own defense at trial in the case of
United States v. Raul Lopez-Alvarez, et al., CR 87-919-PAR, and
identified other unindicted co-conspirators.

-11-

the types of questions asked Camarena; how Camarena was murdered; when he was murdered; and where Camarena and Zavala were buried. The Lopez trancripts advise defendants of the how, when, where and why, regarding the kidnapping and murder of Special Agent Camarena and Zavala. The Lopez undercover tapes therefore provide defendants with extensive information to assist in the preparation for trial.

Defendants have further received copies of both the tapes transcripts of the interrogation of Special Agent Camarena. The government has further disclosed FBI forsencics reports which detail the findings of the FBI forsencics team after they searched 881 Lope de Vega. Defendants have received copies of the autopsy reports prepared by the Mexican and American medical examiners which identify the nature of the injuries sustained by Special Agent Camarena and Zavala, and the cause of death.

Defendants have also been provided with a list of percipient witnesses which the government does not intend to call as witnesses at trial. These individuals are therefore available to defendants to further assist in the preparation of their defense. In addition, sets of narcotics ledgers have been disclosed to the defendants. The narcotics ledgers identify numerous narcotics customers and distributors associated with the narcotics enterprise. Defendant Rafael Caro-Quintero's address book which was seized at the time of his arrest has been disclosed. Contained therein are the names and telephone numbers of Caro-Quintero's associates. Defendants have further received copies of travel documents, hotel records, real estate documents

-12-

and telephone toll records to assist the defense in preparing for trial.

It should further be noted some of the discovery supplied in the present case has been previously turned over to defendants in related cases. For example, in the case of <u>United States v. Raul Lopez-Alvarez, et al.</u>, No. CR 87-919-PAR, the government turned over in December 19, 1987, the Lopez video tapes and transcripts of the undercover meetings. In the case of <u>United States v. Jesus Felix-Gutierrez, et al.</u>, CR 87-15-ER, defendant Jesus Felix-Gutierrez was charged with conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848. Copies of the narcotics ledgers, certain real estate records, hotel records, travel documents, telephone toll records, address books and other discovery material disclosed in the present case were disclosed to defendant Jesus Felix-Gutierrez[3/] Defendant Jesus Felix-Gutierrez entered a guilty plea in that case in June 1987. Consequently, defendants in this case have had access to those materials for a substantial period of time.

The extensive discovery provided in this case has fully apprised defendants of the charges against them, and the government's theory of the case. The extensive discovery provided defendants has further minimized the risk of any unfair surprise of trial. Full discovery has therefore obviated the need for a bill of particulars.

---

3/ Defendant Raul Lopez-Alvarez was represented by his present attorney in case number CR 87-919-PAR. Defendant Jesus Felix-Gutierrez' present attorney represented a co-defendant in case CR 87-15-ER.

III

## A MOTION FOR A BILL OF PARTICULARS SHOULD NOT
## BE USED TO OBTAIN WHOLESALE DISCOVERY OF THE
## GOVERNMENT'S EVIDENCE PRIOR TO TRIAL

It is fundamental that a bill of particulars is not to be used as a substitute for discovery. United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986); United States v. Burt, 765 F.2d 1364, 1367 (9th Cir. 1985); United States v. Colson, 682 F.2d 1389 (11th Cir. 1981) . "A defendant should not use the Bill of Particulars to obtain a detailed disclosure of the government's evidence prior to trial." United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978), citing United States v. Perez, 489 F.2d 51, 70-71 (5th Cir.), cert. denied, 417 U.S. 664 (1974).  The courts have further refused to treat a bill of particulars as a general investigative tool for the defense.  United States v. Salazar, 485 F.2d 1272 (2nd Cir. 1973), cert. denied, 415 U.S. 985 (1974).  Defendants' requests in this present case go well beyond the limits of a bill of particulars.  Defendants' requests for wholesale discovery should be denied.

