UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

- - -

HONORABLE EDWARD RAFEEDIE, JUDGE PRESIDING

- - -

*90-5000*

UNITED STATES OF AMERICA,          )
                                   )
          PLAINTIFF,               )
                                   )
     VS.                           )     NO. CR 87-422(F)-ER
                                   )
JUAN RAMON MATTA-BALLESTEROS,      )
DEL POZA, RUBEN ZUNO-ARCE,         )
JUAN JOSÉ BERNABE-RAMIREZ,         )
JAVIER VASQUEZ-VELASCO,            )
                                   )
          DEFENDANTS.              )
_____)

FILED
SEP 17 1990
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, JULY 16, 1990

VOLUME 31

Title 28
Copy

VELMA B. THOMAS, CSR, RPR
OFFICIAL COURT REPORTER
4255 WEST FIFTH STREET
SUITE 108
LOS ANGELES, CALIFORNIA 90020
(213) 386-4492
CSR NO. 2683

APPEARANCES:


FOR PLAINTIFF:

        ROBERT L. BROSIO
        UNITED STATES ATTORNEY
        MANUEL A. MEDRANO
        ASSISTANT UNITED STATES ATTORNEY
        JOHN L. CARLTON
        ASSISTANT UNITED STATES ATTORNEY
        1400 UNITED STATES COURTHOUSE
        312 NORTH SPRING STREET
        LOS ANGELES, CALIFORNIA 90012


FOR DEFENDANT ZUNO-ARCE:

        MITCHELL, SILBERBERG & KNUPP
        BY:  EDWARD M. MEDVENE, ESQ.
            JAMES E. BLANCARTE, ESQ.
            MARY E. FULGINITI, ESQ.
            RONALD A. DI NICOLA, ESQ.
        11388 WEST OLYMPIC BOULEVARD
        LOS ANGELES, CALIFORNIA 90064


FOR DEFENDANT MATTA:

        MARTIN R. STOLAR, ESQ.
        351 BROADWAY
        NEW YORK, NEW YORK 10013

        MICHAEL BURNS, ESQ.

        ADOLFO Z. AGUILA-ROJAS, P.A.
        ATTORNEY AT LAW
        6780 CORAL WAY
        SUITE 200
        MIAMI, FLORIDA 33155

APPEARANCES (CONTINUED):


FOR DEFENDANT BERNABE-RAMIREZ:

        MARY E. KELLY, ESQ.
        MICHAEL MEZA, ESQ.
        1901 AVENUE OF THE STARS
        SUITE 1708
        LOS ANGELES, CALIFORNIA 90067


FOR DEFENDANT VASQUEZ-VELASCO:

        GREGORY NICOLAYSEN, ESQ.
        8530 WILSHIRE BOULEVARD
        SUITE 404
        BEVERLY HILLS, CALIFORNIA 90211-4534

## I N D E X

PROCEEDINGS                                                    PAGE

MONDAY, JULY 16, 1990

JURY INSTRUCTIONS                                             31-2

31-2

LOS ANGELES, CALIFORNIA, MONDAY, JULY 16, 1990, 10:00 A.M.

