EDWARD M. MEDVENE
JAMES E. BLANCARTE
RONALD A. DiNICOLA
BRIAN M. COLLIGAN
MARY E. FULGINITI
MITCHELL, SILBERBERG & KNUPP
11377 West Olympic Boulevard
Los Angeles, California 90064
(213) 312-2000

Attorneys for Defendant
Ruben Zuno-Arce

ORIGINAL

FILED

JUN 28 1990

CLERK, U.S. DISTRICT COURT
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        )    Case No.  CR 87-422(F)-ER
                                 )
                Plaintiff,       )    MOTION TO ADMIT EXHIBITS OF
                                 )    DEFENDANT RUBEN ZUNO-ARCE;
        vs.                      )
                                 )    MEMORANDUM OF POINTS AND
RAFAEL CARO-QUINTERO,            )    AUTHORITIES; AND
et al.,                          )
                                 )    DECLARATION OF LICENCIADO
                Defendants.      )    ANTONIO CUELLAR SALAS
_____)

ENTERED ON COMPUTRAN
JUL 10 1990



# TABLE OF CONTENTS

**Exhibits**                                                              Page

Exhibit AA:    Certified Copy of Sales Contract For
               Sale of Lope De Vega (Tract 1).............    3

Exhibit BB:    Certified Copy of Sales Contract For
               Sale Of Lope De Vega (Tract 2).............    5

Exhibit CC:    Aerial Photograph Of Primavera Park
               Issues By The Forest Commission Of
               The State Of Jalisco.......................    5

Exhibit DD:    File Of Hector Cervantes Santos Maintained
               By The Department Of Public Safety,
               State Of Jalisco...........................    7

Exhibit EE:    Certificate From Municipality
               Of Guadalajara  ...........................    9

Exhibit FF:    Certificate From Municipality Of
               Tlaquepaque (Civil Registry No. 1)..........   11

Exhibit GG:    Certificate From Municipality Of
               Tlaquepaque (Civil Registry No. 2)..........   12

Exhibit HH:    Certificate From Municipality of Tonala......   14

Exhibit II:    Certificate From Municipality Of Zapopan.....   15

Exhibit JJ:    Certificate Of Municipality Of
               Tlaquepaque (Civil Registry No. 1)..........   17

Exhibit KK:    Certificate of Municipality Of
               Tlaquepaque (Civil Registry No. 2)..........   19

Exhibit LL:    Certificate of Municipality of Tonala........   20

Exhibit MM:    Certificate From The Municipality Of
               Guadalajara.................................   22

EXHIBIT NN:    Certified Record From Telefonos de
               Mexico, S.A. de C.V........................   24

Declaration of Licenciado Antonio Cuellar Salas...........   28

i

TABLE OF AUTHORITIES

<u>Cases</u>                                                                    <u>Page</u>

<u>Stasiukevich v. Nicolls</u>,
     168 F.2d 474 (1st Cir. 1948)......................    7

<u>United States v. Hing Shair Chan</u>,
     680 F. Supp. 521 (E.D.N.Y. 1988) ................23,24,27

<u>United States v. Linn</u>,
     880 F.2d 209 (9th Cir. 1988)......................   26

<u>United States v. Mitchell</u>,
     417 F.2d 1246 (7th Cir. 1969)......................   9

<u>United States v. Orozco</u>,
     590 F.2d 789, 793 (9th Cir.)
     <u>cert</u>. <u>denied</u>, 442 U.S. 920 (1979)..................   8

<u>United States v. Regner</u>,
     677 F.2d 754 (9th Cir.),
     <u>cert</u>. <u>denied</u>, 459 U.S. 911 (1982).................   3,9

<u>United States v. Trenary</u>,
     473 F.2d 680 (9th Cir. 1973)......................   5

<u>United States v. Verlin</u>,
     466 F. Supp. 155, 159 (D. Tex 1979)...............   23

<u>Statutes</u>

     Federal Rules of Civil Procedure
          44(a)(2)....................................    2

     Federal Rules of Evidence
          104(a)......................................    1
          803.........................................   24
          803(6).........................   9,23,24,26,27
          803(7)...........................24,26,27
          803(8).......4,5,6,7,8,10,12,14,15,17,20,22
          803(9)........... 10,12,14,15,17,18,20,22
          803(10).............10,12,14,15,17,18,20,22,24,26,27
          803(14)....................................   4,5
          803(15)....................................   4,5
          806.......................................   26
          902......................9,11,13,14,16,17,19,21,24,27
          902(3)...........2-6,8,10,12,13,15-18,20,21,23,24,26
          902(4)....................................    8
          902(5)....................................    5

<u>Other Authorities</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

J. Weinstein and M. Berger, <u>Weinstein's Evidence,</u>
    ¶ 902(3) [01] (1989).............................     2

TO ASSISTANT UNITED STATES ATTORNEYS MANUEL MEDRANO AND JOHN CARLTON:

PLEASE TAKE NOTICE that defendant Ruben Zuno-Arce hereby moves to admit exhibits more particularly described herein and contained in the appendix filed contemporaneously herewith. The vast majority of these exhibits have been previously provided to the Government.

The defendant requests that the Court admit these exhibits and advise the jury, or permit counsel to advise the jury, of the contents of these exhibits. In the event the Government objects to any of these exhibits, the defendant requests a hearing pursuant to Federal Rule of Evidence 104(a).

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Licenciado Antonio Cuellar Salas and all other pleadings and papers on filed in this matter.

Dated:  June 28, 1990

                        EDWARD M. MEDVENE
                        JAMES E. BLANCARTE
                        RONALD A. DINICOLA
                        BRIAN M. COLLIGAN
                        MARY E. FULGINITI
                        MITCHELL, SILBERBERG & KNUPP

                        By: _____
                        Ronald A. DiNicola
                        Attorneys for Defendant
                        Ruben Zuno-Arce

1

MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

Defendant Ruben Zuno-Arce hereby moves to admit the below listed defense exhibits, copies of which are contained in the appendix and filed contemporaneously herewith.  Attached hereto is the Declaration of Licenciado Antonio Cuellar Salas ("Cuellar Decl.").  Licenciado Cuellar is a Mexican attorney who has practiced law for thirty years and has been a law professor at a number of universities.  He is an expert on Mexican law and his declaration expounds upon Mexican law with respect to the certification of documents, the penalties for false swearing, the system for the registry and maintenance of vital documents, and the role of a Notary Public under Mexican law.