### Requests Regarding The Formation of the Conspiracy

Defendant Verdugo's requests numbers two and three ask for information regarding the "time, date and place" that defendant Verdugo and each of the co-conspirators joined the conspiracy to kidnap alleged in count three.  Defendant Lopez' requests numbers two and four seek the dates that the government alleges defendant Lopez and each of the co-conspirators joined the conspiracy, and when defendant Lopez became a member of the narcotics

-14-

enterprise.  In <u>United States v. Rosenthal</u>, 793 F.2d 1214 (11th Cir. 1986), defendant filed a bill of particulars to compel the government to disclose information regarding the existence and formation of the conspiracy.  In denying the bill of particulars, the Court held:

> A bill of particulars may not be used to
> compel the government to provide the
> essential facts regarding the existence
> and formation of a conspiracy.  Nor is the
> government required to provide defendants
> with all overt acts that might be proven
> at trial.  <u>United States v. Kilrain</u>, 566
> F.2d 979, 985 (5th Cir. 1978).  Nor is the
> defendant entitled to a bill of
> particulars with respect to information
> which is readily available through other
> sources such as the indictment or
> discovery and inspection.  <u>United States
> v. Colson</u>, 662 F.2d 1389.

<u>Id</u>. at 1227.

In <u>United States v. Butler</u>, 822 F.2d 1191 (D.C. Cir. 1987), the Court denied defendant's motion for a bill of particulars seeking the approximate times and places when the defendant allegedly entered and exited the conspiracy.  The Court held that the dates set forth in the overt acts by which defendant was alleged to have participated in the conspiracy, and by reference to the other counts in the indictment, defendant was sufficiently

-15-

apprised of the charges against him. The Court stated that "[m]ore specific information about the times and places that Butler participated in the alleged conspiracy was not required by law." Id. at 1194 (citations omitted). See also United States v. Persico, 621 F.Supp. 842 (S.D. N.Y. 1985), where the district court held:

> Details as to how and when the conspiracy
> was formed, or when each participant
> entered it, need not be revealed before
> trial. (Citations omitted).

Id. at 868.

Under the facts of the present case, the dates set forth in the overt acts of the conspiracy, as well as the dates detailed in the general allegations section of the indictment, sufficiently apprise defendants of the critical time periods. Specific dates regarding the kidnapping, torture, interrogation, discovery of the bodies, and flight by defendant Caro-Quintero and Verdugo are provided. Defendants are further provided specific dates regarding the operation of the narcotics enterprise. Defendants are advised of the dates when the defendants and other members of the narcotics enterprise allegedly cultivated, imported, and distributed quantities of marijuana.

### Request For The Names and Whereabouts of All Unindicted Co-Conspirators

Defedant Verdugo's requests numbers four, five, six, eight, ten and eleven ask for the names and present whereabouts of all

-16-

persons who participated in either the kidnapping, torture, interrogation or murder of Special Agent Camarena, or were present at the time the scheme and plan to kidnap was formulated. Defendant Lopez' request number three asks for the names and addresses of unindicted co-conspirators. In United States v. Burt, 765 F.2d 1364 (9th Cir. 1985), the Court denied defendant's motion for a bill of particulars seeking the names of "at least five other persons", who were unindicted co-conspirators, and whom defendant allegedly supervised as the supervisor of a continuing criminal enterprise. In denying defendant's request, the Ninth Circuit stated:

> [T]he fact that the indictment actually
> named six supervisees and expressly
> incorporated "other co-conspirators both
> known and unknown to the grand jury" shows
> that a common sense, practical reading of
> the indictment would have apprised Burt of
> the specific charges against him.
> (Citations omitted). In the absence of
> surprise or prejudice, there is no
> absolute requirement that the government
> name more than five supervisees, or even
> that the supervisees be identified at
> all. See United States v. Hawkins, 661
> F.2d 436, 451-52 (5th Cir. 1981), cert.
> denied sub nom. McCain v. United States,
> 456 U.S. 991, 102 S. Ct. 2274, 73 L.Ed.2d
> 1287 (1982).

-17-

<u>Id</u>. at 1367.  <u>See</u> <u>United States v. Colson</u>, 662 F.2d 1389, 1391
(11th Cir. 1981).