1          THE CLERK:  CRIMINAL 87-422(F), UNITED STATES OF

2    AMERICA VS. RUBEN ZUNO-ARCE AND OTHERS.

3          THE COURT:  GOOD MORNING.  LADIES AND GENTLEMEN,

4    IT IS MY PLEASURE THIS MORNING TO INSTRUCT YOU IN THE LAW

5    THAT YOU MUST APPLY IN THIS CASE.  NOW THAT YOU HAVE HEARD

6    ALL THE EVIDENCE AND THE ARGUMENTS OF ATTORNEYS, IT IS THE

7    COURT'S DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO

8    THIS CASE.  A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE

9    IN THE JURY ROOM FOR YOU TO CONSULT IF YOU FIND IT

10   NECESSARY.

11          IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE

12   EVIDENCE IN THE CASE.  YOU REMEMBER MY TELLING YOU THAT

13   YOU ARE FACT FINDERS.  THAT IS BASICALLY WHAT YOU ARE HERE

14   FOR, TO RESOLVE WHAT THE FACTS ARE.  AND TO THOSE FACTS

15   YOU WILL APPLY THE LAW AS I GIVE IT TO YOU.  YOU MUST

16   FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH

17   IT OR NOT.

18          AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL

19   LIKES OR DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY.

20   THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE

21   EVIDENCE BEFORE YOU.  YOU WILL RECALL THAT YOU TOOK AN

22   OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

23          IN FOLLOWING MY INSTRUCTIONS YOU MUST FOLLOW ALL

24   OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS.  THEY

25   ARE ALL EQUALLY IMPORTANT.  AND YOU MUST NOT READ INTO

31-3

1    THESE INSTRUCTIONS OR INTO ANYTHING THE COURT MAY HAVE

2    SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD

3    RETURN.   THAT IS A MATTER ENTIRELY UP TO YOU.

4          THE INDICTMENT IN THIS CASE ACCUSES EACH

5    DEFENDANT WITH CERTAIN CRIMES.   EACH OF THE DEFENDANTS HAS

6    PLEADED NOT GUILTY TO THE CHARGES AGAINST HIM IN THE

7    INDICTMENT.

8          THE INDICTMENT IS NOT EVIDENCE.   THE DEFENDANT

9    IS PRESUMED TO BE INNOCENT AND DOES NOT HAVE TO TESTIFY OR

10   PRESENT ANY EVIDENCE TO PROVE INNOCENCE.   THE GOVERNMENT

11   HAS THE BURDEN OF PROVING EVERY ELEMENT OF EVERY CHARGE

12   BEYOND A REASONABLE DOUBT FOR EACH DEFENDANT.   IF IT FAILS

13   TO DO SO, YOU MUST RETURN A NOT GUILTY VERDICT.

14         THE LAW PRESUMES A DEFENDANT TO BE INNOCENT OF

15   CRIME.   THUS A DEFENDANT, ALTHOUGH ACCUSED, BEGINS THE

16   TRIAL WITH A CLEAN SLATE, WITH NO EVIDENCE AGAINST HIM.

17   AND THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED

18   BEFORE THE JURY TO BE CONSIDERED IN SUPPORT OF ANY CHARGE

19   AGAINST THE ACCUSED.   SO THE PRESUMPTION OF INNOCENCE

20   ALONE IS SUFFICIENT TO ACQUIT A DEFENDANT, UNLESS THE

21   JURORS ARE SATISFIED BEYOND A REASONABLE DOUBT OF THE

22   DEFENDANT'S GUILT AFTER CAREFUL AND IMPARTIAL

23   CONSIDERATION OF ALL THE EVIDENCE IN THE CASE.

24         IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE

25   GUILT BEYOND ALL POSSIBLE DOUBT.   THE TEST IS ONE OF

31-4

1    REASONABLE DOUBT.  A REASONABLE DOUBT IS A DOUBT BASED

2    UPON REASON AND COMMON SENSE AND MAY ARISE FROM A CAREFUL

3    AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE OR FROM

4    LACK OF EVIDENCE.  PROOF BEYOND A REASONABLE DOUBT IS

5    PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT

6    IS GUILTY.

7         IF, AFTER CAREFUL AND IMPARTIAL CONSIDERATION

8    WITH YOUR FELLOW JURORS OF ALL THE EVIDENCE, YOU ARE NOT

9    CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS

10   GUILTY, IT IS YOUR DUTY TO FIND THE DEFENDANT NOT GUILTY.

11   ON THE OTHER HAND, IF, AFTER A CAREFUL AND IMPARTIAL

12   CONSIDERATION WITH YOUR FELLOW JURORS OF ALL THE EVIDENCE,

13   YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT A

14   DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THAT

15   DEFENDANT GUILTY.

16        THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT

17   THE FACTS ARE CONSISTS OF THE SWORN TESTIMONY OF

18   WITNESSES, BOTH ON DIRECT AND CROSS-EXAMINATION,

19   REGARDLESS OF WHO CALLED THE WITNESS; THE EXHIBITS WHICH

20   HAVE BEEN RECEIVED INTO EVIDENCE; AND ANY FACTS TO WHICH

21   ALL THE LAWYERS HAVE AGREED OR STIPULATED.

22        THE LAW DOES NOT COMPEL A DEFENDANT IN A

23   CRIMINAL CASE TO TAKE THE WITNESS STAND AND TESTIFY, AND

24   NO PRESUMPTION OF GUILT MAY BE RAISED, AND NO INFERENCE OF

25   ANY KIND MAY BE DRAWN, FROM THE FAILURE OF A DEFENDANT TO

31-5

1    TESTIFY.

2            THE LAW NEVER IMPOSES UPON A DEFENDANT IN A

3    CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES

4    OR PRODUCING ANY EVIDENCE.

5            IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY

6    THE TESTIMONY AND EXHIBITS RECEIVED INTO EVIDENCE.

7    CERTAIN THINGS ARE NOT EVIDENCE, AND YOU MAY NOT CONSIDER

8    THEM IN DECIDING WHAT THE FACTS ARE.  I WILL LIST THEM FOR

9    YOU.

10            ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT

11    EVIDENCE.  THE LAWYERS ARE NOT WITNESSES.  WHAT THEY HAVE

12    SAID IN THEIR OPENING STATEMENTS, CLOSING ARGUMENTS AND AT

13    OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE

14    EVIDENCE, BUT IT IS NOT EVIDENCE.  IF THE FACTS AS YOU

15    REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS HAVE STATED

16    THEM, YOUR MEMORY OF THEM CONTROLS.

17            QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT

18    EVIDENCE.  ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO

19    OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE

20    RULES OF EVIDENCE.  YOU SHOULD NOT BE INFLUENCED BY THE

21    OBJECTION OR BY THE COURT'S RULING ON IT.

22            TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR

23    THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT

24    EVIDENCE AND MUST NOT BE CONSIDERED.  IN ADDITION, SOME

25    TESTIMONY AND EXHIBITS HAVE BEEN RECEIVED ONLY FOR A

31-6

1    LIMITED PURPOSE.  WHERE I HAVE GIVEN A LIMITING

2    INSTRUCTION, YOU MUST FOLLOW IT.

3           ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE

4    COURT WAS NOT IN SESSION IS NOT EVIDENCE.  YOU ARE TO

5    DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE

6    TRIAL.

7           EVIDENCE MAY BE DIRECT OR CIRCUMSTANTIAL.

8    DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS

9    TESTIMONY OF AN EYEWITNESS.  CIRCUMSTANTIAL EVIDENCE IS

10   INDIRECT EVIDENCE, THAT IS, PROOF OF A CHAIN OF FACTS FROM

11   WHICH YOU COULD FIND THAT ANOTHER FACT EXISTS, EVEN THOUGH

12   IT HAS NOT BEEN PROVED DIRECTLY.  YOU ARE TO CONSIDER BOTH

13   KINDS OF EVIDENCE.  THE LAW PERMITS YOU TO GIVE EQUAL

14   WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH

15   WEIGHT TO GIVE TO ANY EVIDENCE.

16          IN DECIDING WHAT THE FACTS ARE, YOU MUST

17   CONSIDER ALL THE EVIDENCE.  AND IN DOING THIS YOU MUST

18   DECIDE WHAT TESTIMONY TO BELIEVE AND WHAT TESTIMONY NOT TO

19   BELIEVE.  YOU MAY DISBELIEVE ALL OR ANY PART OF ANY