With respect to each exhibit, this memorandum addresses the issues of relevance, authenticity and exceptions under the hearsay rule.  A number of the exhibits are admissible pursuant to Rule 902(3) as foreign public documents.  Rule 902(3) provides a method for the efficient authentication of foreign public documents.  "Rule 902(3) continues the liberalizing trend exemplified by Rule 44(a)(2) of the Federal Rules of Civil Procedure.  It is designed to meet the practical problems in obtaining properly authenticated documents from abroad by abolishing all unnecessary procedural requirements."  J. Weinstein and M. Berger, _Weinstein's Evidence_ ¶ 902(3) [01]

(1989) (citing United States v. Regner, 677 F.2d 754 (9th Cir.)

cert. denied, 459 U.S. 911 (1982)).

LEGAL BASIS FOR THE

ADMISSION OF DEFENSE EXHIBITS


Exhibit AA:   Certified Copy of Sales Contract For Sale Of Lope De
              Vega (Tract 1)


         This exhibit is offered to prove the sale of 881 Lope de
Vega from Ruben Zuno-Arce to Dr. Ruben Sanchez-Barba on
January 11, 1985, and that the sales transaction was carried out
in accordance with Mexican law before a Notary Public.  Under
Mexican law, a transfer of real estate must take place before a
Notary Public, who has special and important powers in Mexico, in
contrast to a Notary Public in the United States.  (Cuellar Decl.
at ¶¶ 6-7)   A Notary Public in Mexico prepares the real estate
contract and related documents and is present when the contract
is signed by the parties.  (Cuellar Decl. at ¶ 9)  Every Notary
Public has authority to attest documents in and of himself, such
that his acts do not have to be validated by any other authority.
(Cuellar Decl. at ¶ 7)  When a Notary Public prepares or
certifies a document, everything the document contains is
presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7)


         This exhibit is a foreign public document and is thus
self-authenticating under Rule 902(3).  This exhibit is executed

3

and attested to by a Notary Public, Licenciado Francisco Marquez Hernandez, who is authorized by the laws of Mexico to make this execution and attestation.  (Cuellar Decl. at ¶ 7)  Marquez Hernandez was also the Notary Public who prepared the original sales contract.  Accordingly, Marquez Hernandez futher certifies the accuracy of the exhibit pursuant to Rule 902(3).

It is customary in Mexico for the Notary Public to place the original sales contract in a book of such contracts that he maintains in his office.  (Cuellar Decl. ¶ 9)  At an appropriate time, the Notary Public sends the book to the local registry of Notaries Public where it is then maintained.  He also sends a copy of the sales document to the registry of public property.  He also retains a copy of the sales documents in his office from which certified copies are made.  Id.

In addition to the certification of Licenciado Marquez Hernandez, this exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Licenciado Marquez Hernandez.  This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

Finally, this document is admissible (and is not excluded by the hearsay rule) pursuant to Rule 803(8), (14) and (15).  It is a public record which sets forth the matters

4

observed pursuant to a duty imposed by law as to which matters there was a duty to report pursuant to Rule 803(8).  (Cuellar Decl. ¶ 9)  Moreover, it is a record that establishes and effects an interest in real property pursuant to Rule 803(14) and (15).

Exhibit BB:   Sales Contract For Sale Of Lope De Vega (Tract 2)

This exhibit pertains to the second tract which together with the first tract (Exhibit AA) comprise 881 Lope de Vega, and is admissible for the same reasons set forth above with respect to Exhibit AA.

Exhibit CC:   Aerial Photograph of Primavera Park Issues By The Forest Commission Of The State Of Jalisco

This aerial photograph is offered to establish that Primavera Park is a public national park.  The aerial photograph describes Primavera as a national park.

The aerial photograph was prepared by the Forestry Commission of the State of Jalisco in 1980 and constitutes a self-authenticating official publication pursuant to Rule 902(5).  In addition, it is a self-authenticating foreign public document pursuant to Rule 902(3).  Moreover, the Court may take judicial notice of this exhibit as a map of the Forestry Commission of the State of Jalisco.  United States v. Trenary, 473 F.2d 680, 682 (9th Cir. 1973) (in prosecution for importation

5

of marijuana from Mexico, court could take judicial notice of map of area).

The exhibit has been certified (on June 18, 1990) by Miguel Gonzales Gonzales, the official head of the Forest and Fauna Council of the State of Jalisco.  His certification appears on the front bottom portion of the aerial photograph.  He has certified its origin and that the aerial photograph corresponds to the City of Guadalajara, together with the protected zone of Primavera Park and adjacent agricultural zones.  Gonzales Gonzales, in his position as head of the Forest and Fauna Council, is within the chain of certificates of genuineness of signature and official position relating to this document.  He certifies that he is authorized by the laws of Mexico to make the execution and attestation.  The penalty for giving a false statement under the laws of Mexico may include, among other things, a criminal penalty and, in the case of a public official, discharge.  (Cuellar Decl. at ¶ 10)

In addition, this exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Gonzales Gonzales.  This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).  The certification from the Consul General appears on the reverse side of the aerial photograph.

Finally, this exhibit is admissible (and not excluded by the hearsay rule) because it is a public record pursuant to Rule 803(8).  See Stasiukevich v. Nicolls, 168 F.2d 474, 479 (1st Cir. 1948) (official reports of government body or committee is admissible as exception to hearsay rules).

Exhibit DD:   File of Hector Cervantes Santos Maintained By the Department of Public Safety, State of Jalisco

This exhibit is a record (consisting of six entries) maintained on file with the Department of Public Safety for the State of Jalisco, a governmental agency that employed Hector Cervantes Santos at various times between 1979 and 1989.  This exhibit is offered to rebut the trial testimony of Cervantes Santos that he had never been arrested before, which is contradicted by the contents of this exhibit (entries dated August 22, 1989, August 28, 1989, September 1, 1989) which shows three prior arrests.  This exhibit also proves that Cervantes Santos was discharged on November 16, 1989 because of theft of government property (entry dated November 16, 1989).  Cervantes' discharge occurred approximately one week before he first became a confidential informant for the Government.  This exhibit is relevant to the timing of and motive for Cervantes Santos' willingness to become a paid informant for the Government.  In addition, the exhibit shows that he had been discharged previously on numerous occasions from his post with the Department of Public Safety (entries regarding multiple discharges April 17, 1981, January 5, 1984, November 16, 1989).