    In <u>United States v. Anderson</u>, 799 F.2d 1438 (11th Cir. 1986),
the Court denied defendant's motion for a bill of particulars
seeking a list of unindicted co-conspirators.  The Court held:

> To allow the bill of particulars to serve
> as a wholesale discovery device would
> actually frustrate the federal discovery
> rule.  Rule 16(b)(2) of the Federal Rules
> of Criminal Procedure states that the rule
> "does not authorize the discovery or
> inspection of . . . statements made . . .
> by government . . . witnesses, or by
> prospective government . . . witnesses."
> A defendant who desires a list of
> government witnesses – or "unindicted
> co-conspirators" – could then bypass the
> Rule 16(b) restriction on discovery by
> asking for and receiving a "bill of
> particulars" pursuant to Fed. R. Crim. P.
> 7(f), which simply provides that "[t]he
> court may direct the filing of a bill of
> particulars."  Because a defendant has no
> right to obtain a list of witnesses by
> simply calling his request a "bill of
> particulars," see <u>United States v. Pena</u>,
> 542 F.2d 292, 294 (5th Cir. 1976), we

-18-

> decline to supply a mechanical rule
> whereby a bill of particulars is
> automatically accorded the status of a
> supplement to an indictment.

Id. at 1442.  See United States v. Hawkins, 661 F.2d 436 (5th Cir. 1981).

The government submits that defendants have already been provided through discovery the names of numerous unindicted co-conspirators.  The names of unindicted co-conspirators were included in the defendant Lopez undercover transcripts, Lopez' post-arrest statement, the narcotics ledgers, and co-defendant Caro-Quintero's address book.  Defendants' requests are simply an attempt to discover the identity of unindicted co-conspirators who have agreed to testify for the government at trial.  The government need not disclose information that has been made readily available through discovery.  United States v. Rosenthal, 793 F.2d 1214 (11th Cir. 1986); United States v. Colson, 662 F.2d 1389 (11th Cir. 1981).

## Request for Other Overt Acts and Racketeering
## Activity Not Enumerated In the Indictment

Defendant Verdugo's requests numbers one and fifteen ask for the government to identify any overt acts or racketeering activity not enumerated in the indictment but which the government intends to introduce in evidence at trial.  The Ninth Circuit has held that the government is not required to disclose all the overt acts in furtherance of the conspiracy.  In United

States v. Giese, 579 F.2d 1170, cert. denied, 444 U.S. 979
(1979), the Ninth Circuit denied defendant's motion for a bill of
particulars seeking all the overt acts in furtherance of the
conspiracy.  The Ninth Circuit held:

> [T]here is no requirement in conspiracy
> cases that the government disclose even
> all the overt acts in furtherance of the
> conspiracy.  (Citations omitted).

Id. at 1180.  Cook v. United States, 354 F.2d 529 (9th Cir.
1965), United States v. Atisha, 504 F.2d 920 (6th Cir. 1980).

    In United States v. Kilrain, 566 F.2d 979 (5th Cir. 1978),
the Court stated:

> Defendants contend that the Bill of
> Particulars furnished by the Government
> did not include all the overt acts which
> the prosecution introduced at trial.  This
> was not error, as defendants are not
> entitled to discover all the overt acts
> that might be proved at trial.  (Citations
> omitted).  A defendant should not use the
> Bill of Particulars to "obtain a detailed
> disclosure of the government's evidence
> prior to trial."  (Citations omitted).

Id. at 985.  Defendant Verdugo's request for disclosure of all
overt acts committed in furtherance of the conspiracy should
therefore be denied.

-20-

Defendant Verdugo makes a related request.  In request number fourteen, defendant Verdugo requests the disclosure of the "dates, times and places of all meetings between defendant . . . and any other defendants, co-conspirator or other witnesses" in the furtherance of the conspiracy to kidnap.  If the alleged meetings between defendant Verdugo and any co-defendant, unindicted co-conspirator, or other government witness, were in the furtherance the conspiracy, the meetings would constitute overt acts.  A previously stated, the Ninth Circuit has held that a motion for a bill of particulars seeking information regarding all overt acts should be denied.  United States v. Giese, 597 F.2d 1170, cert. denied, 444 U.S. 979 (1979); Cook v. United States, 354 F.2d 529 (9th Cir. 1965).  Moreover, defendant Verdugo's request further contains within it a request for the identity of government witnesses and unindicted co-conspirators. A similar request was denied by the Ninth Circuit in United States v. Giese, 597 F.2d 1170, cert. denied, 444 U.S. 979 (1979).  See United States v. Anderson, 799 F.2d 1438, 1442 (11th Cir. 1986); United States v. Colson, 662 F.2d 1389, 1391, (11th Cir. 1981).