20   WITNESSES' TESTIMONY.  IN MAKING THAT DECISION YOU MAY

21   TAKE INTO ACCOUNT A NUMBER OF FACTORS, INCLUDING THE

22   FOLLOWING:

23          FIRST, WAS THE WITNESS ABLE TO SEE OR HEAR OR

24   KNOW THE THINGS ABOUT WHICH THAT WITNESS TESTIFIED?

25          HOW WELL WAS THE WITNESS ABLE TO RECALL AND

31-7

1    DESCRIBES THOSE THINGS?

2            WHAT WAS THE WITNESS'S MANNER WHILE TESTIFYING?

3            DID THE WITNESS HAVE AN INTEREST IN THE OUTCOME

4    OF THIS CASE OR ANY BIAS OR PREJUDICE CONCERNING ANY PARTY

5    OR ANY MATTER INVOLVED IN THE CASE?

6            HOW REASONABLE WAS THE WITNESS'S TESTIMONY

7    CONSIDERED IN LIGHT OF ALL THE EVIDENCE IN THE CASE?

8            WAS THE WITNESS'S TESTIMONY CONTRADICTED BY WHAT

9    THAT WITNESS HAS SAID OR DONE AT ANOTHER TIME OR BY THE

10   TESTIMONY OF OTHER WITNESSES OR BY OTHER EVIDENCE?

11           IF THE WITNESS IS SHOWN TO HAVE TESTIFIED

12   FALSELY CONCERNING ANY MATERIAL FACTS, YOU HAVE A RIGHT TO

13   DISTRUST THAT WITNESS'S TESTIMONY IN OTHER PARTICULARS,

14   AND YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR

15   GIVE IT SUCH CREDIBILITY AS YOU MAY THINK IT DESERVES.

16           IN DECIDING WHETHER OR NOT TO BELIEVE A WITNESS,

17   KEEP IN MIND THAT PEOPLE SOMETIMES FORGET THINGS.  YOU

18   NEED TO CONSIDER, THEREFORE, WHETHER A CONTRADICTION IS AN

19   INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL FALSEHOOD, AND

20   THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT

21   FACT OR WITH ONLY A SMALL DETAIL.

22           THE WEIGHT OF THE EVIDENCE PRESENTED BY EACH

23   SIDE DOES NOT NECESSARILY DEPEND ON THE NUMBER OF

24   WITNESSES TESTIFYING ON ONE SIDE OR THE OTHER.  YOU MUST

25   CONSIDER ALL THE EVIDENCE IN THE CASE, AND YOU MAY DECIDE

31-8

1  THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE

2  SIDE HAS GREATER WEIGHT THAN THAT OF A LARGER NUMBER ON

3  THE OTHER.

4       YOU SHOULD JUDGE THE TESTIMONY OF A DEFENDANT

5  JUST AS YOU SHOULD JUDGE THE TESTIMONY OF ANY OTHER

6  WITNESS.

7       YOU HAVE HEARD TESTIMONY THAT WITNESSES HAVE

8  RECEIVED COMPENSATION, IMMUNITY, AND OTHER BENEFITS FROM

9  THE GOVERNMENT IN CONNECTION WITH THIS CASE.  YOU SHOULD

10  EXAMINE THESE WITNESSES' TESTIMONY WITH GREATER CAUTION

11  THAN THAT OF ORDINARY WITNESSES.  IN EVALUATING THAT

12  TESTIMONY YOU SHOULD CONSIDER THE EXTENT TO WHICH IT MAY

13  HAVE BEEN INFLUENCED BY THE RECEIPT OF COMPENSATION,

14  IMMUNITY, OR OTHER BENEFITS FROM THE GOVERNMENT.

15       YOU ARE NOT REQUIRED TO ACCEPT TESTIMONY EVEN

16  THOUGH THE TESTIMONY IS UNCONTRADICTED AND THE WITNESS IS

17  NOT IMPEACHED.  YOU MAY DECIDE, BECAUSE OF THE WITNESS'S

18  BEARING AND DEMEANOR, OR BECAUSE OF THE INHERENT

19  IMPROBABILITY OF HIS TESTIMONY, OR FOR OTHER REASONS

20  SUFFICIENT TO YOU THAT SUCH TESTIMONY IS NOT WORTHY OF

21  BELIEF.

22       ON THE OTHER HAND, THE GOVERNMENT IS NOT

23  REQUIRED TO PROVE THE ESSENTIAL ELEMENTS OF THE OFFENSE AS

24  DEFINED IN THESE INSTRUCTIONS BY ANY PARTICULAR NUMBER OF

25  WITNESSES.  THE TESTIMONY OF A SINGLE WITNESS MAY BE

31-9

1    SUFFICIENT TO CONVINCE YOU BEYOND A REASONABLE DOUBT OF

2    THE EXISTENCE OF AN ESSENTIAL ELEMENT OF THE OFFENSE

3    CHARGED IF YOU BELIEVE THAT THE WITNESS HAS TRUTHFULLY AND

4    ACCURATELY RELATED WHAT IN FACT OCCURRED.

5            YOU ARE HERE ONLY TO DETERMINE WHETHER EACH OF

6    THE DEFENDANTS IS GUILTY OR NOT GUILTY OF THE CHARGES

7    AGAINST HIM IN THE INDICTMENT.  YOUR DETERMINATION MUST BE

8    MADE ONLY FROM THE EVIDENCE IN THE CASE.  THE DEFENDANTS

9    ARE NOT ON TRIAL FOR ANY CONDUCT OR OFFENSE NOT CHARGED IN

10   THE INDICTMENT.  YOU SHOULD CONSIDER EVIDENCE ABOUT THE

11   ACTS, STATEMENTS, AND INTENTIONS OF OTHERS OR EVIDENCE

12   THAT OTHER ACTS OF EACH OF THE DEFENDANTS ONLY AS THEY

13   RELATE TO THESE CHARGES AGAINST THAT DEFENDANT.

14           ONE OF THE WITNESSES, ENRIQUE PLACENCIA-AGUILAR,

15   TESTIFIED THAT A PHOTOGRAPH OF THE DEFENDANT JAVIER

16   VASQUEZ WAS SHOWN TO HIM BY THE DRUG ENFORCEMENT

17   ADMINISTRATION.  THE DEA COLLECTS PICTURES OF MANY PEOPLE

18   FROM MANY DIFFERENT SOURCES AND FOR MANY DIFFERENT

19   PURPOSES.  THE FACT THAT THE DEA HAD A PICTURE OF

20   MR. VASQUEZ DOES NOT MEAN THAT HE COMMITTED THIS OR ANY

21   OTHER CRIME.

22           NOW, A SEPARATE CRIME IS CHARGED AGAINST ONE OR

23   MORE OF THE DEFENDANTS IN EACH COUNT.  THE CHARGES HAVE

24   BEEN JOINED FOR TRIAL.  YOU MUST DECIDE THE CASE OF EACH

25   DEFENDANT ON EACH CRIME CHARGED AGAINST THAT DEFENDANT

31-10

1   SEPARATELY.  YOUR VERDICT ON ANY COUNT AS TO ANY DEFENDANT

2   SHOULD NOT CONTROL YOUR VERDICT ON ANY OTHER COUNT OR AS

3   TO ANY OTHER DEFENDANT.

4           ALL OF THE INSTRUCTIONS APPLY TO EACH DEFENDANT

5   AND TO EACH COUNT UNLESS A SPECIFIC INSTRUCTION STATES

6   THAT IT APPLIES ONLY TO A SPECIFIC DEFENDANT OR A SPECIFIC

7   COUNT.

8           YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE

9   CASE.  BUT IN YOUR CONSIDERATION OF THE EVIDENCE YOU ARE

10  NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES.  IN

11  OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE

12  AND HEAR AS THE WITNESSES TESTIFY.

13          YOU ARE PERMITTED TO DRAW FROM FACTS WHICH YOU

14  FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS SEEM

15  JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE.

16          INFERENCES ARE DEDUCTIONS OR CONCLUSIONS WHICH

17  REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM FACTS

18  WHICH HAVE BEEN ESTABLISHED BY THE EVIDENCE IN THE CASE.

19          YOU HAVE HEARD TESTIMONY THAT EACH OF THE

20  DEFENDANTS MADE A STATEMENT.  IT IS FOR YOU TO DECIDE

21  WHETHER THE DEFENDANT MADE THE STATEMENT AND, IF SO, HOW

22  MUCH WEIGHT TO GIVE TO IT.  IN MAKING THOSE DECISIONS YOU

23  SHOULD CONSIDER ALL OF THE EVIDENCE ABOUT THE STATEMENT,

24  INCLUDING THE CIRCUMSTANCES UNDER WHICH THE DEFENDANT MAY

25  HAVE MADE IT.

31-11

1        YOU HAVE HEARD TESTIMONY FROM PERSONS DESCRIBED

2   AS EXPERTS.  PERSONS WHO BY EDUCATION AND EXPERIENCE HAVE

3   BECOME EXPERT IN SOME FIELD MAY STATE THEIR OPINION ON

4   MATTERS IN THAT FIELD AND MAY ALSO STATE THEIR REASONS FOR

5   THE OPINION.

6        EXPERT TESTIMONY SHOULD BE JUDGED JUST LIKE ANY

7   OTHER TESTIMONY.  YOU MAY ACCEPT IT OR REJECT AND GIVE IT

8   AS MUCH WEIGHT AS YOU THINK IT DESERVES, CONSIDERING THE

9   WITNESS'S EDUCATION AND EXPERIENCE, THE REASONS GIVEN FOR

10   THE OPINION, AND ALL OTHER EVIDENCE IN THE CASE.

11        CERTAIN CHARTS AND SUMMARIES HAVE BEEN RECEIVED

12   INTO EVIDENCE TO ILLUSTRATE FACTS BROUGHT OUT IN THE

13   TESTIMONY OF SOME WITNESSES.  CHARTS AND SUMMARIES ARE

14   ONLY AS GOOD AS THE UNDERLYING EVIDENCE THAT SUPPORTS

15   THEM.  YOU SHOULD, THEREFORE, GIVE THEM ONLY SUCH WEIGHT

16   AS YOU THINK THE UNDERLYING EVIDENCE DESERVES.

17        YOU WILL NOTE THAT THE INDICTMENT CHARGES THAT