7

This exhibit is self-authenticating pursuant to Rule 902(3) and (4) as a foreign public document and certified copy of a public record.  The document is attested to by Licenciado Miguel F. Rabago Preciado, a Notary Public in Mexico.  A Notary Public in Mexico has the power and authority to certify the documents as true and correct copies.  Every Notary Public has authority to attest documents in and of himself, such that his acts do not have to be validated by any other authority.  (Cuellar Decl. at ¶ 7)  When a Notary Public prepares or certifies a document, everything the document contains is presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7).

In addition, the exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Licenciado Miguel F. Rabago Preciado.  The final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

This document is admissible (and not excluded by the hearsay rule) as it constitutes a public record pursuant to Rule 803(8); see United States v. Orozco, 590 F.2d 789, 793 (9th Cir.), cert. denied, 442 U.S. 920 (1979) (routine information obtained by governmental agency which is not of adversarial confrontation nature admissible as public record; records of license plate numbers obtained by customs officials admissible as

8

public record); see also United States v. Regner, 677 F.2d 754, 760 (9th Cir. 1982) (records of state-run taxi service admissible as public record), and as records of regularly conducted business activity pursuant to Rule 803(6); United States v. Mitchell, 417 F.2d 1246 (7th Cir. 1969) (personnel data showing employment record and time sheet of defendant's place of employment admissible as record made in regular course of business).

Exhibit EE:   Certificate From Municipality Of Guadalajara

This exhibit is a record from the Municipality of Guadalajara that constitutes a statement of nonexistence of any record of the marriage of Jorge Barba-Hernandez between the years 1984 and 1986.  This document is offered to establish that no such marriage took place.  Hector Cervantes Santos testified on behalf of the Government about two meetings that allegedly took place in connection with the wedding of Jorge Barba Hernandez. This exhibit is offered to rebut the testimony of Hector Cervantes Santos.

This exhibit is admissible pursuant to Rule 902 because it is a foreign public document.  The document is executed and attested to by Isidro Alvarez Espinoza, in his official capacity as Official Head of the Civil Registry of the Municipality of Guadalajara.  Alvarez Espinoza is authorized by the laws of Mexico to make this execution and attestation.  The signature of Alvarez Espinoza is accompanied by a certification from a Notary

9

Public, Wonchee Montano, attesting to the genuineness of the signature and position of Alvarez Espinoza.  A Notary Public in Mexico has the power and authority to certify the signature and position of any person who executes a document in Mexico. (Cuellar Decl. at ¶ 7)  Every Notary Public has authority to attest documents in and of himself, such that his acts do not have to be validated by any other authority.  (Cuellar Decl. at ¶ 7)  When a Notary Public prepares or certifies a document, everything the document contains is presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7)

In addition, the exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Isidro Alvarez Espinoza.  This final certification has been made pursuant to Rule 902(3), by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

This document is admissible (and not excluded by hearsay) because it constitutes an absent public record or entry pursuant to Rule 803(10) of the Federal Rules of Evidence.  Such records, if in existence, are not excluded by hearsay pursuant to Rule 803(8) and (9) because they constitute public records and records of vital statistics.  Records of vital statistics include records concerning marriages.  Fed. R. Evid. 803(9).

Exhibit FF:   Certificate From Municipality Of Tlaquepaque
              (Civil Registry No. 1)


       This exhibit is a record from the Municipality of
Tlaquepaque that constitutes a statement of nonexistence of any
record of the marriage of Jorge Barba-Hernandez between the years
1984 and 1986.  This document is offered to establish that no
such marriage took place.  Again, this Exhibit is offered to
rebut the testimony of Hector Cervantes Santos.


       This exhibit is admissible pursuant to Rule 902 because
it is a foreign public document.  The document is executed and
attested to by Jose Maria Moreno Gomez, in his official capacity
as Registrar of the Civil Registry of the Municipality of
Tlaquepaque.  Moreno Gomez is authorized by the laws of Mexico to
make the execution and attestation.  The signature of Moreno
Gomez is accompanied by a certification from a Notary Public,
Wonchee Montano, attesting to the genuineness of the signature
and position of Moreno Gomez.  A Notary Public in Mexico has the
power and authority to certify the signature and position of any
person who executes a document in Mexico.  (Cuellar Decl. at
¶ 7)  Every Notary Public has authority to attest documents in
and of himself, such that his acts do not have to be validated by
any other authority.  (Cuellar Decl. at ¶ 7)  When a Notary
Public prepares or certifies a document, everything the document
contains is presumed to be true under Mexican law.  (Cuellar
Decl. at ¶ 7)

In addition, the exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Moreno Gomez.  This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

This document is admissible (and not excluded by hearsay) because it constitutes an absent public record or entry pursuant to Rule 803(10).  Such records, if in existence, are not excluded by hearsay pursuant to Rule 803(8) and (9) because they constitute public records and records of vital statistics. Records of vital statistics include records concerning marriages.  Fed. R. Evid. 803(9).

Exhibit GG:    Certificate From Municipality Of Tlaquepaque
               (Civil Registry No. 2)

This exhibit is a record from the Municipality of Tlaquepaque that constitutes a statement of nonexistence of any record of the marriage of Jorge Barba-Hernandez between the years 1984 and 1988.  This document is offered to establish that no such marriage took place.  Again, this Exhibit is offered to rebut the testimony of Hector Cervantes Santos.

This exhibit is admissible pursuant to Rule 902 of the Federal Rules of Evidence because it is a foreign public

12

document.   The document is executed and attested to by Juan de
Dios Cadenas Orozco in his official capacity as Registrar of
Civil Registry for the Municipality of Tlaquepaque.   Cadenas
Orozco is authorized by the laws of Mexico to make the execution
and attestation.   The signature of Cadenas Orozco is accompanied
by a certification from a Notary Public, Wonchee Montano,
attesting to the genuineness of the signature and position of
Cadenas Orozco.   A Notary Public in Mexico has the power and
authority to certify the signature and position of any person who
executes a document in Mexico. (Cuellar Decl. at ¶ 7 )   Every
Notary Public has authority to attest documents in and of
himself, such that his acts do not have to be validated by any
other authority. (Cuellar Decl. at ¶ 7)   When a Notary Public
prepares or certifies a document, everything the document
contains is presumed to be true under Mexican law. (Cuellar
Decl. at ¶ 7)

        In addition, the exhibit is accompanied by a final
certification pursuant to Rule 902(3) attesting to the
genuineness of the signature and official position of Cadenas
Orozco.   This final certification has been made pursuant to Rule
902(3) by the Consul General of Mexico, who is assigned and
accredited to the United States.   Fed. R. Evid. 902(3).