Request For How the Overt Acts

Furthered the Conspiracy

Defendant Verdugo's requests numbers twelve and thirteen ask for an explanation as to how Verdugo's travel to Guadalajara, Mexico, and subsequently going to 881 Lope de Vega furthered the conspiracy.  (See count 3, overt acts 5 and 6).  Defendant Lopez' request number twenty-seven asks for the government to explain

-21-

how going to 881 Lope de Vega furthered the conspiracy.  (See

count 3, overt act 7).  The Ninth Circuit decision in United

States v. Giese, 597 F.2d 1170 (9th Cir.), cert. denied, 444 U.S.

979 (1979), is dispositive of defendants' requests.  In Giese,

defendant filed a motion for a bill of particulars seeking:

> A wide range of information, such as lists
> of conspiratorial acts performed by each
> person named in the indictment and of each
> overt act and the object of the
> conspiracy. His first motion asked for
> even more specific information, such as
> how each of the 13 overt acts described in
> Count X contributed to the conspiracy and
> which oral statements made by defendants
> created the conspiracy.

Id. at 1180.

In denying defendant's request, the Ninth Circuit held:

> Count X listed the 13 overt acts in
> furtherance of the conspiracy.
> Appellant's request for the "when, where
> and how" of every act in furtherance of
> the conspiracy was equivalent to a request
> for complete discovery of the government's
> evidence, which is not the purpose of the
> bill of particulars.  United States v.
> Armocida, supra, 515 F.2d at 54.  "A
> defendant is not entitled to know the

-22-

> evidence the government intends to
> produce, but only the theory of the
> government's case."  Yeargain v. United
> States, 314 F.2d at 882.  From the
> indictment and the government evidence
> which he did receive, appellant learned
> enough of the charges against him to
> prepare for trial, to avoid surprise at
> trial, and to plead double jeopardy in the
> event of a new prosecution.

Id. at 1181.

Defendant Verdugo's and Lopez' requests amount to nothing more than a request for wholesale discovery of the government's evidence, which is not the purpose of a bill of particulars.  The indictment is sufficiently specific to apprise the defendants of the nature of the charges and to avoid double jeopardy.  The approximate 2,500 pages of discovery will certainly assist the defendants in the preparation of their defense and minimize any unfair surprise at trial.  Defendants' requests should therefore be denied.

Request For Information Regarding

Felony Murder Count

Defedant Verdugo in requests numbers eighteen, nineteen, twenty, twenty-one and twenty-two ask for information regarding count five which alleges a violation of 18 U.S.C. § 1111, 1114, 2 and 3:  Felony Murder of a Federal Agent.  Defendant Lopez' request number nine asks for the government to explain more fully

-23-

1   defendant Lopez' role in the murder of Special Agent Camarena.

2   Defendant Verdugo's and Lopez' requests reveal a basic

3   misunderstanding of the theory of the governments case as it

4   relates to the murder of Special Agent Camarena.

5       Defendant Verdugo's request number eighteen asks for the

6   government's theory of the case regarding the murder.   The

7   government's theory is clearly spelled out in count five.

8   Defendants are charged with first degree murder under the Felony

9   Murder Rule, 18 U.S.C. § 1111.   The government alleges that

10  Special Agent Camarena was murdered during the perpetration of

11  kidnapping.   Consequently, under the felony murder rule, 18

12  U.S.C.   § 1111, the defendants who participated in the kidnapping

13  of Special Agent Camarena are also criminally responsible for his

14  murder.   United States v. Lilly, 512 F.2d 1259 (9th Cir. 1975).