18   THE OFFENSES WERE COMMITTED ON OR ABOUT CERTAIN DATES.

19   THE PROOF NEED NOT ESTABLISH WITH CERTAINTY THE EXACT DATE

20   OF THE ALLEGED OFFENSE.  IT IS SUFFICIENT IF THE EVIDENCE

21   IN THE CASE ESTABLISHES BEYOND A REASONABLE DOUBT THAT THE

22   OFFENSES WERE COMMITTED ON A DATE OR DATES REASONABLY NEAR

23   THE DATES ALLEGED SO LONG AS SUCH DATE OR DATES WERE AFTER

24   OCTOBER 12, 1984.

25        I WILL NOW DESCRIBE FOR YOU THE CHARGES AGAINST

31-12

1  EACH DEFENDANT.

2          THE DEFENDANT JAVIER VASQUEZ-VELASCO IS CHARGED

3  IN COUNT 1 OF THE INDICTMENT WITH A VIOLENT ACT, BEING A

4  PRINCIPAL IN AND AIDING AND ABETTING THE MURDER OF JOHN

5  WALKER IN SUPPORT OF AN ENTERPRISE ENGAGED IN RACKETEERING

6  IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS

7  1959 AND 2; AND IN COUNT 2 OF THE INDICTMENT WITH A

8  VIOLENT ACT, BEING A PRINCIPAL AND AIDING AND ABETTING THE

9  MURDER OF ALBERTO RADELAT IN SUPPORT OF AN ENTERPRISE

10  ENGAGED IN RACKETEERING IN VIOLATION OF THE SAME STATUTE.

11  SO DEFENDANT VASQUEZ IS CHARGED IN COUNTS 1 AND 2 ONLY.

12          NO OTHER DEFENDANT WAS CHARGED IN THOSE COUNTS.

13          THE DEFENDANT JUAN RAMON MATTA-BALLESTEROS IS

14  CHARGED IN COUNT 3 OF THE INDICTMENT WITH A VIOLENT ACT,

15  THE KIDNAPPING AND MURDER OF SPECIAL AGENT ENRIQUE

16  CAMARENA-SALAZAR IN SUPPORT OF AN ENTERPRISE ENGAGED IN

17  RACKETEERING IN VIOLATION OF TITLE 18, UNITED STATES CODE,

18  SECTIONS 1959 AND 2.  THAT IS COUNT 3.  IN COUNT 5 OF THE

19  INDICTMENT WITH CONSPIRACY TO KIDNAP A FEDERAL AGENT IN

20  VIOLATION OF TITLE 18, UNITED STATE CODE, SECTION 1201(C),

21  AND IN COUNT 6 OF THE INDICTMENT WITH AIDING AND ABETTING

22  THE KIDNAPPING OF A FEDERAL AGENT ON ACCOUNT OF THE

23  PERFORMANCE OF HIS OFFICIAL DUTIES IN VIOLATION OF 18,

24  UNITED STATES CODE, SECTIONS 1201(A)(5) AND 2.  IN COUNT 7

25  OF THE INDICTMENT WITH MURDER OF SPECIAL AGENT ENRIQUE

31-13

1    CAMARENA-SALAZAR IN VIOLATION OF 18 UNITED STATES CODE

2    SECTIONS 1111(A), 1114, AND 2.  SO MR. MATTA IS CHARGED IN

3    COUNT 3, COUNT 5, COUNT 6, AND COUNT 7.

4            THE DEFENDANT RUBEN ZUNO-ARCE IS CHARGED IN

5    COUNT 3 OF THE INDICTMENT WITH A VIOLENT ACT, THE

6    KIDNAPPING AND MURDER OF SPECIAL AGENT ENRIQUE CAMARENA-

7    SALAZAR IN SUPPORT OF AN ENTERPRISE ENGAGED IN

8    RACKETEERING IN VIOLATION OF 18 USC, SECTIONS 1959 AND 2;

9    IN COUNT 5 OF THE INDICTMENT WITH CONSPIRACY TO KIDNAP A

10   FEDERAL AGENT IN VIOLATION OF 18 USC, SECTION 1201(C); AND

11   IN COUNT 6 OF THE INDICTMENT WITH AIDING AND ABETTING THE

12   KIDNAPPING OF A FEDERAL AGENT ON ACCOUNT OF THE

13   PERFORMANCE OF HIS OFFICIAL DUTIES IN VIOLATION OF 18 USC

14   1201(A)(5) AND 2.  THERE ARE THREE COUNTS AGAINST

15   MR. ZUNO.

16           THE DEFENDANT JUAN JOSE BERNABE-RAMIREZ IS

17   CHARGED IN COUNT 3 OF THE INDICTMENT WITH A VIOLENT ACT,

18   THE KIDNAPPING AND MURDER OF SPECIAL AGENT ENRIQUE

19   CAMARENA-SALAZAR, IN SUPPORT OF AN ENTERPRISE ENGAGED IN

20   RACKETEERING IN VIOLATION OF 18 USC, SECTIONS 1959 AND 2;

21   IN COUNT 4 OF THE INDICTMENT WITH A VIOLENT ACT IN SUPPORT

22   OF AN ENTERPRISE ENGAGED IN RACKETEERING IN VIOLATION OF

23   18 USC 1959 AND 2; IN COUNT 5 OF THE INDICTMENT WITH

24   CONSPIRACY TO KIDNAP A FEDERAL AGENT IN VIOLATION OF 18

25   USC, SECTION 1201(C); IN COUNT 6 OF THE INDICTMENT WITH

31-14

1   AIDING AND ABETTING THE KIDNAPPING OF A FEDERAL AGENT ON

2   ACCOUNT OF THE PERFORMANCE OF HIS OFFICIAL DUTIES IN

3   VIOLATION OF 18 USC 1201(A)(5) AND 2; IN COUNT 7 OF THE

4   INDICTMENT WITH THE MURDER OF SPECIAL AGENT ENRIQUE

5   CAMARENA-SALAZAR IN VIOLATION OF 18 USC 1111(A), 1114 AND

6   2; AND IN COUNT 8 OF THE INDICTMENT WITH BEING AN

7   ACCESSORY AFTER THE FACT TO THE KIDNAPPING AND MURDER OF

8   SPECIAL AGENT ENRIQUE CAMARENA-SALAZAR AND ALFREDO ZAVALA-

9   AVELAR IN VIOLATION OF 18 USC, SECTION 3.

10          NOW I AM GOING TO TELL YOU WHAT THESE COUNTS

11   ALLEGE.  COUNTS 1, 2, 3 AND 4 OF THE INDICTMENT CHARGE

12   VIOLATIONS OF TITLE 18, UNITED STATES CODE, SECTION 1959,

13   VIOLENT ACTS IN SUPPORT OF AN ENTERPRISE ENGAGED IN

14   RACKETEERING.

15          TITLE 18, UNITED STATES CODE, SECTION 1959,

16   PROVIDES IN PERTINENT PART AS FOLLOWS:

17          "WHOEVER, FOR THE PURPOSE OF GAINING

18          ENTRANCE TO OR MAINTAINING OR INCREASING

19          POSITION IN AN ENTERPRISE ENGAGED IN

20          RACKETEERING ACTIVITY, MURDERS OR KIDNAPS OR

21          CONSPIRES SO TO DO SHALL BE GUILTY OF AN OFFENSE

22          AGAINST THE UNITED STATES."

23          IN ORDER TO ESTABLISH THE OFFENSES CHARGED IN

24   COUNTS 1, 2, 3 AND 4 OF THE INDICTMENT, THE FOLLOWING

25   ESSENTIAL ELEMENTS MUST BE ESTABLISHED BEYOND A REASONABLE

31-15

1    DOUBT:

2            FIRST:  THE EXISTENCE OF AN ENTERPRISE ENGAGED

3    IN RACKETEERING ACTIVITY;

4            SECOND:  THE ACTIVITIES OF THE ENTERPRISE

5    AFFECTED INTERSTATE OR FOREIGN COMMERCE;

6            THIRD:  THE DEFENDANT ACTED WITH A PURPOSE TO

7    GAIN ENTRANCE TO OR MAINTAIN OR INCREASE POSITION IN THE

8    ENTERPRISE; AND

9            FOURTH:  EITHER THE DEFENDANT PARTICIPATED IN

10   THE COMMISSION OF THE VIOLENT ACT AS CHARGED OR THE

11   DEFENDANT AIDED AND ABETTED IN THE COMMISSION OF THE

12   VIOLENT ACTS AS CHARGED OR THAT THE DEFENDANT CONSPIRED IN

13   THE COMMISSION OF THE VIOLENT ACTS AS CHARGED.  THERE MUST

14   BE UNANIMOUS AGREEMENT AMONG THE JURORS THAT THE DEFENDANT

15   ENGAGED IN AT LEAST ONE OF THE TYPES OF CONDUCT DESCRIBED

16   ABOVE.  THAT IS, EITHER HE WAS A DIRECT PARTICIPANT OR

17   AIDED AND ABETTED OTHERS IN COMMITTING THE VIOLENT ACTS OR

18   THAT HE CONSPIRED IN THE COMMISSION OF THE VIOLENT ACTS.

19           IN ORDER TO FIND THE DEFENDANT GUILTY ON COUNT 3

20   ON THE BASIS OF CONSPIRING IN THE COMMISSION OF THE

21   VIOLENT ACTS AS CHARGED, YOU MUST DECIDE WHETHER THE

22   CONSPIRACY CHARGED IN COUNT 3 EXISTED AND, IF IT DID

23   EXIST, WHO AT LEAST SOME OF ITS MEMBERS WERE.  IF YOU FIND

24   THE CONSPIRACY CHARGED IN COUNT 3 DID NOT EXIST, THEN YOU

25   CANNOT RETURN A GUILTY VERDICT ON THIS COUNT BASED ON THE

31-16

1    CONDUCT OF CONSPIRING, EVEN THOUGH YOU MAY FIND THAT SOME

2    OTHER CONSPIRACY EXISTED.

3              SIMILARLY, IF YOU FIND THAT ANY DEFENDANT WAS

4    NOT A MEMBER OF THE CONSPIRACY CHARGED IN COUNT 3, THEN

5    YOU CANNOT RETURN A GUILTY VERDICT ON THIS COUNT BASED ON

6    THE CONDUCT OF CONSPIRING, EVEN THOUGH THE DEFENDANT MAY

7    HAVE BEEN A MEMBER OF SOME OTHER CONSPIRACY.

8              THE TERM ENTERPRISE AS DEFINED BY TITLE 18,

9    UNITED STATES CODE, SECTION 1959(B)(2), INCLUDES ANY

10   PARTNERSHIP, CORPORATION, ASSOCIATION, OR OTHER LEGAL

11   ENTITY, AND UNION OR GROUP OF INDIVIDUALS ASSOCIATED IN

12   FACT, ALTHOUGH NOT A LEGAL ENTITY, WHICH IS ENGAGED IN OR

13   THE ACTIVITIES OF WHICH AFFECT INTERSTATE OR FOREIGN