        This document is admissible (and not excluded by
hearsay) because it constitutes an absent public record or entry
pursuant to Rule 803(10).   Such records, if in existence, are not

excluded by hearsay pursuant to Rule 803(8) and (9) because they
constitute public records and records of vital statistics.
Records of vital statistics include records concerning
marriages.   Fed. R. Evid. 803(9).

Exhibit HH:   Certificate From Municipality Of Tonala

        This exhibit is a record from the Municipality of
Tonala that constitutes a statement of nonexistence of any record
of the marriage of Jorge Barba-Hernandez between the years 1980
and 1986.   This document is offered to establish that no such
marriage took place.   Again, this document is offered to rebut
the testimony of Hector Cervantes Santos.

        This exhibit is admissible pursuant to Rule 902 because
it is a foreign public document.   The document is executed and
attested to by Licenciado Gabriel Reyes Alvarez, in his official
capacity as Registrar of the Civil Registry of the Municipality
of Tonala.   Reyes Alvarez is authorized by the laws of Mexico to
make this execution and attestation.   The signature of Reyes
Alvarez is accompanied by a certification from a Notary Public,
Wonchee Montano, attesting to the genuineness of the signature
and position of Reyes Alvarez.   A Notary Public in Mexico has the
power and authority to certify the signature and position of any
person who executes a document in Mexico.   (Cuellar Decl. at
¶ 7)   Every Notary Public has authority to attest documents in
and of himself, such that his acts do not have to be validated by

14

any other authority.  (Cuellar Decl. at ¶ 7)  When a Notary Public prepares or certifies a document, everything the document contains is presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7)

In addition, the exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Reyes Alvarez.  This final certification has been made pursuant to Rule 902(3), by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

This document is admissible (and not excluded by hearsay) because it constitutes an absent public record or entry pursuant to Rule 803(10).  Such records, if in existence, are not excluded by hearsay pursuant to Rule 803(8) and (9) because they constitute public records and records of vital statistics.  Records of vital statistics include records concerning marriages.  Fed. R. Evid. 803(9).

Exhibit II:  <u>Certificate From Municipality Of Zapopan</u>

This exhibit is a record from the Municipality of Zapopan that constitutes a statement of nonexistence of any record of the marriage of Jorge Barba-Hernandez between the years 1980 and 1984.  This document is offered to establish that no such marriage took place.  Again, this Exhibit is offered to rebut the testimony of Hector Cervantes Santos.

15

This exhibit is admissible pursuant to Rule 902 of the Federal Rules of Evidence because it is a foreign public document.  The document is executed and attested to by Augusto Cesena Cesena, in his official capacity as Director of the Civil Registry of the Municipality of Zapopan.  Cesena Cesena is authorized by the laws of Mexico to make the execution and attestation.  The signature of Cesena Cesena is accompanied by a certification from a Notary Public, Wonchee Montano, attesting to the genuineness of the signature and position of Cesena Cesena. A Notary Public in Mexico has the power and authority to certify the signature and position of any person who executes a document in Mexico.  (Cuellar Decl. at ¶ 7)  Every Notary Public has authority to attest documents in and of himself, such that his acts do not have to be validated by any other authority. (Cuellar Decl. at ¶ 7)  When a Notary Public prepares or certifies a document, everything the document contains is presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7)

In addition, the exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Cesena Cesena.  This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

This document is admissible (and not excluded by hearsay) because it constitutes an absent public record or entry

16

pursuant to Rule 803(10) of the Federal Rules of Evidence. Such records, if in existence, are not excluded by hearsay pursuant to Rule 803(8) and (9) because they constitute public records and records of vital statistics. Records of vital statistics include records concerning marriages. Fed. R. Evid. 803(9).

Exhibit JJ:   Certificate Of Municipality Of Tlaquepaque
              (Civil Registry No. 1)

This exhibit is a record from the Municipality of Tlaquepaque that constitutes a statement of nonexistence of any record of the birth of Yuremi Barba Figueroa between the years 1984 and 1986. This document is offered to establish that no such birth took place. Hector Cervantes Santos testified on behalf of the government about a meeting that allegedly took place in connection with the baptism of Yuremi, the new-born daughter of Javier Barba Hernandez. This exhibit is offered to rebut the testimony of Hector Cervantes Santos.

This exhibit is admissible pursuant to Rule 902 because it is a foreign public document. The document is executed and attested to by Jose Maria Moreno Gomez, in his official capacity as Registrar of the Civil Registry of the Municipality of Tlaquepaque. Moreno Gomez is authorized by the laws of Mexico to make this execution and attestation. The signature of Moreno Gomez is accompanied by a certification from a Notary Public, Wonchee Montano, attesting to the genuineness of the signature

17

and position of Moreno Gomez.  A Notary Public in Mexico has the power and authority to certify the signature and position of any person who executes a document in Mexico.  (Cuellar Decl. at ¶ 7)  Every Notary Public has authority to attest documents in and of himself, such that his acts do not have to be validated by any other authority.  (Cuellar Decl. at ¶ 7)  When a Notary Public prepares or certifies a document, everything the document contains is presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7)

In addition, the exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Moreno Gomez.  This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

This document is admissible (and not excluded by hearsay) because it constitutes an absent public record or entry pursuant to Rule 803(10).  Such records, if in existence, are not excluded by hearsay pursuant to Rule 803(9) because they constitute records of vital statistics.  Records of vital statistics include records concerning births.  Fed. R. Evid. 803(9).

Exhibit KK:   <u>Certificate of Municipality of Tlaquepaque</u>

                           <u>(Civil Registry No. 2)</u>

        This exhibit is a record from the Municipality of Tlaquepaque that constitutes a statement of nonexistence of any record of the birth of Yuremi Barba Figueroa between the years 1984 and 1986.  This document is offered to establish that no such birth took place.  Again, this exhibit is offered to rebut the testimony of Hector Cervantes Santos.