15      Defendant Verdugo's requests numbers twenty-one and

16  twenty-two ask for the disclosure of the government's evidence

17  which will be offered at trial to prove actual premediation and

18  malice aforethought.   First, the government is not required to

19  disclose the evidence it intends to introduce at trial.   United

20  States v. Ryland, 806 F.2d 941 (9th Cir. 1986).   Next, as

21  previously discussed in the Government's Opposition To

22  Defendant's Motion To Dismiss Count Five For Failure To State An

23  Offense, premeditation and malice aforethought are implied from

24  the commission of the underlying felony to kidnap.   United States

25  v. Ornelas, 236 F.2d 392 (9th Cir. 1956); United States v. Lilly,

26  512 F.2d 1259 (9th Cir. 1975); United States v. Fuller, 407 F.2d

27  1199 (D.C. Cir. 1968).   The government only need prove the

28  underlying felony to kidnap to establish premeditation and malice

-24-

In response to request number twenty, as previously stated, Count five alleges a violation of first degree murder. Defendant Verdugo's request number nineteen and Lopez' request number nine for evidence regarding the murder of Special Agent Camarena, are wholesale discovery requests which the government is not required to disclose under Rule 7(f), Fed. R. Crim. P. United States v. Giese, 597 F.2d 1170 (9th Cir.), cert. denied, 444 U.S. 979 (1979); United States v. Anderson, 799 F.2d 1438 (11th Cir. 1986).

### Request For The Manner And Means In
### Which The Offenses Were Committed

In requests numbers seven, sixteen and seventeen, defendant Verdugo asks for the government to specify "the manner in which and all actions by defendant Verdugo" which contributed to the kidnapping, interrogation and murder of Special Agent Camarena. Defendant Lopez' requests numbers eleven, eighteen, nineteen, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six and twenty-eight, ask for information regarding "how" defendant Lopez allegedly participated in the kidnapping, torture, interrogation, and murder of Special Agent Camarena and Zavala, and what defendant Lopez did as an accessory-after-the-fact to assist co-defendant Caro-Quintero. The Ninth Circuit has consistently held that defendant is not entitled to know all the evidence the government intends to introduce at trial, but only the theory of the government's case. United States v. Ryland, 806 F.2d 940, 942 (9th Cir. 1986); United States v. Giese, 597 F.2d 1170, 1181 (9th Cir.), cert. denied, 444 U.S. 979 (1979); Cook v. United States, 354 F.2d 529 (9th Cir. 1965).

The concern expressed by the Eleventh Circuit in <u>United States v. Anderson</u>, 799 F.2d 1438 (1986), that a bill of particulars could be used to bypass the Rule 16(b) restrictions on discovery, has proven valid in light of defendants' present requests.  Defendants' requests for information regarding the exact manner in which the defendants caused an act alleged in the indictment to be performed is "equivalent to a request for complete discovery of the government's evidence."  <u>Giese</u> at 1181.  Disclosure of the type of information requested would be unprecedented and would amount to a point by point revelation of each item of the government's proof.  Disclosure of these facts is not necessary to inform defendants of the nature of the charges against them.

In <u>United States v. Persico</u>, 621 F. Supp. 842 (S.D. N.Y. 1985), defendants made a similar request.  In denying the motion for bill of particulars the district court held:

> Several of the defendants seek
> specification, beyond that provided in the
> indictment, of the particular acts each is
> alleged to have participated in, had
> knowledge of, or for which he is being
> held responsible.  They are not entitled
> to know, however, the means by which it is
> claimed they performed acts in furtherance
> of the conspiracy nor evidence which the
> government intends to adduce to prove
> their criminal acts.  See <u>Shoher</u>, 555

-26-

1
2
3
4
5
        F.Supp. at 350; <u>United States v. Politi</u>,

        334 F.Supp. 1313, 1321 (S.D. N.Y. 1971),

        <u>aff'd</u>., 516 F.2d 897 (2nd Cir.), <u>cert</u>.

        <u>denied</u>, 423 U.S. 501, 96 S.Ct. 8, 46 L.

        Ed. 2d 244 (1975).

6
Id. at 868.

7
8
9
A similar request was denied by the district court in <u>United States v. Remy</u>, 658 F. Supp. 66, (S.D. N.Y. 1987). The district Court held:

10
11
12
13
        Furthermore, the government has no duty to

        disclose the precise manner in which the

        crimes alleged in the indictment were

        committed.