14   COMMERCE.

15             YOU MUST DECIDE WHETHER THE ENTERPRISE CHARGED

16   IN THE INDICTMENT EXISTED, AND, IF IT DID, WHO AT LEAST

17   SOME OF ITS MEMBERS WERE.  IF YOU FIND THAT THE ENTERPRISE

18   CHARGED DID NOT EXIST, THEN YOU MUST RETURN A NOT GUILTY

19   VERDICT, EVEN THOUGH YOU MAY FIND THAT SOME OTHER

20   ENTERPRISE EXISTED.

21             SIMILARLY, IF YOU FIND THAT ANY DEFENDANT DID

22   NOT CONSPIRE TO COMMIT OR COMMIT THE VIOLENT ACTS CHARGED

23   IN COUNT 1 THROUGH 4 TO GAIN ENTRANCE TO OR TO  MAINTAIN

24   OR INCREASE POSITION IN THE ENTERPRISE CHARGED, THEN YOU

25   MUST FIND THE DEFENDANT NOT GUILTY, EVEN THOUGH THAT

31-17

1    DEFENDANT MAY HAVE CONSPIRED TO COMMIT OR COMMITTED THOSE

2    ACTS IN CONNECTION WITH SOME OTHER ENTERPRISE NOT CHARGED.

3         EVEN IF YOU FIND THAT A PARTICULAR DEFENDANT WAS

4    A MEMBER OF THE CHARGED ENTERPRISE, THAT DOES NOT BY

5    ITSELF MEAN THAT THE DEFENDANT PARTICIPATED IN ANY WAY IN

6    THE KIDNAPPING AND MURDER OF ENRIQUE CAMARENA.  YOU MUST,

7    IN ADDITION, SEPARATELY FIND THAT THE DEFENDANT EITHER

8    PARTICIPATED, AIDED AND ABETTED, OR CONSPIRED TO COMMIT

9    THE VIOLENT ACTS AS CHARGED.  IF YOU DO NOT, YOU MUST FIND

10   THE DEFENDANT NOT GUILTY.

11        THE TERM RACKETEERING ACTIVITY AS DEFINED IN

12   TITLE 18, UNITED STATES CODE, SECTION 1961(1) INCLUDES THE

13   FELONIOUS, MANUFACTURE, IMPORTATION, RECEIVING,

14   CONCEALMENT, BUYING, SELLING, OR OTHERWISE DEALING IN

15   NARCOTIC OR OTHER DANGEROUS DRUGS PUNISHABLE UNDER ANY LAW

16   OF THE UNITED STATES.

17        YOU ARE INSTRUCTED THAT THE IMPORTATION,

18   SMUGGLING INTO THE UNITED STATES, POSSESSION, AND

19   DISTRIBUTION OF MARIJUANA AND COCAINE ARE PUNISHABLE UNDER

20   THE LAW OF THE UNITED STATES.

21        THE GOVERNMENT IS REQUIRED TO SHOW BEYOND A

22   REASONABLE DOUBT THAT THE ENTERPRISE IS ENGAGED IN OR

23   AFFECTS INTERSTATE COMMERCE OR FOREIGN COMMERCE.

24   INTERSTATE COMMERCE MEANS COMMERCE BETWEEN THE SEVERAL

25   STATES.  FOREIGN COMMERCE MEANS COMMERCE BETWEEN TWO OR

31-18

1    MORE COUNTRIES.

2              INTENT ORDINARILY MAY NOT BE PROVED DIRECTLY

3    BECAUSE THERE IS NO WAY OF FATHOMING OR SCRUTINIZING THE

4    OPERATIONS OF THE HUMAN MIND.  BUT YOU MAY INFER A

5    DEFENDANT'S INTENT FROM THE SURROUNDING CIRCUMSTANCES.

6    YOU MAY CONSIDER ANY STATEMENT MADE AND DONE OR OMITTED BY

7    THE DEFENDANT AND ALL OTHER FACTS AND CIRCUMSTANCES IN

8    EVIDENCE WHICH INDICATE HIS STATE OF MIND.

9              YOU MAY CONSIDER IT REASONABLE TO DRAW THE

10   INFERENCE AND FIND THAT A PERSON INTENDS THE NATURAL AND

11   PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY

12   OMITTED.  AS I HAVE SAID, IT IS ENTIRELY UP TO YOU TO

13   DECIDE WHAT FACTS TO FIND FROM THE EVIDENCE.

14             AN ACT IS DONE KNOWINGLY IF THE DEFENDANT IS

15   AWARE OF THE ACT AND DOES NOT ACT THROUGH IGNORANCE,

16   MISTAKE OR ACCIDENT.  THE GOVERNMENT IS NOT REQUIRED TO

17   PROVE THAT THE DEFENDANT KNEW THAT HIS ACTS WERE UNLAWFUL.

18   YOU MAY CONSIDER EVIDENCE OF THE DEFENDANT'S WORDS OR ACTS

19   ALONG WITH ALL OTHER EVIDENCE IN DECIDING WHETHER THE

20   DEFENDANT ACTED KNOWINGLY.

21             TITLE 18, UNITED STATES CODE, SECTION 2 PROVIDES

22   IN PERTINENT PART AS FOLLOWS:

23             "WHOEVER COMMITS AN OFFENSE AGAINST THE

24        UNITED STATES OR AIDS, ABETS, COUNSELS,

25        COMMANDS, INDUCES, OR PROCURES ITS COMMISSION IS

31-19

1    PUNISHABLE AS A PRINCIPAL.  AND WHOEVER

2    WILLFULLY CAUSES AN ACT TO BE DONE WHICH IS

3    DIRECTLY PERFORMED BY HIM OR ANOTHER WOULD BE AN

4    OFFENSE AGAINST THE UNITED STATES IS PUNISHABLE

5    AS A PRINCIPAL."

6         TO PROVE A DEFENDANT GUILTY OF AIDING AND

7    ABETTING THE GOVERNMENT MUST PROVE BEYOND A REASONABLE

8    DOUBT:

9         FIRST:  THAT THE OFFENSE WAS COMMITTED;

10        SECOND:  THAT THE DEFENDANT KNOWINGLY AND

11   INTENTIONALLY AIDED, COUNSELED, COMMANDED, INDUCED, OR

12   PROCURED ANOTHER PERSON OR PERSONS TO COMMIT THE OFFENSE;

13   AND

14        THIRD:  THE DEFENDANT ACTED BEFORE THE CRIME WAS

15   COMPLETED.

16        IT IS NOT ENOUGH THAT THE DEFENDANT MERELY

17   ASSOCIATED WITH THE PERSON OR PERSONS WHO COMMITTED THE

18   CRIME OR WAS PRESENT AT THE SCENE OF THE CRIME OR

19   UNKNOWINGLY OR UNINTENTIONALLY DID THINGS THAT WERE

20   HELPFUL TO THE PRINCIPAL.

21        THE EVIDENCE MUST SHOW BEYOND A REASONABLE DOUBT

22   THAT THE DEFENDANT ACTED WITH THE KNOWLEDGE AND INTENTION

23   OF HELPING COMMIT THE CRIME.

24        A DEFENDANT MAY BE FOUND GUILTY OF CONSPIRING TO

25   VIOLATE TITLE 18, UNITED STATES CODE, SECTION 1959, AS

31-20

1    CHARGED IN COUNT 3.  IN ORDER FOR A DEFENDANT TO BE FOUND

2    GUILTY OF THAT CHARGE THE GOVERNMENT MUST PROVE EACH OF

3    THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

4         FIRST:  BEGINNING AT A TIME UNKNOWN AND

5    CONTINUING TO ON OR ABOUT FEBRUARY 9, 1985, THERE WAS AN

6    AGREEMENT TO COMMIT THE OFFENSE OR OBJECTS ALLEGED IN

7    COUNT 3:  TO KIDNAP AND MURDER AN AGENT OF THE UNITED

8    STATES DRUG ENFORCEMENT AGENCY FOR THE PURPOSE OF

9    MAINTAINING OR INCREASING POSITION IN AN ENTERPRISE

10   ENGAGED IN RACKETEERING ACTIVITY;

11        SECOND:  THE DEFENDANT WAS A MEMBER OF THE

12   CONSPIRACY AFTER THE LAW CAME INTO EFFECT ON OCTOBER 12,

13   1984, KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING

14   TO HELP ACCOMPLISH IT;

15        THIRD:  ONE OF THE MEMBERS OF THE CONSPIRACY

16   PERFORMED AT LEAST ONE OVERT ACT FOR THE PURPOSE OF

17   CARRYING OUT THE CONSPIRACY AFTER OCTOBER 12, 1984, AND

18   WHILE THE DEFENDANT WAS A MEMBER OF THE CONSPIRACY WITH

19   ALL OF YOU AGREEING ON A PARTICULAR OVERT ACT THAT YOU

20   FIND WAS COMMITTED.

21        I WILL DISCUSS WITH YOU BRIEFLY THE LAW RELATING

22   TO EACH OF THESE FOUR ELEMENTS -- TO EACH OF THESE

23   ELEMENTS.

24        A CONSPIRACY IS A KIND OF CRIMINAL

25   PARTNERSHIP -- AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO

31-21

1    COMMIT ONE OR MORE CRIMES.  THE CRIME IS THE AGREEMENT TO

2    DO SOMETHING UNLAWFUL; IT DOES NOT MATTER WHETHER THE

3    CRIME AGREED UPON WAS COMMITTED.

4         FOR A CONSPIRACY TO HAVE EXISTED, IT IS NOT

5    NECESSARY THAT THE CONSPIRATORS MADE A FORMAL AGREEMENT OR

6    THAT THEY AGREED ON EVERY DETAIL OF THE CONSPIRACY.  BUT

7    IT IS NOT ENOUGH THAT THEY SIMPLY MET, DISCUSSED MATTERS

8    OF COMMON INTEREST, ACTED IN SIMILAR WAYS OR PERHAPS

9    HELPED ONE ANOTHER.  YOU MUST FIND BEYOND A REASONABLE

10   DOUBT THAT THERE WAS A JOINT PLAN TO KIDNAP A FEDERAL

11   AGENT.

12        ONE BECOMES A MEMBER OF A CONSPIRACY BY

13   WILLFULLY PARTICIPATING IN THE UNLAWFUL PLAN WITH THE

14   INTENT TO ADVANCE OR FURTHER SOME OBJECT OR PURPOSE OF THE

15   CONSPIRACY, EVEN THOUGH THE PERSON DOES NOT HAVE FULL