        This exhibit is admissible pursuant to Rule 902 because it is a foreign public document.  The document is executed and attested to by Jose Maria Moreno Gomez, in his official capacity as Registrar of the Civil Registry of the Municipality of Tlaquepaque.  Moreno Gomez is authorized by the laws of Mexico to make this execution and attestation.  The signature of Moreno Gomez is accompanied by a certification from a Notary Public, Wonchee Montano, attesting to the genuineness of the signature and position of Moreno Gomez.  A Notary Public in Mexico has the power and authority to certify the signature and position of any person who executes a document in Mexico.  (Cuellar Decl. at ¶ 7)  Every Notary Public has authority to attest documents in and of himself, such that his acts do not have to be validated by any other authority.  (Cuellar Decl. at ¶ 7)  When a Notary Public prepares or certifies a document, everything the document contains is presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7)

In addition, the exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Moreno Gomez.   This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.   Fed. R. Evid. 902(3).

This document is admissible (and not excluded by hearsay) because it constitutes an absent public record or entry pursuant to Rule 803(10).   Such records, if in existence, are not excluded by hearsay pursuant to Rule 803(8) and (9) because they constitute public records and records of vital statistics. Records of vital statistics include records concerning births. Fed. R. Evid. 803(9).

Exhibit LL:   Certificate of Municipality of Tonala

This exhibit is a record from the Municipality of Tonala that constitutes a statement of nonexistence of any record of the birth of Yuremi Barba Figueroa between the years 1982 and 1989.   This document is offered to establish that no such birth took place.   Again, this exhibit is offered to rebut the testimony of Hector Cervantes Santos.

This exhibit is admissible pursuant to Rule 902 because it is a foreign public document.   The document is executed and attested to by Licenciado Gabriel Reyes Alvarez, in his official

capacity as Registrar of the Civil Registry of the Municipality of Tonala.  Reyes Alvarez is authorized by the laws of Mexico to make this execution and attestation.  The signature of Reyes Alvarez is accompanied by a certification from a Notary Public, Wonchee Montano, attesting to the genuineness of the signature and position of Moreno Gomez.  A Notary Public in Mexico has the power and authority to certify the signature and position of any person who executes a document in Mexico.  (Cuellar Decl. at ¶ 7)  Every Notary Public has authority to attest documents in and of himself, such that his acts do not have to be validated by any other authority.  (Cuellar Decl. at ¶ 7)  When a Notary Public prepares or certifies a document, everything the document contains is presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7)

In addition, the exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Moreno Gomez.  This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

This document is admissible (and not excluded by hearsay) because it constitutes an absent public record or entry pursuant to Rule 803(10).  Such records, if in existence, are not excluded by hearsay pursuant to Rule 803(8) and (9) because they constitute public records and records of vital statistics.

21

Records of vital statistics include records concerning births. Fed. R. Evid. 803(9).

Exhibit MM:   Certificate From The Municipality of Guadalajara

This exhibit is a record from the Municipality of Guadalajara that constitutes a statement of nonexistence of any record of a residence or address at 991 Avenida del Paseo de las Arboledas.   This exhibit is offered to rebut the testimony of Lorenzo Harrison, who testified on behalf of the Government that immediately prior to becoming an informant in this case he operated his own consulting company called Comunicacion Arboleras at Arboleras 991 in Guadalajara.

This exhibit is a certification stating that the Directorate of the Municipal Public Works of the Municipality of Guadalajara regularly maintains (for the past forty years) and preserves records of the streets, properties and official numbers that comprise Guadalajara.   The names and locations of the streets, as well as the properties and the official number corresponding to them are also recorded in the archive of the Directorate of Municipal Public Works.   This exhibit further certifies that after a search through the archives of the Directorate of Municipal Public Works from twenty years ago to this date, it is verified that there has not been issued an address number 991 Avenida de Las Arboledas.   Accordingly, this exhibit is admissible pursuant to 18 U.S.C. Section 3505 because

22

it constitutes a foreign record of a regularly conducted activity. As such, it cannot be excluded on hearsay grounds (See Section 3505(a)(1)) or authentication grounds (See Section 3505(a)(2)).

A municipality is a "business" as defined in Section 3505(c)(3). See 18 U.S.C. 3505(c)(3) ("Business" includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."); United States v. Hing Shair Chan, 680 F. Supp. 521, 523 (E.D.N.Y. 1988) ("Subsection 3505(a)(1) 'should be interpreted in the same manner as the comparable language in Rule 803(6) is interpreted.'"); cf. United States v. Verlin, 466 F. Supp. 155, 159 (D. Tex. 1979) (recording of emergency calls to municipal fire department admissible as business record under Rule 803(6)).

The exhibit also is admissible pursuant to Rule 902(3) because it is a foreign public document. It is executed and attested by Licenciado Francisco Javier Hidalgo y Castillo Hernandez who is the General Secretary and Trustee of the Municipality of Guadalajara.

This exhibit is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Hidalgo Y Castillo Hernandez. This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States. Fed. R. Evid. 902(3).

23

The exhibit is admissible (and not excluded by the hearsay rule) pursuant to Rule 803(7) and (10) because it certifies the absence of an entry in records kept in accordance with the provisions of paragraph 6 of Rule 803 and demonstrates the absence of a public record or entry. The provisions of Rule 803(7) and (10) apply to documents certified pursuant to Rule 902 and Section 3505. See United States v. Hing Shair Chan, 680 F. Supp. 521, 523 (E.D.N.Y. 1988) ("Subsection 3505(a)(1) 'should be interpreted in the same manner as the comparable language in Rule 803(6) is interpreted.'")

Exhibit NN:     Certified Record From Telefonos de Mexico, S.A. de C.V.

This exhibit is a record from Telefonos de Mexico, the sole and exclusive telephone company in Mexico, that constitutes a statement of nonexistence of any record of phone service at the residence of 114 Carretera A Tonala, in the Colonia Loma Dorada region of Tonala, Jalisco, and a statement that telephone service did not begin in the Colonia Loma Dorada region of the town of Tonala, Jalisco until March 15, 1988. This exhibit is offered to rebut the testimony of Hector Cervantes Santos, who testified on behalf of the Government, that telephone calls were made and received at the La Quinta residence prior to March 15, 1988.

This exhibit is a certification stating that Telefonos de Mexico is state owned and is the sole and exclusive telephone

24

company in Mexico and that it regularly maintained (for more than twenty years) and preserved records of all telephone numbers and addresses of residences in the Guadalajara area including the Municipalities of Guadalajara, Tonala, Zapopan and Tlaquepaque. These records include the name of the person, the telephone numbers and the residence address where the telephone is located.  Such records are kept as a regular practice in the course of the regularly conducted activity of Telefonos de Mexico.