14
Id. at 670.

15
        <u>Request Regarding Whether Defendant</u>

16
        <u>Lopez Was A Principal or Aider and Abetter</u>

17
18
19
20
21
22
23
24
25
26
27
Defendant Lopez in requests numbers five, six, seven, eight, nine and ten asks for the government to specify whether defendant Lopez kidnapped, tortured, interrogated, murdered and/or transported the bodies of Special Agent Camarena and Zavala, or aided and abetted in the commission of the above-stated criminal acts. Defendant Lopez' requests in this respect are particularly curious since defendant Lopez received as early as December 1987, copies of the undercover tapes and transcripts wherein Lopez detailed his direct participation in the kidnapping and murder of Special Agent Camarena. Defendant Lopez states that he directly participated in the torture and interrogation of Special Agent

28
-27-

Camarena, and that he was present at 881 Lope de Vega where
Camarena was being held. Defendant Lopez further provided
extensive details regarding the torture techniques which Lopez
and others employed during the interrogation. Defendant Lopez
further discussed in detail the types of questions that were
asked Camarena during the interrogation.

Defendant Lopez' requests are simply an attempt to discover
what other incriminating evidence the government possesses. This
is of course is an improper request under a bill of particulars.
United States v. Ryland, 806 F.2d 941 (9th Cir. 1986). Based on
the discovery provided and a common sense, practical reading of
the second superseding indictment, defendant Lopez has been
sufficiently apprised of the charges against him and the
government's theory of the case. See United States v. Long, 706
F.2d 1044, 1054 (9th Cir. 1985).

## Defendant Lopez' Role In The Narcotics Enterprise

The balance of defendant Lopez' requests, twelve, thirteen,
fourteen, fifteen, sixteen, seventeen, twenty and twenty-one,
basically seek information regarding whether defendant Lopez
directly participated in any of the seven racketeering predicate
offenses alleged in either count one or two of the second
superseding indictment. Defendant Lopez further seeks
information regarding his alleged role in the narcotics
enterprise. In the Lopez undercover tapes, co-defendant Lopez
admitted to Special Agent Reynoso that he was a member of the
narcotics enterprise. Defendant Lopez further stated that as a
Mexican State judicial police officer he provided security and

-28-

protection for defendant Rafael Caro-Quintero and Ernesto Fonseca-Carrillo. Defendant Lopez stated that he was a "hitman" for the narcotics enterprise and handled "collection" problems for the narcotics organization. Defendant Lopez further attempted to sell undercover agent Reynoso multi-kilogram quantities of cocaine on behalf of the narcotics enterprise. Lopez stated that any narcotics transaction would ultimately have to be approved by the "bosses", referring to Caro-Quintero and Fonseca.

Defendant Lopez has been suffiently apprised of his role in the narcotic enterprise through the discovery provided, and by the allegations set forth in the second superseding indictment. Defendant Lopez has further been placed on notice as to his role in the kidnapping and murder. The government is not required to disclose evidence of the "when, where, and how" of every act in the furtherance of the conspiracy to kidnap, or in furtherance of the narcotics enterprise. United States v. Giese, 597 F.20 1170, 1181 (9th Cir.), cert. denied, 444 U.S. 979 (1979); United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978).

IV

CONCLUSION

For the reasons stated herein Defendants' Motions For a Bill of Particulars should be denied.

-29-

## CERTIFICATE OF SERVICE BY MAIL

I, Elizabeth Samaniego, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is Office of United States Attorney, United States Courthouse, 1400 U.S. Courthouse, 312 N. Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this certificate was made; that on May 17, 1988, I deposited in the United States mails in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-titled action, in an envelope bearing the requisite postage, a copy of GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS FOR A BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES addressed to:

SEE ATTACHED LISTING

at their last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on May 17, 1988 at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

UNITED STA.    v. RAFAEL CARO QUINTEL , et al.,
            NO. CR 87-422(A)-ER

Michael Pancer, Esq.
625 Broadway
Suite 1135
San Diego, CA 92101

Elsa Leyva, DFPD
Federal Public Defender's Office
312 N. Spring Street
15th Floor
Los Angeles, CA 90012

Don Randolph, Esq.
2566 Overland Avenue
7th Floor
Los Angeles, CA 90064