16   KNOWLEDGE OF ALL THE DETAILS OF THE CONSPIRACY.

17   FURTHERMORE, ONE WHO WILLFULLY JOINS AN EXISTING

18   CONSPIRACY IS CHARGED WITH THE SAME RESPONSIBILITY AS IF

19   THAT PERSON HAD BEEN ONE OF THE ORIGINATORS OF IT.

20        ON THE OTHER HAND, ONE WHO HAS NO KNOWLEDGE OF A

21   CONSPIRACY, BUT HAPPENS TO ACT IN A WAY WHICH FURTHERS

22   SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY

23   BECOME A MEMBER MERELY BY ASSOCIATING WITH ONE OR MORE

24   PERSONS WHO ARE CONSPIRATORS, NOR MERELY BY KNOWING OF THE

25   EXISTENCE OF A CONSPIRACY.

31-22

1    AN OVERT ACT DOES NOT ITSELF HAVE TO BE

2 UNLAWFUL.  A LAWFUL ACT MAY BE AN ELEMENT OF A CONSPIRACY

3 IF IT WAS DONE FOR THE PURPOSE OF CARRYING OUT THE

4 CONSPIRACY.  THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT

5 THE DEFENDANT PERSONALLY DID ONE OF THE OVERT ACTS.  ONCE

6 YOU HAVE DECIDED THAT THE DEFENDANT WAS A MEMBER OF A

7 CONSPIRACY, THE DEFENDANT IS RESPONSIBLE FOR WHAT OTHER

8 CONSPIRATORS SAID OR DID TO CARRY OUT THE CONSPIRACY,

9 WHETHER OR NOT THE DEFENDANT KNEW WHAT THEY SAID OR DID.

10    A CONSPIRACY MAY CONTINUE FOR A LONG PERIOD OF

11 TIME AND MAY INCLUDE THE PERFORMANCE OF MANY TRANSACTIONS.

12 IT IS NOT NECESSARY THAT ALL MEMBERS OF THE CONSPIRACY

13 JOIN IT AT THE SAME TIME, AND ONE MAY BECOME A MEMBER OF A

14 CONSPIRACY WITHOUT FULL KNOWLEDGE OF ALL THE DETAILS OF

15 THE UNLAWFUL SCHEME OR THE NAMES, IDENTITIES, OR LOCATIONS

16 OF ALL OF THE OTHER MEMBERS.

17    EVEN THOUGH A DEFENDANT DID NOT DIRECTLY

18 CONSPIRE WITH OTHER CONSPIRATORS IN THE OVERALL SCHEME,

19 THE DEFENDANT WOULD, IN EFFECT, HAVE AGREED TO PARTICIPATE

20 IN THE CONSPIRACY IF THE GOVERNMENT PROVES BEYOND A

21 REASONABLE DOUBT THAT THE DEFENDANT DIRECTLY CONSPIRED

22 WITH ONE OR MORE CONSPIRATORS TO CARRY OUT AT LEAST ONE OF

23 THE OBJECTS OF THE CONSPIRACY AND, SECOND, THAT THE

24 DEFENDANT KNEW OR HAD REASON TO KNOW THAT OTHER

25 CONSPIRATORS WERE INVOLVED WITH THOSE WITH WHOM THE

31-23

1    DEFENDANT DIRECTLY CONSPIRED AND, THREE, THE DEFENDANT HAD

2    REASON TO BELIEVE THAT WHATEVER BENEFITS THE DEFENDANT

3    MIGHT GET FROM THE CONSPIRACY WERE PROBABLY DEPENDENT UPON

4    THE SUCCESS OF THE ENTIRE VENTURE.

5            IT IS NO DEFENSE THAT A PERSON'S PARTICIPATION

6    IN A CONSPIRACY WAS MINOR OR FOR A SHORT PERIOD OF TIME.

7            COUNT 5 CHARGES DEFENDANTS JUAN RAMON MATTA-

8    BALLESTEROS, RUBEN ZUNO-ARCE, AND JUAN JOSE BERNABE-

9    RAMIREZ WITH CONSPIRACY TO KIDNAP A FEDERAL AGENT IN

10   VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1201.

11           TITLE 18, UNITED STATES CODE, SECTION 1201,

12   PROVIDES IN PART AS FOLLOWS:

13           "WHOEVER UNLAWFULLY SEIZES, CONFINES,

14       KIDNAPS, ABDUCTS, OR CARRIES AWAY AND HOLDS FOR

15       RANSOM OR REWARD OR OTHERWISE ANY PERSON WHERE

16       THE PERSON IS AMONG THOSE OFFICERS AND EMPLOYEES

17       DESIGNATED IN SECTION 1114 OF THIS TITLE, SUCH

18       AS A SPECIAL AGENT OF THE DRUG ENFORCEMENT

19       ADMINISTRATION, AND ANY SUCH ACT AGAINST THE

20       PERSON IS DONE ON ACCOUNT OF THE PERFORMANCE OF

21       HIS OFFICIAL DUTIES SHALL BE GUILTY OF AN

22       OFFENSE AGAINST THE UNITED STATES.

23           "IF TWO OR MORE PERSONS CONSPIRE TO VIOLATE

24       THIS SECTION AND ONE OR MORE OF SUCH PERSONS DO

25       ANY OVERT ACT TO EFFECT THE OBJECT OF THE

31-24

1    CONSPIRACY, EACH SHALL BE GUILTY OF AN OFFENSE

2    AGAINST THE LAWS OF THE UNITED STATES."

3         IN REGARD TO COUNT 5, IN ORDER TO RETURN A

4    GUILTY VERDICT AS TO A PARTICULAR DEFENDANT, YOU MUST FIND

5    THAT THAT DEFENDANT WAS A MEMBER OF THE CONSPIRACY AFTER

6    THE LAW CAME INTO EFFECT ON OCTOBER 12, 1984, AND THAT AT

7    LEAST ONE MEMBER OF THE CONSPIRACY COMMITTED AN ACT IN

8    FURTHERANCE OF THE CONSPIRACY AFTER OCTOBER 12, 1984, AND

9    WHILE THE DEFENDANT WAS A MEMBER OF THE CONSPIRACY.  IF

10   YOU DO NOT SO FIND, YOU MUST FIND THAT DEFENDANT NOT

11   GUILTY.

12        TO KIDNAP MEANS TO FORCIBLY AND UNLAWFULLY

13   ABDUCT OR STEAL OR CARRY AWAY A PERSON AND DETAIN OR KEEP

14   OR CONFINE HIM AGAINST HIS WILL.

15        YOU MUST DECIDE WHETHER THE CONSPIRACY CHARGED

16   IN COUNT 5 EXISTED AND, IF IT DID, WHO AT LEAST SOME OF

17   ITS MEMBERS WERE.  IF YOU FIND THE CONSPIRACY CHARGED IN

18   COUNT 5 DID NOT EXIST, THEN YOU MUST RETURN A NOT GUILTY

19   VERDICT ON THAT COUNT, EVEN THOUGH YOU MAY FIND THAT SOME

20   OTHER CONSPIRACY EXISTED.

21        SIMILARLY, IF YOU FIND THAT ANY DEFENDANT WAS

22   NOT A MEMBER OF THE CONSPIRACY CHARGED IN COUNT 5, THEN

23   YOU MUST FIND THE DEFENDANT NOT GUILTY ON THAT COUNT, EVEN

24   THOUGH THE DEFENDANT MAY HAVE BEEN A MEMBER OF SOME OTHER

25   CONSPIRACY.

31-25

1     MERE PRESENCE AT THE SCENE OF THE CRIME AND

2    KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE NOT

3    SUFFICIENT TO ESTABLISH THAT THE DEFENDANT AIDED AND

4    ABETTED THE CRIME UNLESS YOU FIND BEYOND A REASONABLE

5    DOUBT THAT THE DEFENDANT WAS A PARTICIPANT AND NOT MERELY

6    A KNOWING SPECTATOR.

7     COUNT 6 CHARGES DEFENDANTS JUAN RAMON MATTA-

8    BALLESTEROS, RUBEN ZUNO-ARCE AND JUAN JOSE BERNABE-RAMIREZ

9    WITH VIOLATING TITLE 18, UNITED STATES CODE, SECTION

10   1201(A)(5) AND SECTION 2 IN RELATION TO THE KIDNAPPING OF

11   DRUG ENFORCEMENT ADMINISTRATION SPECIAL AGENT ENRIQUE

12   CAMARENA-SALAZAR.

13    FIVE ELEMENTS ARE REQUIRED TO BE PROVED IN ORDER

14   TO ESTABLISH THAT A DEFENDANT COMMITTED THE OFFENSE OF

15   KIDNAP AS CHARGED IN COUNT 6:

16    FIRST:  THE DEFENDANT PARTICIPATED OR AIDED AND

17   ABETTED THE SEIZURE, CONFINEMENT, KIDNAPPING OR CARRYING

18   AWAY OF ENRIQUE CAMARENA-SALAZAR;

19    SECOND:  THAT THE DEFENDANT'S PARTICIPATION OR

20   AIDING AND ABETTING OCCURRED ON OR AFTER OCTOBER 12, 1984;

21    THIRD:  AT THE TIME OF SUCH CONDUCT, ENRIQUE

22   CAMARENA-SALAZAR WAS A SPECIAL AGENT OF THE DRUG

23   ENFORCEMENT ADMINISTRATION;

24    FOURTH:  THE DEFENDANT ACTED WHILE ENRIQUE

25   CAMARENA WAS ENGAGED IN, OR ON ACCOUNT OF, THE PERFORMANCE

31-26

1    OF OFFICIAL DUTIES; AND

2        FIFTH:   THE DEFENDANTS HELD ENRIQUE CAMARENA FOR

3    RANSOM, REWARD, OR OTHER BENEFIT.

4        EACH MEMBER OF A CONSPIRACY IS RESPONSIBLE FOR

5    THE ACTIONS OF OTHER MEMBERS PERFORMED DURING THE COURSE

6    AND IN FURTHERANCE OF THE CONSPIRACY.  IF ONE MEMBER OF A

7    CONSPIRACY COMMITS A CRIME IN FURTHERANCE OF A CONSPIRACY,

8    THE OTHER MEMBERS HAVE ALSO, UNDER THE LAW, COMMITTED THE

9    CRIME.   THEREFORE, YOU MAY FIND THE DEFENDANT GUILTY OF

10   KIDNAPPING OF A DRUG ENFORCEMENT ADMINISTRATION SPECIAL

11   AGENT, AS CHARGED IN COUNT 6 OF THE INDICTMENT, IF THE

12   GOVERNMENT HAS PROVED EACH OF THE FOLLOWING ELEMENTS

13   BEYOND A REASONABLE DOUBT:

14       FIRST:   THE DEFENDANT WAS A MEMBER OF THE

15   CONSPIRACY AFTER THE LAW CAME INTO EFFECT ON OCTOBER 12,

16   1984;