The record is made in each case upon the installation of the telephone service for each user and is constantly maintained up to date while the telephone service continues to be rendered.  Accordingly, this exhibit is admissible pursuant to 18 U.S.C. § 3505 because it constitutes a foreign record of a regularly conducted activity.  As such, it cannot be excluded on hearsay grounds (See § 3505(a)(1)) or authentication grounds. (See § 3505(a)(2)).  The telephone company is a "business" as defined in section 3505(c)(3).  See 18 U.S.C. § 3505(c)(3) ("business" includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.).

This exhibit is also admissible pursuant to Rule 902(3) because it is a foreign public document.  It is executed and attested to by Luis Beltran Sotomayor, the Commercial Manager of the Guadalajara area for Telefonos de Mexico.  In addition, the

25

signature and authority of Luis Beltran Sotomayor is certified by Alfonso Ariolla Haro, a Notary Public from Mexico.  A Notary Public has the power and authority to certify the signature and position of the person who executes a document in Mexico. (Cuellar Decl. at ¶ 7)  Every Notary Public has authority to attest documents in and of himself, such that his acts do not have to be validated by any other authority.  (Cuellar Decl. at ¶ 7)  When a Notary Public prepares or certifies a document, everything the document contains is presumed to be true under Mexican law.  (Cuellar Decl. at ¶ 7).

In addition, the certification is accompanied by a final certification pursuant to Rule 902(3) attesting to the genuineness of the signature and official position of Alfonso Ariolla Haro.  This final certification has been made pursuant to Rule 902(3) by the Consul General of Mexico, who is assigned and accredited to the United States.  Fed. R. Evid. 902(3).

This exhibit is admissible (and not excluded by the hearsay rule) pursuant to Rule 803(7) and (10) because it certifies the absence of an entry in records kept in accordance with the provisions of paragraph 6 of Rule 806 and demonstrates the absence of a public record or entry.  See United States v. Linn, 880 F.2d 209, 216 (9th Cir. 1988) (telephone records are records of regularly conducted activity under Rule 803(6)).  The provisions of Rule 803(7) and (10) apply to documents certified pursuant to Rule 902 and § 3505.  See United States v. Hing Shair

26

*Chan*, 680 F. Supp. 521, 523 (E.D.N.Y. 1988) ("Subsection 3505(a)(1) 'should be interpreted in the same manner as the comparable language in Rule 803(6) is interpreted'.").

CONCLUSION

Based upon the foregoing, the documents referred to herein should be admitted as exhibits on behalf of defendant Ruben Zuno-Arce.

Dated:  June 28, 1990

EDWARD M. MEDVENE
JAMES E. BLANCARTE
RONALD A. DiNICOLA
BRIAN M. COLLIGAN
MARY A. FULGINITI
MITCHELL, SILBERBERG & KNUPP

By:  _____
     Ronald A. DiNicola
Attorneys for Defendant
Ruben Zuno-Arce

27



# United States
# District Court

### Central District of California

#### OFFICE OF THE CLERK

Leonard A. Brosnan
Clerk

COURT INTERPRETER SERVICES


DECLARATION OF INTERPRETER

#### SPANISH CERTIFIED ONLY

I, the undersigned, say:  I am a Spanish/English and English/Spanish Official Court Interpreter certified by the Administrative Office of the United States Courts and I have translated the attached document(s) from Spanish into English.  I declare, under penalty of perjury, that to the best of my abilities and belief, this is a true and correct translation of the Spanish language text.

SPECIFIC DESCRIPTION OF DOCUMENT(S)


DECLARATION OF ATTORNEY ANTONIO CUELLAR SALAS OF JUNE 26, 1990


Executed this  27   day of   June        , 19 90 , at Los Angeles, California.


MARIA DOLOREZ MARTIN
Name of Interpreter (PRINT)

Signature of Interpreter


Re: Ruben Zuno Arce
Case No.: CR87-422 ER
Ordered by: James Blancarte, Esq.,
No. of pgs.: 6


U.S. COURTHOUSE, RM. G-8 • LOS ANGELES, CALIFORNIA 90012

## DECLARATION OF LICENCIADO ANTONIO CUELLAR SALAS

I, Antonio Cuellar Salas, hereby declare as follows:

1. I am an attorney licensed to practice in Mexico. I did my professional studies at the Universidad Autonoma de Mexico ("National University") from 1955 to 1959. I received my degree from that University in 1965 and since then I have practiced this profession. I have specialized in matters of personal guaranties and writs of relief, as part of constitutional law.

2. Aside from my professional practice in my own office, I have taught classes in personal guaranties, writs of relief, writs of relief in criminal matters and in agrarian matters at the School of Law of the Universidad Autonoma de Mexico and in the post graduate department at the same university. I have taught classes on these subjects at other universities and institutions such as the following: the Universidad Autonoma de Chihuahua, the Universidad Autonoma de Tamaulipas (Tampico division), the Universidad de Hidalgo, the Universidad Panamericana and the National Institute of Criminal Sciences. I have been a speaker at conferences about constitutional matters, personal guaranties and writs of relief in many other universities and institutes throughout the Republic of Mexico.

28

3. I was the General Director of Professions by appointment of the Secretary of Public Education and by agreement of the President of the United Mexican States. I was the advising attorney to the President of the Great Commission of the Chamber of Senators. As a result of my profession and of the activities I am involved in, I am familiar with Mexican laws, both in the federal confines as well as local matters, since I have sponsored judicial matters both in federal courts as well as in the state courts.

4. As someone well versed in Mexican law and our federal system, I attest that in the Mexican Republic there are federal authorities, state authorities and municipal authorities, as well as federal laws, state laws, and laws that govern in the municipalities. There are civil codes in each one of the 31 states, as well as in the federal district, that regulate both the real estate contracts and the records pertaining to people in reference to their birth, marital status, death, etc. Each state of the Republic of Mexico is made up of municipalities, all governed by the applicable state laws, such that a state civil code applies throughout all the municipalities that comprise the corresponding federal state. As stated before, the state civil codes regulate the existence and function of the State Civil Registry. This Civil Registry is comprised of offices located in the municipalities, such that the births, marriages, and deaths of the residents are recorded. According to Mexican law, all births must be recorded in the Civil Registry. Generally, a

29

religious wedding is preceded by a civil marriage.  Regarding the
Public Registry of Property, there is also a State Public
Registry in each state, with offices in the principal
municipalities that comprise it, so that contracts for the
transfer of real estate and the rights and encumbrances
associated with said real estate are recorded therein.  There are
duly protected and arranged archives in both the Court Registry
and the Public Registry of Property that hold all of the
contracts, records, and registries executed before them.  They
are public archives in that all interested people can request
certified copies of the documents that they contain and the
authorities who drew them up are obligated and empowered to issue
certified copies of the appropriate records, contracts and
registries.