17       SECOND:   A PERSON NAMED IN COUNT 6 OF THE

18   INDICTMENT AIDED, ABETTED, COUNSELED, INDUCED, PROCURED,

19   CAUSED OR OTHERWISE WILLFULLY PARTICIPATED IN UNLAWFULLY

20   SEIZING, CONFINING, KIDNAPPING OR CARRYING AWAY SPECIAL

21   AGENT ENRIQUE CAMARENA WHILE SPECIAL AGENT ENRIQUE

22   CAMARENA WAS ENGAGED IN, OR ON ACCOUNT OF, THE PERFORMANCE

23   OF HIS OFFICIAL DUTIES AFTER OCTOBER 12, 1984, AND WHILE

24   THE DEFENDANT WAS A MEMBER OF THE CONSPIRACY;

25       THIRD:   THE PERSON WAS A MEMBER OF THE

31-27

1   CONSPIRACY CHARGED IN COUNT 6 OF THE INDICTMENT; AND

2           FOURTH:   THE PERSON ACTED IN FURTHERANCE OF A

3   CONSPIRACY.

4           COUNT 7 CHARGES DEFENDANTS JUAN RAMON MATTA-

5   BALLESTEROS AND JUAN JOSE BERNABE-RAMIREZ WITH MURDER AS A

6   CONSEQUENCE OF THEIR PARTICIPATION AND PERPETRATION OF

7   KIDNAPPING SPECIAL AGENT ENRIQUE CAMARENA.

8           UNITED STATES CODE, SECTION 1111 PROVIDES IN

9   PERTINENT PART:

10          "MURDER IS THE UNLAWFUL KILLING OF A HUMAN

11      BEING WITH MALICE AFORETHOUGHT.  EVERY MURDER

12      COMMITTED IN THE PERPETRATION OF KIDNAPPING IS

13      MURDER IN THE FIRST DEGREE.  WHOEVER IS GUILTY

14      OF MURDER IN THE FIRST DEGREE SHALL BE GUILTY OF

15      AN OFFENSE AGAINST THE UNITED STATES."

16          THE FOLLOWING ESSENTIAL ELEMENTS ARE REQUIRED TO

17  BE PROVED IN ORDER TO ESTABLISH THE OFFENSE OF FELONY

18  MURDER CHARGED IN COUNT 7 OF THE INDICTMENT:

19          FIRST:   THAT DRUG ENFORCEMENT ADMINISTRATION

20  SPECIAL AGENT ENRIQUE CAMARENA WAS KILLED;

21          SECOND:   THAT HE WAS KILLED WITH MALICE

22  AFORETHOUGHT;

23          THIRD:   THAT SUCH ACT WAS DONE IN THE

24  PERPETRATION OF THE KIDNAPPING, UNLAWFUL SEIZURE, OR

25  CONFINEMENT OF AGENT ENRIQUE CAMARENA; AND

31-28

1        FOURTH:  THAT THE DEFENDANT DIRECTLY

2   PARTICIPATED IN SUCH ACT OR ACTS OR AIDED AND ABETTED THE

3   COMMISSION OF SUCH ACTS WITH THE INTENT TO PERPETRATE THE

4   KIDNAPPING; AND

5        FIFTH:  THAT THE DEFENDANT'S PARTICIPATION OR

6   AIDING AND ABETTING OCCURRED ON OR AFTER OCTOBER 12, 1984.

7        TO KILL WITH MALICE AFORETHOUGHT MEANS TO KILL

8   EITHER DELIBERATELY AND INTENTIONALLY OR RECKLESSLY WITH

9   EXTREME DISREGARD FOR HUMAN LIFE.

10        MALICE AFORETHOUGHT MAY BE INFERRED IF YOU FIND

11   THAT THE KILLING WAS COMMITTED DURING THE PERPETRATION OR

12   ATTEMPTED PERPETRATION OF THE KIDNAPPING OR CONFINEMENT

13   ALLEGED IN THE INDICTMENT.

14        COUNT 8 CHARGES DEFENDANT JUAN JOSE BERNABE-

15   RAMIREZ WITH BEING AN ACCESSORY AFTER THE FACT TO THE

16   KIDNAPPING AND MURDER OF SPECIAL AGENT ENRIQUE CAMARENA

17   AND MR. ALFREDO ZAVALA-AVELAR.

18        TITLE 18, UNITED STATES CODE, SECTION 3,

19   PROVIDES IN PERTINENT PART AS FOLLOWS:

20        "WHOEVER, KNOWING THAT AN OFFENSE AGAINST

21        THE UNITED STATES HAS BEEN COMMITTED, RECEIVES,

22        RELIEVES, COMFORTS OR ASSISTS THE OFFENDER IN

23        ORDER TO HINDER OR PREVENT HIS APPREHENSION,

24        TRIAL, OR PUNISHMENT IS AN ACCESSORY AFTER THE

25        FACT.  AN ACCESSORY AFTER THE FACT SHALL BE

31-29

1    GUILTY OF AN OFFENSE AGAINST THE UNITED STATES."

2           TO ESTABLISH THE CRIME OF ACCESSORY AFTER THE

3    FACT IN COUNT 8 AS TO DEFENDANT JUAN JOSE BERNABE-RAMIREZ,

4    THE GOVERNMENT MUST PROVE THE FOLLOWING ELEMENTS BEYOND A

5    REASONABLE DOUBT:

6           FIRST:  THAT HE KNEW THAT DEFENDANT RAFAEL CARO-

7    QUINTERO HAD PARTICIPATED IN OR CAUSED THE KIDNAPPING AND

8    MURDER OF SPECIAL AGENT ENRIQUE CAMARENA AND/OR

9    MR. ALFREDO ZAVALA;

10          SECOND:  THAT HE HELPED RAFAEL CARO-QUINTERO

11   WITH THE INTENT TO HINDER OR PREVENT RAFAEL CARO-

12   QUINTERO'S APPREHENSION, TRIAL OR PUNISHMENT.

13          YOU HAVE HEARD EVIDENCE IN THIS CASE INVOLVING

14   ALLEGED DRUG DEALING BY CERTAIN DEFENDANTS.  THE

15   DEFENDANTS ARE NOT ON TRIAL IN THIS CASE FOR THAT ALLEGED

16   CONDUCT.  ALL OF THE -- ALL OF THIS EVIDENCE HAS BEEN

17   ADMITTED FOR LIMITED PURPOSES.

18          THEREFORE, THIS DRUG EVIDENCE OF CERTAIN

19   DEFENDANTS IS TO BE USED BY YOU FOR THE FOLLOWING PURPOSES

20   AND NO OTHER:  TO PROVE:  FIRST, THE EXISTENCE OF A DRUG

21   ENTERPRISE; SECOND, THE DEFENDANT'S RELATIONSHIP TO THE

22   DRUG ENTERPRISE; THIRD, EACH DEFENDANT'S MOTIVE; AND,

23   FOURTH, EACH DEFENDANT'S INTENT.

24          NOW, WHEN YOU RETIRE, YOU SHOULD SELECT ONE

25   MEMBER OF THE JURY AS YOUR FOREMAN.  HE OR SHE WILL

31-30

1    PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN

2    COURT.

3             YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW

4    JURORS TO REACH AGREEMENT IF YOU CAN DO SO.  YOUR VERDICT,

5    WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

6             EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF,

7    BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL

8    THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS,

9    AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

10            DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE

11   DISCUSSION PERSUADES YOU THAT YOU SHOULD.  BUT DO NOT COME

12   TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS

13   RIGHT.

14            IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A

15   UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN

16   DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION.

17   DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT

18   OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

19            YOUR VERDICT MUST BE BASED SOLELY ON THE

20   EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE

21   INSTRUCTIONS.  HOWEVER, NOTHING THAT I HAVE SAID OR DONE

22   IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE.  THAT

23   IS ENTIRELY FOR YOU TO DECIDE.

24            THE ARGUMENTS AND STATEMENTS OF THE ATTORNEYS

25   ARE NOT EVIDENCE.  IF YOU REMEMBER THE FACTS DIFFERENTLY

31-31

1    FROM THE WAY THE ATTORNEYS HAVE STATED THEM, YOU SHOULD

2    BASE YOUR DECISION ON WHAT YOU REMEMBER.

3           SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL.

4    SUCH NOTES ARE ONLY FOR THE PERSONAL USE OF THE PERSON WHO

5    TOOK THEM.

6           UNDER THESE INSTRUCTIONS YOU MAY FIND ONE OR

7    MORE OF THE ACCUSED GUILTY OR NOT GUILTY, AS CHARGED.  AND

8    AT ANY TIME DURING YOUR DELIBERATIONS, YOU MAY RETURN INTO

9    COURT YOUR VERDICT OF GUILTY OR NOT GUILTY AS TO ANY

10   DEFENDANT CONCERNING WHOM YOU HAVE UNANIMOUSLY AGREED.

11          THE PUNISHMENT PROVIDED BY LAW FOR THESE CRIMES

12   IS FOR THE COURT TO DECIDE.  YOU MAY NOT CONSIDER

13   PUNISHMENT IN DECIDING WHETHER THE GOVERNMENT HAS PROVED

14   ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.

15   THAT SHOULD NOT BE CONSIDERED NOR DISCUSSED.  THAT IS,

16   PUNISHMENT SHOULD NOT BE CONSIDERED OR DISCUSSED BY THE

17   JURY.

18          AFTER YOU HAVE REACHED UNANIMOUS AGREEMENT ON A

19   VERDICT, YOUR FOREMAN WILL FILL IN THE FORM THAT HAS BEEN

20   GIVEN TO YOU, SIGN AND DATE IT, AND ADVISE THE MARSHAL OR

21   BAILIFF OUTSIDE YOUR DOOR THAT YOU ARE READY TO RETURN TO

22   THE COURTROOM.

23          WHAT YOU WILL HAVE IS A VERDICT FORM FOR EACH

24   DEFENDANT.  IT WILL CONTAIN ON IT THE COUNTS THAT THAT

25   DEFENDANT IS CHARGED WITH.  YOU WILL HAVE A PLACE -- A

31-32

1    BLANK LINE -- ON WHICH YOU WILL WRITE THE WORD GUILTY OR

2    NOT GUILTY AS CHARGED IN COUNT 2 OF THE INDICTMENT, GUILTY

3    OR NOT GUILTY AS CHARGED IN COUNT 5 OF THE INDICTMENT,

4    GUILTY OR NOT GUILTY AS CHARGED IN COUNT 6 OF THE

5    INDICTMENT -- WHATEVER COUNTS ARE ON A PARTICULAR VERDICT

6    FORM.  SO THERE ARE FOUR VERDICT FORMS, ONE FOR EACH

7    DEFENDANT, AND EACH ONE CONTAINS THE CHARGES AGAINST THAT

8    PARTICULAR DEFENDANT.

9            WHEN YOU HAVE AGREED ON A VERDICT AS TO A

10   PARTICULAR DEFENDANT, ALL OF THE BLANKS SHOULD BE FILLED

11   IN AND IT SHOULD BE DATED AND SIGNED BY YOUR FOREMAN AND

12   THEN YOU SHALL RETURN WITH IT TO THIS COURTROOM.  SO THERE

13   IS ONE FOR EACH DEFENDANT, AND THAT WILL BE WITH YOU IN

14   THE JURY ROOM.

15           IF IT BECOMES NECESSARY DURING YOUR

16   DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE

17   THROUGH THE MARSHAL OR BAILIFF, SIGNED BY YOUR FOREPERSON

18   OR BY ONE OR MORE MEMBERS OF THE JURY.  NO MEMBER OF THE

19   JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY

20   A SIGNED WRITING, AND I WILL COMMUNICATE WITH ANY MEMBER

21   OF THE JURY ON ANYTHING CONCERNING THE CASE ONLY IN

22   WRITING, OR ORALLY HERE IN OPEN COURT.

23           REMEMBER THAT YOU ARE NOT TO TELL ANYONE,

24   INCLUDING ME, HOW THE JURY STANDS, NUMERICALLY OR

25   OTHERWISE -- THAT IS, YOU SHOULD NEVER SEND A NOTE OUT

31-33

1   TELLING ME HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE;

2   THAT SHOULD NOT BE DONE -- ON THE QUESTION OF GUILT OF A

3   DEFENDANT, THAT IS, HOW THE JURY STANDS NUMERICALLY OR

4   OTHERWISE, ON THE QUESTION OF GUILT OF A DEFENDANT UNTIL

5   AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN

6   DISCHARGED.

7           NOW, THAT CONCLUDES THE INSTRUCTIONS THAT I AM

8   GOING TO GIVE YOU.  I WANT TO SAY A FEW MORE THINGS BEFORE

9   WE -- LET'S SWEAR THE BAILIFFS TO TAKE CHARGE OF THE JURY

10  FIRST.

11          (THE BAILIFFS WERE SWORN BY THE CLERK.)