5. The urban area of Guadalajara is comprised of the
Municipalities of Tonala, Tlaquepaque, Zapopan and the
Municipality of Guadalajara itself.  All of the people and
authorities of those municipalities are governed by the Civil
Code of the State of Jalisco, which delineates the existence and
function of the Civil Registry as well as the Public Registry of
Property.  There are offices of both the Civil Registry and
Public Registry of Property in each of the municipalities that
comprise the urban area of Guadalajara, such that there are
offices of the Civil Registry in Tonala, Tlaquepaque, Zapopan and
in the Municipality of Guadalajara itself, each being an
independent office from the other, but all being regulated by the

30

same law.  The records drawn up by these offices are later
centralized in the state capital for their appropriate storage
and control, and for [the compilation of] statistics.

6. A notary public of the Mexican Republic has legal
powers to certify documents and formalize the execution of
contracts.  There is a notary law in each of the States of the
Republic and in the Federal District.  In this law, the creation
of powers and responsibilities of the notaries public that exist
in each one of the states of the Republic of Mexico are set
forth.  The notaries public are persons who must meet very
important and outstanding requirements such as holding an
attorney-at-law degree, professional practice as a notary, pass
candidate and opposition exams, be recognized as morally solvent,
never have been convicted of criminal charges, and be very honest
in their personal lives.

7. Contracts executed before a notary public, as well
as certificates made by them, are fully held to be true
throughout the Republic of Mexico.  Any time what is said or done
by the notaries is publicly certified, it must be held to be true
by the entire population, including the authorities and the
individuals.  Every notary public has authority to attest
documents in and of himself such that his acts do not have to be
validated by any other authority.  The records drawn up by the
notary are accepted as true, according to Mexican law, relying
upon their authority to certify the existence of acts and the

31

authenticity of signatures, of documents, of identity, and of the character of the persons.

8. According to the law, a notary or public official is aware that he will be punished and sanctioned if he certifies facts or documents knowing that they are false.  In any event, it is not customary for the notaries or public officials to cite, in the text of the certification, that they may be subject to such punishments or sanctions.

9. All of the civil codes of the Republic of Mexico indicate that the transfer of real estate property must be carried out before a notary public.  The notary public complies with the following requirements:

> (a)    he prepares the contract in the protocol books;
>
> (b)    he is present when the parties sign the contract and, thereafter, he authorizes it with his signature and seal;
>
> (c)    he sends a copy to the Public Registry of Property to be dully registered;
>
> (d)    he keeps the protocol book in which the contract is recorded for the period of time required by law;
>
> (e)    once the period of time required by law has expired, he will send the protocol book to the Archives of the Notaries;

32

(f)    the notary public will issue certified copies of the contract when the parties so request, copies that are considered documents by law.

10. The liability that notaries may incur for certifying false events or documents can include criminal liability that may merit a prison term; civil liability that may require him to pay damages that he has caused; and, in addition, his license or patent to be a notary may be canceled.  When a public official issues false certifications, he will be subject to the same criminal and civil punishments, in addition to being discharged from his duties.

11. According to Mexican law, the Registrars of the Civil Registry have legal powers to certify the existence or nonexistence of births, marriages or deaths recorded in their offices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of June 1990 in Los Angeles, California.


<u>Licenciado Antonio Cuellar Salas</u>


33

## DECLARACION DEL LICENCIADO ANTONIO CUELLAR SALAS.

1.  Yo, Antonio Cuellar Salas por este medio declaro lo siguiente:  Soy Abogado y ejerzo Derecho en Mexico.  Realice mis estudios profesionales en la Universidad Nacional Autonoma de Mexico ("National University"), de 1955 a 1959.  Obtuve el titulo de esta Universidad en 1965, y desde entonces me dedico al ejercicio de esta profesion.  Me he especializado en las materias de Garantias Individuales y Juicio de Amparo, como parte del Derecho Constitucional.

2.  Ademas del ejercicio profesional en mi despacho particular, me he dedicado a la docencia impartiendo las clases de Garantias Individuales, Juicio de Amparo y Juicio de Amparo en materia Penal y en materia Agraria en la Facultad de Derecho de la Universidad Nacional Autonoma de Mexico y en la Division de Estudios de Posgrado de la misma Universidad.  He impartido clases en estas materias en otras Universidades e Institutos como los siguientes:  En la Universidad Autonoma de Chihuahua, en la Universidad Autonoma de Tamaulipas (Division Tampico), en la Universidad de Hidalgo, en la Universidad Panamericana y en el Instituto Nacional de Ciencias Penales.  He impartido conferencias sobre temas Constitucionales, de Garantias Individuales y de Juicio de Amparo en muchas otras Universidades e Institutos de toda la Republica.

1

3.  Fui Director General de Profesiones por nombramiento del Secretario de Educacion Publica y por acuerdo del C. Presidente de los Estados Unidos Mexicanos; fui Abogado Asesor del Presidente de la Gran Comision de la Camara de Senadores. Como consecuencia de mi profesion, y de las actividades a las que me dedico, estoy familiarizado con las leyes mexicanas, tanto en el ambito federal, como en el ambito estatal, ya que he patrocinado asuntos juridicos tanto en los Tribunales Federales, como en los Tribunales Estatales.