12          THE COURT:  LADIES AND GENTLEMEN OF THE JURY,

13  ALL EXHIBITS THAT HAVE BEEN RECEIVED INTO EVIDENCE WILL BE

14  PROVIDED TO YOU IN THE JURY ROOM.  THERE WILL BE THINGS

15  THAT WERE REFERRED TO DURING THE TESTIMONY AND DURING THE

16  TRIAL THAT WILL NOT BE IN THE JURY ROOM, AND YOU SHOULD

17  NOT ASK FOR THOSE THINGS BECAUSE THEY ARE NOT EXHIBITS.

18          FOR EXAMPLE, IF A WITNESS TESTIFIED CONCERNING A

19  REPORT, THE TESTIMONY REGARDING THE REPORT IS THE EVIDENCE

20  THAT YOU WILL CONSIDER.  THE REPORT ITSELF MAY NOT BE IN

21  EVIDENCE, AND THEREFORE YOU SHOULD NOT REQUEST THINGS

22  BECAUSE WE INTEND TO GIVE YOU ALL THE EXHIBITS WHICH ARE

23  IN EVIDENCE THAT YOU NEED TO HAVE.  SO THAT WILL EXPLAIN

24  WHY SOME THINGS ARE NOT THERE THAT YOU EXPECT TO SEE

25  BECAUSE YOU HEARD ABOUT THEM.  THE EVIDENCE CONCERNING

31-34

1    THOSE THINGS IS THE TESTIMONY GIVEN BY THE WITNESSES

2    REGARDING THEM.

3            THE LAW USED TO REQUIRE US TO SEQUESTER JURIES

4    AFTER A CASE HAS BEEN SUBMITTED TO THEM.  BY THAT I MEAN

5    TO KEEP YOU TOGETHER IN A HOTEL AND NOT ALLOW YOU TO GO

6    HOME.  WE DON'T DO THAT ANYMORE.  WE CAN DO IT, BUT I AM

7    NOT GOING TO IN THIS CASE PROVIDED THE JURY FOLLOWS

8    CERTAIN INSTRUCTIONS, AND THAT IS THE INSTRUCTIONS THAT I

9    HAVE GIVEN YOU THROUGHOUT THE TRIAL WILL STILL BE IN

10   EFFECT.

11           YOU MAY NOT DISCUSS THE CASE.  YOU MAY DISCUSS

12   THE CASE WITH EACH OTHER ONLY IN THE JURY ROOM AND ONLY

13   WHEN ALL 12 JURORS ARE PRESENT, NOT SEPARATELY OR IN SMALL

14   GROUPS OR OVER THE TELEPHONE.  THAT IS NOT PERMITTED.

15           YOU MAY NOT ALLOW ANYONE ELSE TO TALK TO YOU

16   ABOUT THE CASE OR DISCUSS THE CASE WITH ANYONE ELSE.  THAT

17   MEANS PEOPLE AT HOME, MEMBERS OF YOUR FAMILY, FRIENDS,

18   RELATIVES, CHILDREN, OR ANYONE.  YOU SHOULD NOT DISCUSS

19   THE CASE AT ALL.

20           YOU SHOULD NOT EXPRESS ANY OPINION OR CONCLUSION

21   ABOUT THE CASE EXCEPT IN THE JURY ROOM, AND ONLY THEN WHEN

22   ALL 12 JURORS ARE PRESENT.

23           UNDER THOSE CONDITIONS THE COURT WILL PERMIT YOU

24   TO SEPARATE AT THE END OF THE DAY AS WE HAVE THROUGHOUT

25   THE TRIAL.

31-35

1          IT IS VERY IMPORTANT ALSO THAT YOU CONTINUE TO

2    OBSERVE THE RULES ABOUT READING, HEARING, OR SEEING

3    ANYTHING ABOUT THIS CASE.  IT IS ABSOLUTELY IMPORTANT THAT

4    YOU CONTINUE TO ABIDE BY THAT RULE.

5          NOW, THE INSTRUCTIONS WILL BE IN THE JURY ROOM

6    SO THAT YOU WILL HAVE THEM AVAILABLE IF YOU NEED TO REFER

7    TO THEM.

8          THERE IS NO TRIAL TRANSCRIPT.  BY THAT I MEAN

9    THAT THE JURY WILL NOT BE PROVIDED WITH THE TRANSCRIPT OF

10   THE TESTIMONY THAT WAS GIVEN DURING THE TRIAL, ALTHOUGH

11   YOU MAY HAVE HEARD TRIAL TRANSCRIPTS OF TESTIMONY REFERRED

12   TO DURING THE TRIAL.  YOU SHOULD RELY ON YOUR OWN

13   RECOLLECTION OF THE EVIDENCE AS YOU HEARD IT IN DECIDING

14   THIS CASE.

15         ORDINARILY I DON'T ENCOURAGE YOU, UNLESS IT IS

16   ABSOLUTELY NECESSARY, TO ASK TO HAVE TESTIMONY REREAD.  IF

17   YOU FEEL IT IS ABSOLUTELY NECESSARY AND YOU HAVE NARROWED

18   THE SCOPE DOWN TO EXACTLY WHAT IT IS YOU MIGHT WANT OR

19   NEED, THE COURT WILL CONSIDER THAT.  WE PREFER NOT TO HAVE

20   THAT IF WE CAN AVOID IT.  BUT IF YOU THINK IT IS

21   NECESSARY, YOU MAY ASK THE COURT FOR THAT.

22         YOU WILL, OF COURSE, NOW BE GOING TO LUNCH

23   TOGETHER, AND THAT HAS BEEN ARRANGED.  DURING THE TIME OF

24   YOUR DELIBERATIONS YOU WILL BE GOING TO LUNCH TOGETHER.

25         THERE WILL ALSO BE A COPY OF THE INDICTMENT

31-36

1    AVAILABLE FOR YOU TO SEE IF YOU NEED TO LOOK AT IT.

2            I THINK I HAVE COVERED EVERYTHING.  I WISH YOU

3    WELL IN YOUR DELIBERATIONS.  YOU HAVE BEEN A VERY

4    CONSCIENTIOUS JURY, ONE OF THE BEST I HAVE HAD HERE.  YOU

5    HAVE PAID ATTENTION, AND YOU HAVE BEEN ON TIME, AND I

6    THINK YOU WILL CARRY OUT YOUR RESPONSIBILITY AND THE

7    REASON FOR YOUR BEING HERE.

8            YOU MAY BE EXCUSED, THE JURORS.  THE ALTERNATES

9    WILL PLEASE REMAIN UNLESS YOU HAVE THINGS IN THE JURY ROOM

10   YOU WISH TO RETRIEVE.  IF YOU DO, YOU MAY GO AND GET WHAT

11   YOU HAVE UP IN THE JURY ROOM AND BRING IT BACK HERE.

12           I WANT TO MEET WITH THE ALTERNATES TO THANK THEM

13   FOR THEIR SERVICE ON THIS CASE IN MY CHAMBERS.

14           YOU MAY BE EXCUSED.

15           (THE JURORS AND ALTERNATES LEFT THE

16   COURTROOM.)

17           MR. STOLAR:  YOUR HONOR, I WANTED TO ASK THE

18   COURT WHEN YOU MEET WITH THE ALTERNATES THAT ARE BEING

19   DISCHARGED, WOULD THE COURT ADVISE THEM THAT THEY ARE FREE

20   TO SPEAK WITH US IF THEY WISH; THAT THEY HAVE NO

21   OBLIGATION TO.  BUT I AND OTHER COUNSEL ARE CURIOUS TO

22   SPEAK WITH THEM, AND WE WOULD BE COURTEOUS TO THEM, YOUR

23   HONOR.

24           THE COURT:  WE RECOMMEND AGAINST IT.

25           MR. MEDRANO:  YOUR HONOR, ALSO TO MY

31-37

1    UNDERSTANDING THE ALTERNATES WILL BE ON CALL.

2           THE COURT:  NO, THEY WILL NOT BE.

3           MR. MEDRANO:  YOUR HONOR, WHAT HAPPENS IF ONE OF

4    THE JURORS TAKES ILL DURING DELIBERATIONS OR HAS AN

5    ACCIDENT OR WHATEVER?  WHAT IS THE POSTURE OF THE COURT?

6           THE COURT:  THE FEDERAL RULES REQUIRE THAT THESE

7    ALTERNATES BE DISCHARGED ONCE THE CASE HAS BEEN SUBMITTED,

8    AND THERE IS A RULE THAT PROVIDES THAT YOU MAY PROCEED

9    WITH ONE JUROR ABSENT IF SOMETHING HAPPENS.

10          MR. MEDRANO:  VERY WELL, YOUR HONOR.

11          THE COURT:  IF THE JUROR IS UNABLE TO CONTINUE.

12   THE ONLY OTHER WAY YOU CAN HOLD AN ALTERNATE IS IF

13   EVERYBODY SIGNED A WRITTEN STIPULATION AGREEING TO IT.

14          MR. MEDRANO:  IN ADDITION, YOUR HONOR, I HAVE

15   TWO QUESTIONS FOR THE COURT.  THERE ARE CERTAIN EXHIBITS

16   THAT ARE TYPICALLY HELD ONTO BY THE GOVERNMENT -- THE

17   FIREARMS FOR EXAMPLE AND FORENSIC EVIDENCE.  I JUST WANTED

18   THE COURT'S GUIDANCE ON WHAT TO DO WITH THAT EVIDENCE AT

19   THIS TIME.

20          THE COURT:  DO YOU MEAN THE FIREARM WITH THE "R"

21   ON IT?

22          MR. MEDRANO:  YES.

23          THE COURT:  I THINK THAT CAN BE SUBMITTED.  I

24   THINK THE JURY IS ENTITLED TO SEE THAT.

25          MR. MEDRANO:  HOW ABOUT THE FORENSIC EVIDENCE?

31-38

1          THE COURT:  BLOOD?

2          MR. MEDRANO:  NO, YOUR HONOR.  THE SAMPLES OF

3    CLOTHING, THE SHROUD, THE BLINDFOLD, THINGS OF THAT

4    NATURE, YOUR HONOR.  WHAT WOULD YOU LIKE TO DO WITH THOSE?

5          MR. STOLAR:  I DON'T REALLY THINK THAT IS --

6          MR. MEDRANO:  THERE IS A DISTINCT ODOR TO THEM.

7    THAT IS WHY I THOUGHT IT MIGHT BE PROBLEMATIC.

8          MR. STOLAR:  THERE ARE PHOTOGRAPHS OF THOSE

9    ITEMS.

10         THE COURT:  LET'S SAY THAT THOSE EXHIBITS NEED

11   NOT BE SENT IN UNLESS REQUESTED.

12         MR. MEDRANO:  VERY WELL.

13         THE COURT:  JUST HAVE A SEAT, AND I WILL HAVE

14   YOU FOLKS GO INTO CHAMBERS.

15         MR. MEDRANO:  YOUR HONOR, JUST FOR THE RECORD,

16   THE GOVERNMENT'S POSITION, HAVING GIVEN SOME THOUGHT TO

17   THE ISSUE YOU RAISED PRELIMINARILY, IS THAT A HEARING

18   WOULD BE THE PREFERENCE OF THE GOVERNMENT ON LIMITED

19   QUESTIONING TO THE --

20         THE COURT:  YOU SHOULD HAVE BROUGHT THAT TO THE

21   COURT'S ATTENTION.

22         MR. MEDRANO:  VERY WELL.

23         MR. MEDVENE:  IF THE COURT PLEASE, WE HAVE GIVEN

24   THE GOVERNMENT A COPY OF OUR EXHIBIT LIST.  COULD WE GET A

25   COPY OF --

31-39

1            THE COURT:  THE EXHIBITS SHOULD BE HELD UNTIL

2   EVERYBODY HAS AGREED ON ALL THE EXHIBITS WITH THE CLERK.

3   IF I DON'T HEAR ANYTHING FROM YOU ON THE RECORD, I WILL

4   DEEM THAT AS EVIDENCE THAT EVERYBODY HAS CONSENTED AND

5   HAVE CHECKED THE EXHIBITS AND MADE SURE THEY ARE

6   APPROPRIATE.

7            ALL RIGHT.  WE ARE ADJOURNED, AND I WANT COUNSEL

8   TO REMAIN AVAILABLE UNTIL FURTHER NOTICE, THAT IS, WITHIN

9   THE BUILDING.  NOTIFY THE CLERK WHERE YOU CAN BE REACHED.

10           MR. STOLAR:  WHAT TIME IS LUNCH?

11           THE COURT:  12:00 O'CLOCK.

12           (PROCEEDINGS CONCLUDED.)

13                    - - -

14   I HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT

15   TRANSCRIPT OF THE PROCEEDINGS HAD ON THE RECORD

16   IN THE ABOVE-ENTITLED MATTER.

17

18   _Velma B. Thomas_        _9/14/90_____

19   OFFICIAL REPORTER        DATE