4.  Como conocedor del derecho mexicano y de nuestro sistema federal, manifiesto que en la Republica Mexicana existen autoridades federales, autoridades estatales y autoridades municipales, lo mismo que leyes federales, leyes estatales y leyes que rigen en los municipios. Para regular los contratos relacionados con propiedades inmuebles, asi como para regular los actos relacionados con las personas, en cuanto a su nacimiento, estado civil, defuncion, etcetera, existen codigos civiles en cada uno de los 31 Estados, asi como en el Distrito Federal.  Cada Estado de la Republica esta integrado por municipios, rigiendose todos ellos por las leyes estatales vigentes, por lo que un codigo civil estatal se aplica en todos los municipios que integran el Estado Federal correspondiente.  Como se ha dicho, los codigos civiles estatales regulan la existencia y funcionamiento del Registro Civil Estatal. Este Registro Civil esta integrado por oficinas  ubicadas en sus municipios, por lo que en cada municipio se registran los nacimientos, los matrimonios y las defunciones de las personas que lo habitan.  Conforme a la ley Mexicana, todos los nacimientos deben ser

2

registrados en el Registro Civil.  Generalmente, una boda religiosa, esta precedida por un matrimonio civil.  Por lo que se refiere al Registro Publico de la Propiedad, tambien en cada Estado existe un Registro Publico Estatal, con oficinas en los principales municipios que la integran, para que en ellas se registren los contratos traslativos de la propiedad inmueble y los derechos y gravamenes que sobre dichas propiedades existan.  Tanto en el Registro Civil, como en el Registro Publico de la Priopiedad, existen archivos debidamente protegidos y ordenados que guardan todos los contratos, actos y registros que ante ellos se celebran, teniendo el caracter de archivos publicos, porque todas las personas interesadas pueden solicitar copias certificadas de los documentos que existen en esos lugares, quedando las autoridades que llevaron a cabo esos registros obligadas y con atribuciones para expedir copias certificadas de las actas, contratos y registros correspondientes.

5.  El area urbana de Guadalajara se integra con los municipios de Tonala, Tlaquepaque, Zapopan y el mismo municipio de Guadalajara. Todas las personas y autoridades de esos municipios se rigen por el Codigo Civil para el Estado de Jalisco, codigo este que establece la existencia y funcionamiento tanto del Registro Civil, como del Registro Publico de la Propiedad. Existen oficinas tanto del Registro Civil, como del Registro Publico de la Propiedad en cada uno de los municipios que integran el area urbana de Guadalajara, por lo que existen oficinas del Registro Civil en Tonala, en Tlaquepaque, en Zapopan y en el mismo municipio de Guadalajara, siendo oficinas autonomas entre si, pero reguladas por la misma ley. Las actas levantadas por esas

oficinas, se concentran posteriormente en la capital del Estado, para su debida guarda,
control y estadistica.

6. Un Notario Publico de la Republica Mexicana tiene atribuciones legales
para certificar documentos y formalizar la celebracion de contratos. En cada uno de
los Estados de la Republica y en el Distrito Federal existe una Ley del Notariado. En
esta Ley se establece la existencia, las atribuciones y las responsabilidades de los
Notarios Publicos que existen en cada uno de los Estados de la Republica Mexicana.
Los Notarios Publicos son personas que deben reunir requisitos muy importantes y
destacados como con el de tener titulo de Licenciado en Derecho, practica profesional
en una Notaria, presentar examenes de aspirante y de oposicion para llegar a ser
Notario, tener reconocida solvencia moral, no haber sido nunca condenado en causas
criminales y llevar una vida personal de gran honestidad.

7. Los contratos celebrados ante Notario Publico, asi como las certificaciones
hechas por estos tienen plena credibilidad en toda la Republica Mexicana, toda vez
que estan dotados de fe publica, por lo que lo dicho o hecho por los Notarios debe ser
creido por toda la poblacion, incluyendo autoridades y particulares.
Cada Notario Publico, tiene fe publica por si mismo, por lo que sus actos no requieren
ser validados por ninguna otra autoridad. Los actos formulados por el Notario se
consideran como verdaderos, conforme a la ley mexicana, contando con autoridad

4

para certificar la existencia de hechos y autenticidad de firmas, de documentos, de identidad y calidad de las personas .

8.  Conforme a la ley, un Notario o un Funcionario Publico saben que seran castigados y sancionados, si certifican hechos o documentos, a sabiendas de que son falsos.  De cualquier manera, no es la costumbre que los Notarios o Funcionarios Publicos citen en el texto de una certificacion que pueden estar sujetos a tales castigos o sanciones.

9.  Todos los Codigos Civiles en la Republica Mexicana, indican que la transmision de una propiedad inmueble debe llevarse a cabo ante Notario Publico.  El Notario Publico cumplira con los siguientes requisitos:

a) Preparara el contrato en los libros de Protocolo;

b) Estara presente cuando las partes firmen el contrato y posteriormente lo autorizara con su firma y sello;

c) Enviara una copia al Registro Publico de la Propiedad para su debido registro;

d) Conservara el libro de Protocolo en el que consta el contrato, durante el tiempo que senale la ley;

e) Una vez vencido el termino de ley, enviara el libro de Protocolo al Archivo de Notarias;

5

f) El Notario Publico, expedira las copias certificadas del contrato que le soliciten las partes, copias que se consideran como documentos publicos de acuerdo con la ley.

10.  La responsabilidad en que pueden incurrir los Notarios por certificar hechos o documentos falsos, puede consistir en responsabilidad penal, que amerite privacion de la libertad; en responsabilidad civil que lo obligue a pagar los danos y perjuicios que haya causado; y, ademas, puede cancelarse su patente o permiso como Notario. En caso de que sea un Funcionario Publico el que expida certificaciones falsas incurrira en las mismas responsabilidades penal y civil ademas de que pueda ser separado de su cargo.

11.  Conforme a la ley Mexicana, los Jefes de las oficinas del Registro Civil tienen atribuciones legales para certificar la existencia o inexistencia de nacimientos, matrimonios o defunciones registrados en sus oficinas.

Yo, declaro bajo pena de perjurio y bajo las leyes del Estado de California que lo anterior es cierto y correcto.

Ejecutado esto el 26 de junio de 1990 en Los Angeles, California.

Licenciado Antonio Cuellar Salas.

6

PROOF OF SERVICE
(Federal)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  1093 Broxton Ave., Suite 685, Westwood Village, California  90024.

       On June 28, 1990, I served the foregoing documents described as:

    MOTION TO ADMIT EXHIBITS OF DEFENDANT RUBEN ZUNO-ARCE;
        MEMORANDUM OF POINTS AND AUTHORITIES; AND
    DECLARATION OF LICENCIADO ANTONIO CUELLAR SALAS

on the interested parties in this action by delivering a true copy thereof in a sealed envelope to the offices of:

             Manuel Medrano, Esq.
             John Carlton, Esq.
             United States Attorney's Office
             312 North Spring Street
             14th Floor
             Los Angeles, CA  90012

       I delivered such copy by hand to the offices of the addressees.

       I declare that I am employed by the office of a member of the Bar of this Court to make such service, at whose direction the service was made.

       Executed on June 28, 1990, at Los Angeles, California.

_____

Print Name - L.X-PRESS          Signature