885462
885424

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

— — —

HONORABLE EDWARD RAFEEDIE, JUDGE PRESIDING

— — —

UNITED STATES OF AMERICA,      )
                              )
        PLAINTIFF,            )
                              )
    VS.                       )      NO. CR 87-422(B)
                              )
JESUS FELIX-GUTIERREZ,        )
RAUL LOPEZ-ALVAREZ,           )
RENE MARTIN VERDUGO-URQUIDEZ, )
                              )
        DEFENDANTS.           )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, MARCH 21, 1988

4:00 P.M.

FILED

MAR 6 1989

CLERK, U.S DISTRICT COURT
CENTRAL L...

BY

Title 28
Copy

VELMA B. THOMAS, CSR, RPR
OFFICIAL COURT REPORTER
406 U. S. COURT HOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012
(213) 629-4874
CSR NO. 2683

1    APPEARANCES:

2         FOR PLAINTIFF:

3              ROBERT C. BONNER
               UNITED STATES ATTORNEY
4              ROBERT L. BROSIO
               ASSISTANT UNITED STATES ATTORNEY
5              CHIEF, CRIMINAL DIVISION
               JIMMY GURULE
6              ASSISTANT UNITED STATES ATTORNEY
               MAJOR NARCOTICS SECTIONS
7              ROEL CAMPOS
               ASSISTANT UNITED STATES ATTORNEY
8              HOWARD DANIELS
               ASSISTANT UNITED STATES ATTORNEY
9              1400 UNITED STATES COURTHOUSE
               312 NORTH SPRING STREET
10             LOS ANGELES, CALIFORNIA  90012

11        FOR DEFENDANT FELIX-GUTIERREZ:

12             OVERLAND, BERKE, WESLEY, GITS, RANDOLPH & LEVANAS
               BY:  DONALD C. RANDOLPH, ESQ.
13                  MARK E. OVERLAND, ESQ.
               2566 OVERLAND AVENUE
14             SEVENTH FLOOR
               LOS ANGELES, CALIFORNIA  90064
15
          FOR DEFENDANT LOPEZ-ALVAREZ:
16
               PETER M. HORSTMAN
17             FEDERAL PUBLIC DEFENDER
               YOLANDA M. BARERA
18             CHIEF DEPUTY FEDERAL PUBLIC DEFENDER
               ELSA LEYVA
19             DEPUTY FEDERAL PUBLIC DEFENDER
               1503 UNITED STATES COURTHOUSE
20             312 NORTH SPRING STREET
               LOS ANGELES, CALIFORNIA  90012-4758
21

22

23

24

25

1   APPEARANCES:

2       FOR DEFENDANT VERDUGO-URQUIDEZ:

3           MICHAEL PANCER, ESQ.
             625 BROADWAY
4           SUITE 1135
             SAN DIEGO, CALIFORNIA  92101
5
           JUANITA R. BROOKS, ESQ.
6           108 IVY STREET
             SAN DIEGO, CALIFORNIA  92101
7
       SPANISH INTERPRETER:
8
           SARA KRAUTHAMER
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LOS ANGELES, CALIFORNIA; MONDAY, MARCH 21, 1988; 4:00 P.M.

2

1    THE CLERK:  CRIMINAL 87-422, UNITED STATES OF

2    AMERICA VERSUS JESUS FELIX-GUTIERREZ, RENE MARTIN

3    VERDUGO-URQUIDEZ, AND RAUL LOPEZ-ALVAREZ.

4    .    COUNSEL, PLEASE STATE YOUR NAMES FOR THE RECORD.

5    MR. GURULE:  GOOD AFTERNOON, YOUR HONOR.  JIMMY

6    GURULE AND ROEL CAMPOS APPEARING ON BEHALF OF THE UNITED

7    STATES.

8    MR. RANDOLPH:  GOOD AFTERNOON, YOUR HONOR.

9    DONALD C. RANDOLPH AND MARK OVERLAND APPEARING FOR THE

10   DEFENDANT JESUS FELIX-GUTIERREZ, WHO IS PRESENT IN COURT

11   WITH A SPANISH INTERPRETER.

12   MS. BARERA:  GOOD AFTERNOON, YOUR HONOR.  YOLANDA

13   BARERA AND ELSA LEYVA APPEARING FOR RAUL LOPEZ-ALVAREZ,

14   WHO IS PRESENT.

15   THE COURT:  WHO WAS YOUR CLIENT?

16   MS. BARERA:  RAUL LOPEZ-ALVAREZ.

17   MR. PANCER:  YES, YOUR HONOR.  MICHAEL PANCER

18   AND JUANITA BROOKS, COCOUNSEL FOR RENE VERDUGO, WHO IS

19   PRESENT.

20   THE COURT:  AND THAT IS ALL OF THE DEFENDANTS WHO

21   ARE PRESENT.  IS THAT TRUE?

22   MR. PANCER:  YES, YOUR HONOR.

23   THE COURT:  A SECOND SUPERSEDING INDICTMENT HAS

24   BEEN FILED.  HAVE EACH OF YOU RECEIVED A COPY OF THIS

25   INDICTMENT?

3

1          MR. PANCER:  I HAVE, YOUR HONOR.

2          MR. RANDOLPH:  YES, YOUR HONOR.

3          MS. LEYVA:  I HAVE, YOUR HONOR.

4          THE COURT:  HAVE YOU EACH DISCUSSED THE

5   INDICTMENT WITH YOUR RESPECTIVE CLIENTS AND MADE THEM

6   FAMILIAR WITH THE CONTENTS?

7          MS. LEYVA:  IT HAS BEEN READ TO THEM, YOUR HONOR.

8          MR. PANCER:  YES, YOUR HONOR.

9          MR. RANDOLPH:  THAT'S CORRECT, YOUR HONOR.

10         THE COURT:  ALL RIGHT.  DO YOU WAIVE ANY FURTHER

11  READING OF THE SECOND SUPERSEDING INDICTMENT?

12         MR. RANDOLPH:  WE WILL WAIVE, YOUR HONOR.

13         MR. PANCER:  YES, YOUR HONOR.

14         MS. LEYVA: YES, YOUR HONOR.

15         THE COURT:  DO THE DEFENDANTS ENTER NOT GUILTY

16  PLEAS WITH RESPECT TO THE SECOND SUPERSEDING INDICTMENT AS

17  WELL?

18         MR. RANDOLPH:  YES, YOUR HONOR.

19         MS. LEYVA:  YES, YOUR HONOR.

20         MR. PANCER:  YES, YOUR HONOR.

21         THE COURT:  WHAT CHANGES ARE MADE IN THIS SECOND

22  SUPERSEDING INDICTMENT?

23         MR. GURULE:  YOUR HONOR, AS TO THE SECOND

24  SUPERSEDING INDICTMENT, THERE HAS BEEN A CHANGE RELATIVE

25  TO COUNT 1 OF THE FIRST SUPERSEDING INDICTMENT.  IN THE

4

1   FIRST SUPERSEDING INDICTMENT COUNT 1, WHICH CHARGES

2   VIOLATION OF 18 U.S.C. 1952(B), VIOLENT CRIMES IN AID OF

3   RACKETEERING, AS IT WAS ORIGINALLY DRAFTED THAT COUNT

4   RELATED TO VIOLENT CRIMES COMMITTED AGAINST SPECIAL AGENT

5   ENRIQUE CAMARENA AND LIKEWISE INCORPORATED VIOLENT CRIMES

6   COMMITTED AS TO A DEA CONFIDENTIAL INFORMANT ALFREDO ZAVALA.

7        WHAT THE GOVERNMENT HAS SIMPLY DONE IN THE SECOND

8   SUPERSEDING INDICTMENT IS DIVIDE THAT PARTICULAR COUNT INTO

9   TWO SEPARATE COUNTS, ONE COUNT THAT RELATES TO VIOLENT

10  CRIMES AGAINST SPECIAL AGENT CAMARENA, AND THE SECOND THAT

11  RELATES TO VIOLENT CRIMES AS TO THE INFORMANT ALFREDO

12  ZAVALA.

13       THE COURT:  YOU HAVE SEPARATE OFFENSES THAT

14  VIOLATE THE VIOLENT CRIMES IN AID OF RACKETEERING?

15       MR. GURULE:  THAT IS CORRECT.

16       THE COURT:  ONE WITH RESPECT TO THE CRIME

17  RELATED TO AGENT CAMARENA AND ONE WITH RESPECT TO THE

18  OTHER MATTER.

19       MR. GURULE:  THAT'S CORRECT, YOUR HONOR.

20       THE COURT:  OTHERWISE THE SECOND SUPERSEDING

21  INDICTMENT IS THE SAME?

22       MR. GURULE:  THERE WAS ONE OTHER CHANGE THAT WAS

23  MADE.  THE GOVERNMENT CORRECTED A TYPOGRAPHICAL ERROR IN

24  COUNT 4 OF THE FIRST SUPERSEDING INDICTMENT.  COUNT 4 OF

25  THE FIRST SUPERSEDING INDICTMENT CHARGES A VIOLATION OF

5

1   18 U.S.C. 1111, 1114, SECTION 2, AND SECTION 3.   THAT IS THE

2   COUNT THAT INCORPORATES THE MURDER COUNT, THE SUBSTANTIVE

3   MURDER COUNT AS TO SPECIAL AGENT CAMARENA.   THE LAST LINE

4   OF COUNT 4 IN THE FIRST SUPERSEDING INDICTMENT STATED TO

5   THE EFFECT "IN VIOLATION OF," AND THEN IT WENT ON AND

6   STATED THE KIDNAPPING STATUTE, WHICH IS 18 U.S.C. 1201(A)(5).

7   THAT HAS BEEN CORRECTED TO READ "ALL IN VIOLATION OF

8   18 U.S.C. 1111 AND 1114."

9         THOSE ARE BASICALLY THE CHANGES.

10        THE COURT:   ALL RIGHT.   THE CLERK WILL ENTER

11  THE DEFENDANTS -- SECOND SUPERSEDING INDICTMENT.

12        WE HAVE A NUMBER OF PRETRIAL MOTIONS TO HEAR

13  THIS DATE.   ONE IS THE MOTION WHICH WAS ACTUALLY HEARD IN

14  PART THE LAST TIME WE CONVENED ON THIS CASE RELATING TO

15  THE GOVERNMENT'S PRIVILEGE UNDER ROVIARO.   THAT IS THE

16  DEFENDANTS' MOTION TO DISCLOSE INFORMANT.   THE COURT HAS

17  READ AND CONSIDERED THE NEW MATERIAL THAT HAS BEEN FILED

18  ON BEHALF OF THE DEFENDANTS IN SUPPORT OF THAT MOTION

19  AND THE GOVERNMENT'S MATERIAL THAT HAS BEEN FILED.

20        IN ADDITION, THE COURT HAS HAD EXTENSIVE RESEARCH

21  DONE ON THIS ISSUE WITH RESPECT TO A BREAKDOWN OF THE VARIOUS

22  CASES THAT HAVE APPLIED THE RULE THAT HAS FOUND IT NECESSSARY

23  TO DISCLOSE AND WHEN IT IS NECESSARY TO DISCLOSE.   NOW,

24  AFTER HAVING DONE THAT, IT IS THE COURT'S PRESENT VIEW

25  THAT THE DEFENDANTS HAVE FAILED TO SHOW THAT THE GOVERNMENT

6

1  PRIVILEGE UNDER ROVIARO SHOULD NOT BE HONORED, AND THAT

2  THEY SHOULD BE COMPELLED TO DISCLOSE THE NAMES OF THE

3  INFORMANT OR THE IDENTITY OF THE INFORMANT.  THE COURT

4  WILL STATE ITS REASONS.

5         IN ROVIARO THE COURT HELD THAT THE IDENTITY OF

6  AN INFORMANT MUST BE DISCLOSED WHENEVER THE INFORMANT'S

7  TESTIMONY MAY BE RELEVANT AND HELPFUL TO THE ACCUSED'S

8  DEFENSE.  WHERE DISCLOSURE OF AN INFORMER'S IDENTITY OR

9  OF THE CONTENTS OF HIS COMMUNICATIONS IS RELEVANT AND

10  HELPFUL TO THE DEFENSE OF THE ACCUSED OR IS ESSENTIAL TO

11  A FAIR DETERMINATION OF THE CASE, THE PRIVILEGE MUST GIVE

12  WAY.

13         NOW, SINCE THAT TIME IT HAS BEEN ESTABLISHED

14  BY THE DECISIONAL LAW THAT THE BURDEN OF PROOF IS ON THE

15  DEFENDANT TO SHOW A NEED FOR DISCLOSURE OF AN INFORMANT'S

16  IDENTITY.  THE DEFENDANT MUST PRESENT SOME TANGIBLE EVIDENCE

17  THAT WOULD ALLOW THE COURT TO FIND THAT THE INFORMANT COULD

18  BE OF ASSISTANCE IN THE DEFENSE OF THE CASE.  SPECULATION

19  THAT EXCULPATORY EVIDENCE COULD BE PROVIDED BY THE

20  INFORMANT IS NOT ENOUGH.  THE MERE SPECULATION THAT AN

21  EYEWITNESS MAY HAVE SOME INFORMATION HELPFUL TO THE

22  DEFENDANTS' CASE IS NOT SUFFICIENT TO SHOW THE SPECIFIC

23  NEED REQUIRED BY THE ROVIARO CASE.  THESE ARE CASES THAT

24  HAVE SO HELD:  UNITED STATES VS. MC LAUGHLIN, NINTH CIRCUIT;

25  UNITED STATES VS. KIM, ALSO IN THE NINTH CIRCUIT.

1        FINALLY, THE NINTH CIRCUIT HAS STATED THAT NO

2  HARD AND FAST RULE CAN BE PATTERNED WITH REFERENCE TO THE

3  DISCLOSURE OF THE NAME OF AN INFORMANT.   THE TRIAL JUDGE

4  MUST BALANCE THE PUBLIC INTEREST IN PROTECTING THE FLOW OF

5  INFORMATION AGAINST THE INDIVIDUAL'S RIGHT TO PREPARE HIS

6  DEFENSE.

7        NOW, AS TO CONFIDENTIAL INFORMANTS, WHO MAY NOT

8  TESTIFY AT THE TRIAL, DEFENDANTS HAVE FAILED TO MEET THE

9  BURDEN UNDER ROVIARO FOR THE FOLLOWING REASONS:   IN ORDER

10  TO SHOW THAT AN INFORMANT HAS SIGNIFICANTLY PARTICIPATED

11  IN THE CRIMES UNDERLYING THE INDICTMENT OR WAS A PERCIPIENT

12  WITNESS TO THE CRIMES, AND THAT DISCLOSURE OF  HIS IDENTITY

13  WOULD BE HELPFUL TO THE DEFENSE, THE DEFENDANT MUST MAKE

14  SOME EVIDENTIARY SHOWING.

15        IN THIS CASE THE DEFENDANTS FAIL TO BRING FORTH

16  ANY EVIDENCE WHICH INDICATES THE PARTICIPATION OF ANY

17  PARTICULAR INFORMANT.   INSTEAD THE DEFENDANTS MERELY STATE

18  THAT ALL PERCIPIENT WITNESSES AND ACTIVE PARTICIPANTS MUST

19  BE REVEALED UNDER ROVIARO.   THIS IS NOT A CORRECT STATEMENT

20  OF WHAT ROVIARO STANDS FOR, NOR IS THE SHOWING THAT HAS

21  BEEN MADE, THIS TYPE OF SHOWING, SUFFICIENT UNDER ROVIARO.

22  AFFIDAVITS OR OTHER EVIDENCE POINTING TO A PARTICULAR,

23  UNIDENTIFIED INFORMANT MUST BE THE BASIS OF A MOTION UNDER

24  ROVIARO.   NO SUCH EVIDENCE HAS BEEN OFFERED HERE.   THE

25  DEFENDANTS' SHOWING OF NEED IS MERELY SPECULATION THAT AN

8

1  EYEWITNESS MAY HAVE SOME EVIDENCE HELPFUL TO DEFENDANTS'

2  CASE, AND SUCH A  SHOWING IS INADEQUATE UNDER ROVIARO.

3            AS TO ANY INFORMANTS WHO MIGHT TESTIFY AT TRIAL,

4  IF THERE SHOULD BE ANY, THE DEFENDANTS -- AND WE HAVE LOOKED

5  AT IT BOTH WAYS HERE, INFORMANTS WHO MIGHT TESTIFY AND

6  INFORMANTS WHO MIGHT NOT, AND THERE HAS ALSO BEEN A

7  FAILURE TO MAKE AN APPROPRIATE SHOWING THERE.  THE IDENTITY

8  OF THE INFORMANTS WHO WILL TESTIFY AT THE TRIAL WILL BE

9  REVEALED AT THE TIME OF TRIAL.

10            FINALLY, THE ARGUMENT BY THE DEFENDANT GUTIERREZ

11  THAT A TRIAL WITNESS WHO IS ALSO A CONFIDENTIAL INFORMANT

12  IS NOT PROTECTED UNDER ROVIARO IS NOT WELL TAKEN TO THE

13  EXTENT THIS IS SUPPOSED TO DEPRIVE THE GOVERNMENT OF THE

14  OPPORTUNITY TO KEEP THE INFORMANT'S IDENTITY SECRET UNTIL

15  TRIAL.  I WILL TALK MORE ABOUT THAT IN A MOMENT WHEN I

16  DISCUSS THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER,

17  AND I WILL DO THAT, AND THEN I WILL ALLOW ANY COUNSEL THAT

18  WISHES TO DO SO TO BE HEARD.

19            THE GOVERNMENT HAS MOVED FOR A PROTECTIVE ORDER,

20  AND THE DEFENDANTS HAVE REQUESTED DISCLOSURE OF THE WITNESS

21  LIST PRIOR TO TRIAL.  IT IS THE COURT'S VIEW, AFTER

22  REVIEWING THE DOCUMENTS THAT HAVE BEEN FILED, THAT IS THE

23  MEMORANDUM IN SUPPORT AND OPPOSITION, AND AFTER RESEARCHING

24  THE ISSUE INVOLVED IN THE CASE, THAT THE MOTION SHOULD BE

25  GRANTED, THAT IS, THAT A PROTECTIVE ORDER SHOULD BE GRANTED

9

1   AND THE MOTION FOR PRETRIAL WITNESS LIST SHOULD BE DENIED,

2   AND THESE ARE THE REASONS THAT THE COURT VIEWS THAT MATTER

3   IN THAT LIGHT.

4   .          IN THE CASE OF UNITED STATES VS. RICHTER, WHICH

5   IS 488 FED 2ND 170, THE COURT SET OUT THE TEST REQUIRED FOR

6   THE BALANCING OF COMPETING INTERESTS OF THE GOVERNMENT AND

7   THE DEFENDANT.  IF A DEFENDANT DESIRES DISCRETIONARY

8   DISCLOSURE OF THE GOVERNMENT'S WITNESSES, HE SHOULD MAKE

9   A SHOWING SIMILAR TO THAT REQUIRED BY RULE 16(B).  IF THE

10  COURT WISHES TO ENTERTAIN THE MOTION, AND IF THE GOVERNMENT

11  FEELS THAT IT HAS A VALID REASON FOR RESISTING DISCOVERY,

12  IT SHOULD MOVE FOR A PROTECTIVE ORDER SIMILAR TO THAT

13  PROVIDED UNDER RULE 16(E).  FOLLOWING THESE PROCEDURES

14  WILL ENSURE THAT THERE IS AN ADEQUATE BASIS FOR REQUESTING

15  SUCH DISCOVERY AND WILL AFFORD THE GOVERNMENT A KNOWN

16  METHOD FOR RESISTING THE REQUEST.

17          WELL, THIS IS WHAT HAS BEEN FILED HERE, IS A

18  MOTION FOR PROTECTIVE ORDER.

19          WHERE THE GOVERNMENT MAKES A SPECIFIC SHOWING

20  OF NEED FOR CONCEALMENT, IT HAS BEEN HELD THAT THE DEFENDANTS

21  MUST MAKE A SPECIFIC SHOWING OF NEED FOR THE DISCLOSURE OF

22  THE INFORMANT.  THIS IS THE CASE OF UNITED STATES VS.

23  CANNONE IN THE SECOND CIRCUIT, 528 FED 2ND.  THE COURT

24  MUST DETERMINE WHETHER THE GOVERNMENT'S INTEREST IN

25  WITHHOLDING THE INFORMER'S IDENTITY OUTWEIGHS THE DEFENDANTS'

10

1   INTEREST IN PREPARING THEIR CASE FOR TRIAL.  THE BURDEN

2   IS PLACED ON THE DEFENDANT TO SHOW SPECIFIC NEED FOR

3   DISCLOSURE, AND MERE SPECULATION ABOUT WHAT THE INFORMER'S

4   TESTIMONY MIGHT BE IS NOT SUFFICIENT.

5           IN THIS CASE THE GOVERNMENT HAS SHOWN A

6   SIGNIFICANT DANGER TO THE INFORMANTS AND TO THEIR FAMILIES.

7   DEFENDANTS, ON THE OTHER HAND, HAVE ARGUED THAT EARLY

8   DISCLOSURE WOULD ASSIST IN THE PREPARATION OF THEIR CASE

9   IN CHIEF AND IN THEIR ATTEMPT TO CROSS-EXAMINE THE

10  INFORMANTS AT TRIAL.  CERTAINLY IT IS HELPFUL TO THE

11  DEFENDANTS TO HAVE AN OPPORTUNITY TO INTERVIEW WITNESSES

12  PRIOR TO TRIAL.  HOWEVER, A MERE SHOWING OF MATERIALITY IS

13  NOT SUFFICIENT WHEN THE GOVERNMENT'S MOTION FOR PROTECTIVE

14  ORDER IS SUBSTANTIATED BY A SHOWING OF SPECIFIC NEED.

15          THE GOVERNMENT'S SHOWING OF A SPECIFIC NEED FOR

16  A PROTECTIVE ORDER HAS NOT BEEN MET BY A SUFFICIENT SHOWING

17  OF A SUFFICIENT NEED FOR PRETRIAL DISCLOSURE.  THE DEFENDANTS'

18  MOTION AMOUNTS TO A CLAIM THAT AN OPPORTUNITY TO INTERVIEW

19  WITNESSES WOULD BE HELPFUL FOR CROSS-EXAMINATION, AND THIS

20  SHOWING IS INSUFFICIENT.

21          SO I WOULD BE INCLINED TO GRANT THE PROTECTIVE

22  ORDER AND DENY THE MOTION FOR PRETRIAL WITNESS LIST.

23          NOW, THE DEFENDANT VERDUGO HAS FILED A

24  SUPPLEMENTAL MOTION FOR DISCOVERY, WHICH I HAVE READ AND

25  CONSIDERED TOGETHER WITH THE OPPOSITION THAT HAS BEEN FILED

11

1   AND MY OWN INDEPENDENT RESEARCH OF THE ISSUES.   THESE ARE

2   THE ITEMS THAT THE DEFENDANT VERDUGO HAS REQUESTED, AND

3   THIS IS THE COURT'S VIEW OF THESE ITEMS.

4          ITEM 1(B)(1)(H) IS A REQUEST FOR VOICE ANALYSIS

5   REPORTS.

6          THE COURT PREVIOUSLY DENIED THE DEFENDANT'S

7   REQUEST FOR VOICE ANALYSIS REPORTS FOR LACK OF MATERIALITY.

8   THE DEFENDANT ARGUES NOW THAT THE REPORT IS MATERIAL IN

9   THAT IF THE GOVERNMENT'S INCONCLUSIVE VOICE PRINT ANALYSIS

10  DID NOT EXHAUST ALL THE MEANS OF IDENTIFYING VOICES ON

11  TAPE RECORDED CONVERSATIONS, AND IF THE DEFENDANT'S EXPERT

12  DOES CONCLUSIVELY REVEAL THAT VERDUGO WAS NOT PRESENT AT

13  THE INTERROGATION, THEN THE GOVERNMENT MAY TRY TO INTRODUCE

14  THEIR REPORT OF INCONCLUSIVENESS TO IMPEACH DEFENDANT'S

15  REPORT.   FOR THIS REASON THE GOVERNMENT ALLEGEDLY SHOULD

16  BE COMPELLED TO PRODUCE THE REPORT.   IN SUPPORT OF THIS

17  REQUEST, THIS DEFENDANT CITES CASES CONCERNING FINGERPRINT

18  AND FOOTPRINT REPORTS -- UNITED STATES VS. HEMMER, FIRST

19  CIRCUIT; AND FIBER ANALYSIS -- UNITED STATES VS. BLASCO.

20  IN THESE CASES THE GOVERNMENT WAS REQUIRED TO PRODUCE THE

21  REPORTS; HOWEVER IN BOTH CASES THE GOVERNMENT PRESENTED

22  EXPERT TESTIMONY IN THEIR CASE.

23          IN THIS CASE THE GOVERNMENT WILL NOT INTRODUCE

24  SUCH EXPERT EVIDENCE.   MOREOVER, THE GOVERNMENT ARGUES

25  THAT THE FIELD OF VOICE ANALYSIS IS SUBSTANTIALLY

12

1   DIFFERENT FROM THAT OF FIBER AND FINGERPRINT ANALYSIS IN

2   THAT THAT IS CONSIDERED BY SOME, THOUGH NOT ALL, COURTS

3   TO BE INHERENTLY UNRELIABLE.  THE D.C. CIRCUIT HAS HELD

4   .SUCH EVIDENCE IS NOT ADMISSIBLE; ALTHOUGH THE SECOND

5   CIRCUIT HAS HELD THAT IT IS ADMISSIBLE.  THERE IS NO NINTH

6   CIRCUIT RULING ON THE SUBJECT.

7       SO IT IS THE COURT'S VIEW WITH RESPECT TO THIS

8   REQUEST THAT THE DEFENDANT HAS FAILED TO SHOW THAT IT IS

9   ENTITLED TO PRODUCTION OF THE GOVERNMENT'S VOICE ANALYSIS

10  REPORT UNDER RULE 16.  AS THE COURT PREVIOUSLY RULED, THE

11  GOVERNMENT IS NOT OBLIGATED TO ASSIST A DEFENDANT IN

12  CONDUCTING EXPERT DISCOVERY WHERE THE GOVERNMENT WOULD NOT

13  USE THE EXPERT'S ANALYSIS DURING ITS CASE IN CHIEF.

14      THE NEXT ITEM THAT IS THE SUBJECT OF THIS MOTION

15  IS ITEM 1(E), FOREIGN CONVICTIONS OF WITNESSES.

16      THIS DEFENDANT VERDUGO ARGUES THAT HIS DUE

17  PROCESS RIGHTS ARE IMPAIRED BECAUSE IT IS IMPOSSIBLE FOR

18  DEFENDANT TO OBTAIN INFORMATION CONCERNING FOREIGN

19  CONVICTIONS OF THE GOVERNMENT WITNESSES BECAUSE THE IDENTITY

20  OF THE WITNESSES IS UNKNOWN.  ON THIS BASIS THE DEFENDANT

21  ARGUES THAT DUE PROCESS REQUIRES THE GOVERNMENT TO OBTAIN

22  THIS INFORMATION AND PROVIDE IT TO DEFENDANT.  I REJECTED

23  THIS ARGUMENT AT THE LAST HEARING AND DID NOT INDICATE

24  THAT MY RULING WAS IN ANY WAY PROVISIONAL OR CONTINGENT.

25  THERE IS NO NEW REASON ASSERTED BY THE DEFENDANT WHICH

13

1   WOULD CAUSE A REEVALUATION OF HIS ARGUMENT.

2          THERE IS SUBSTANTIAL AUTHORITY CITED BY THE

3   DEFENDANT FOR THE PROPOSITION THAT FOREIGN CONVICTIONS

4   ARE ADMISSIBLE IN FEDERAL COURT -- FOURTH, FIFTH, AND SECOND

5   CIRCUIT DECISION -- AND THE FIFTH CIRCUIT HAS SPECIFICALLY

6   HELD THAT CONVICTIONS IN MEXICO ARE ADMISSIBLE.  THERE IS

7   NO NINTH CIRCUIT AUTHORITY.

8          IT IS MY VIEW THAT THIS MOTION SHOULD BE DENIED.

9   THE COURT HAS PREVIOUSLY DENIED THIS REQUEST TO COMPEL THE

10  GOVERNMENT TO OBTAIN FOREIGN CONVICTION INFORMATION AND

11  THEN TURN THE INFORMATION OVER TO THE DEFENDANT.  THE

12  DEFENDANT'S DUE PROCESS ARGUMENT IS NOT SUPPORTED BY ANY

13  AUTHORITY WHICH SUGGESTS THAT THE GOVERNMENT IS OBLIGED TO

14  HUNT OUT THIS INFORMATION.  THE GOVERNMENT'S DUE PROCESS

15  OBLIGATION IS SATISFIED IF THE GOVERNMENT TURNS OVER ANY

16  INFORMATION CONCERNING FOREIGN CONVICTIONS WHICH IS IN THE

17  GOVERNMENT'S POSSESSION, AND IT IS ORDERED TO DO SO.

18         NOW, THE REQUEST FOR EARLY DISCLOSURE OF BRADY

19  MATERIAL, I THINK WE WENT INTO THIS THE LAST TIME.  THERE

20  IS NO AUTHORITY FOR DEFENDANT'S REQUEST THAT THE COURT

21  ORDER THE GOVERNMENT TO PROVIDE BRADY MATERIAL PRIOR TO

22  TRIAL.  HOWEVER, THIS ISSUE SEEMS IRRELEVANT TO THE COURT

23  BECAUSE THE GOVERNMENT CONTENDS THAT IT DOES NOT POSSESS

24  ANY BRADY MATERIAL.

25         ITEM 1(F)(6) IS A REQUEST FOR INFORMATION

14

1  CONCERNING OTHER INVESTIGATIONS IN WHICH GOVERNMENT

2  WITNESSES HAVE PARTICIPATED.

3      THE DEFENDANT CITES UNITED STATES VS. SHAFFER,

4  NINTH CIRCUIT 1986, TO SUPPORT ITS CONTENTION THAT THE

5  GOVERNMENT MUST PROVIDE A DESCRIPTION OF OTHER INVESTIGATIONS

6  IN WHICH THE GOVERNMENT WITNESS HAS PARTICIPATED.  IN

7  SHAFFER THE COURT HELD THAT THE GOVERNMENT WAS OBLIGED

8  UNDER BRADY AND GIGLIO TO DISCLOSE THAT A KEY WITNESS WAS

9  A PAID INFORMANT IN A SEPARATE INVESTIGATION.  THE

10 GOVERNMENT WILL PROVIDE SUCH INFORMATION PRIOR TO THE TIME

11 OF THE WITNESS'S TESTIMONY.  THE ONLY DISPUTE APPEARS TO

12 BE THE TIMING OF THE DISCLOSURE.  THE DEFENDANT WANTS THIS

13 INFORMATION WELL IN ADVANCE OF TRIAL.  NO AUTHORITY IS

14 PROVIDED FOR THE EARLY DISCLOSURE ASPECT OF THIS REQUEST.

15     SO IT IS THE COURT'S VIEW, SINCE THE GOVERNMENT

16 HAS ACKNOWLEDGED ITS DUTY UNDER BRADY AND GIGLIO, AND THIS

17 COURT HAS ORDERED THE PRODUCTION OF SUCH EVIDENCE, THAT

18 THE REQUEST BY THE DEFENDANT TO ORDER SUCH DISCLOSURE WELL

19 IN ADVANCE OF TRIAL WAS NOT JUSTIFIED.  THE DEFENDANT HAS

20 NOT SUPPORTED HIS REQUEST FOR DISCLOSURE WELL IN ADVANCE

21 OF TRIAL WITH ANY AUTHORITY.

22     THE NEXT ITEM IS ITEM 1(F)(7), IDENTIFICATION

23 OF PRIOR OCCASIONS WHEN WITNESS TESTIFIED.

24     IT IS THE COURT'S VIEW THAT WITNESS STATEMENTS

25 ARE COVERED BY THE JENCKS ACT.  DEFENDANT HAS FAILED TO

15

1   PROVIDE ANY AUTHORITY SUPPORTING HIS CONTENTION OR

2   CONCLUSION THAT THE GOVERNMENT IS OBLIGED TO DISCOVER

3   PRIOR TESTIMONY OF A WITNESS OF WHICH IT HAS NO KNOWLEDGE.

4            DEFENDANT CONTENDS THAT PRIOR STATEMENTS MADE BY

5   A WITNESS MAY NOT BE WITHIN THE SCOPE OF THE JENCKS ACT

6   WHERE THE STATEMENTS WERE MADE IN A DIFFERENT PROCEEDING.

7   FOR EXAMPLE, AN INFORMANT MAY HAVE MADE STATEMENTS WHICH

8   THESE ASSISTANT UNITED STATES ATTORNEYS ARE NOT AWARE

9   WERE MADE BECAUSE THEY WERE NOT INVOLVED IN THE PROCEEDINGS.

10  THESE STATEMENTS ARE NOT WITHIN  THE SCOPE OF THE JENCKS

11  ACT.

12           THIS INFORMATION IS SOUGHT TO AVOID NEEDLESS

13  DELAY OF THE TRIAL ACCORDING TO THE DEFENDANT.  IF, FOR

14  EXAMPLE, A WITNESS HAS TESTIFIED IN OTHER CASES, THE

15  DEFENDANT WILL NEED TO ORDER A TRANSCRIPT OF THE OTHER

16  PROCEEDING PRIOR TO CROSS-EXAMINATION.  THE DEFENDANT

17  ARGUES THAT THE STATUS OF AN INFORMANT AS A PAID INFORMANT

18  IS ESSENTIAL FOR CROSS-EXAMINATION, AND THE ONLY WAY TO

19  DISCOVER WHETHER AN INFORMANT IS A CAREER INFORMANT IS TO

20  BE DIRECTED TO ANY PRIOR TESTIMONY.  THAT IS BASICALLY THE

21  ARGUMENT ON WHICH THE DEFENDANT WANTS THIS COURT TO IMPOSE

22  UPON THE GOVERNMENT THE DUTY OF SEARCHING OUT ALL PAST

23  OCCASIONS ON WHICH A WITNESS HAS TESTIFIED.  THIS ARGUMENT

24  IS NOT SUPPORTED BY ANY AUTHORITY AND IS SIMILAR TO THE

25  ARGUMENT CONCERNING FOREIGN CONVICTIONS, WHICH I HAVE

16

1  ALREADY REJECTED.

2        ITEM 1(F)(9), INTERNAL GOVERNMENT MEMORANDUM

3  CONCERNING COOPERATION OF A GOVERNMENT WITNESS.

4        THE COURT'S VIEW OF THIS IS THAT IT SHOULD BE

5  DENIED.  THE GOVERNMENT CLAIMS ITS ROVIARO PRIVILEGE NOT

6  TO REVEAL INFORMATION WHICH WOULD HAVE THE EFFECT OF

7  REVEALING THE IDENTITY OF A CONFIDENTIAL INFORMANT.  THE

8  GOVERNMENT HAS AGREED, AND THIS COURT HAS ORDERED, THAT

9  THE GOVERNMENT WILL PROVIDE ALL BRADY, GIGLIO, AND AUGURS

10  MATERIAL PRIOR TO TRIAL.  IT IS THE COURT'S VIEW THAT THAT

11  IS SUFFICIENT.

12        ITEM 1(F)(10), TAX RETURNS OF COOPERATING

13  INDIVIDUALS.  THE COURT VIEWS THIS AS A MOTION THAT MUST

14  BE DENIED.  I DENIED IT AT THE LAST HEARING, AND THE

15  DEFENDANT HAS NOT PRODUCED ANYTHING WHICH WOULD SUGGEST

16  THAT THE COURT'S RULING WAS IN ERROR.  NO CASES SUPPORT

17  THE PROPOSITION THAT TAX RETURNS ARE DISCOVERABLE UNDER

18  RULE 16 BECAUSE THEY MAY REVEAL AN UNDERSTANDING BETWEEN

19  THE GOVERNMENT AND THE WITNESS.

20        ITEM 1(F)(11), PRESENTENCE REPORTS REGARDING

21  WITNESS INFORMANTS.  IT IS THE COURT'S INTENTION TO DENY

22  THAT MOTION.  THE DEFENDANT SEEKS PRODUCTION OF PRESENTENCE

23  REPORTS WHICH ARE NOT IN THE GOVERNMENT'S POSSESSION AND

24  WHICH ARE HELD TO BE CONFIDENTIAL BY LAW, SO THAT THEY

25  INTEND TO REVIEW THE REPORTS TO DETERMINE WHETHER ANY

17

1    WITNESS HAS MADE A DEAL WITH THE GOVERNMENT WHICH MAY BE

2    EVIDENCED IN THE REPORT.  AGAIN THE DEFENDANT CONTENDS

3    THAT THIS POSSIBILITY OF FINDING EVIDENCE OF AN

4    UNDERSTANDING BETWEEN THE INFORMANT AND THE GOVERNMENT

5    SUPPORTS THE DEFENDANT'S CONTENTION THAT SUCH DISCLOSURE

6    IS REQUIRED.  NO RELEVANT AUTHORITY SUPPORTS THIS

7    CONTENTION, AND THE COURT WOULD INTEND TO DENY THAT.

8            NOW, THERE IS A FINAL MOTION HERE WHICH MAY HAVE

9    BEEN CURED BY THE FILING OF THE SUPERSEDING INDICTMENT.

10   IT IS THE DEFENDANT GUTIERRIEZ'S MOTION TO STRIKE THE

11   SURPLUSAGE.  THE PURPOSE OF A MOTION TO STRIKE UNDER RULE

12   7(D) IS TO PROTECT A DEFENDANT AGAINST PREJUDICIAL OR

13   INFLAMMATORY ALLEGATIONS THAT ARE NEITHER RELEVANT NOR

14   MATERIAL TO THE CHARGES.  IN THIS CASE THE LANGUAGE

15   CONCERNING MURDER IS BOTH RELEVANT AND MATERIAL TO THE

16   CHARGE BECAUSE MURDER IS AN ELEMENT OF THE CRIME CHARGED

17   AGAINST THIS DEFENDANT.

18           THE MOTION FOR BILL OF PARTICULARS IS NOT BEFORE

19   THE COURT, THE COURT HAVING DENIED AN EX PARTE MOTION FOR

20   AN EXTENSION OF TIME TO FILE THIS MOTION.

21           THE MOTION TO STRIKE SURPLUSAGE, I THINK, HAS

22   BEEN CURED -- THE PROBLEMS RAISED THERE -- BY THE FILING

23   OF THE SECOND SUPERSEDING INDICTMENT.

24           COUNSEL, DON'T YOU AGREE?

25           MR. RANDOLPH:  YES, YOUR HONOR.

18

1       THE COURT:  AT THE LAST HEARING THE DEFENDANT

2  GUTIERREZ MOVED FOR THE PRODUCTION OF ALL WRITINGS PERTAINING

3  TO A MEETING HELD BETWEEN THE PROSECUTION AND ROBERT

4  RAMSEY, DEFENDANT'S COUNSEL IN THE CASE OF THE UNITED STATES

5  VS. GUTIERREZ.  THE DECLARATIONS THAT HAVE BEEN FILED, AND

6  I ASSUME HAVE BEEN SERVED ON COUNSEL, PROVIDE THAT NO SUCH

7  NOTES WERE MADE BY ANYONE WHO HAD ANYTHING TO DO WITH THE

8  CASE, WHETHER IT WAS THE ASSISTANT UNITED STATES ATTORNEY

9  OR ANY AGENT, AND THIS ASSERTION WAS MADE HERE AT THE LAST

10  HEARING.  IT HAS NOW BEEN MADE UNDER OATH IN WRITING.  THE

11  COURT HAS NO REASON TO DOUBT IT, AND IT HAS PREVIOUSLY

12  ORDERED THAT IF ANY SUCH NOTES WERE MADE AND INADVERTENTLY

13  OVERLOOKED OR FORGOTTEN AND SHOULD BE DISCOVERED, THEN THEY

14  SHOULD BE PRODUCED.

15       I WILL TELL YOU, BEFORE WE EMBARK ON A LONG

16  COURSE OF ARGUMENT, THAT I HAVE CONSIDERED VERY CAREFULLY

17  THE ARGUMENTS THAT YOU HAVE MADE IN WRITING, AND WE HAVE

18  LOOKED VERY CAREFULLY AT THE CASE LAW THAT PERTAINS TO

19  THESE VARIOUS ISSUES, AND THE DECISIONS THAT I HAVE

20  TENTATIVELY ANNOUNCED HERE ARE BASICALLY THE COURT'S VIEW

21  OF THE LAW AND THE APPLICATION OF IT TO THE FACTS OF THIS

22  CASE.  KEEPING THAT IN MIND, IS THERE ANY COUNSEL THAT

23  DESIRES TO BE HEARD, FIRST, ON THE MOTION FOR DISCLOSURE

24  OF INFORMANTS?

25       MR. PANCER:  IF YOUR HONOR BY THAT COMMENT IS

19

1   REFERRING TO THE MOTION FOR A PRETRIAL WITNESS LIST, I

2   WOULD LIKE TO RESPOND TO THAT.

3          THE COURT:   THAT IS COMBINED.   THE TWO TOGETHER

4   ARE COMBINED.

5          MR. PANCER:   YES.   IF I COULD JUST RESPOND TO

6   THAT PART OF IT, AND MR. RANDOLPH, I THINK, HAS MORE TO

7   SAY ABOUT THE INFORMANTS THAT THE GOVERNMENT IS NOT GOING

8   TO CALL.

9          BUT I JUST WANT TO SPEAK VERY BRIEFLY, GIVEN

10  THE COURT'S COMMENTS, CONCERNING THE PRETRIAL WITNESS LIST.

11  AS WE KNOW, IT IS DISCRETIONARY THAT THE COURT CAN

12  CERTAINLY ORDER THAT THE NAMES OF THE GOVERNMENT WITNESSES

13  BE GIVEN TO US HOWEVER MANY DAYS PRIOR TO TRIAL AS THE

14  COURT WISHES TO.   AND NOBODY IS ARGUING -- EVEN THE

15  GOVERNMENT ISN'T ARGUING THAT WE ARE NOT ENTITLED TO DO

16  THE APPROPRIATE CHECKING OF THE WITNESSES' BACKGROUND AND

17  THE APPROPRIATE INVESTIGATION OF THE WITNESSES' BACKGROUND,

18  AND THE GOVERNMENT IS SAYING THAT THEY ARE GOING TO TURN

19  OVER THAT LIST, I BELIEVE, TWO DAYS PRIOR TO TRIAL.

20         AND OUR REQUEST IS THAT WE HAVE IT 30 DAYS PRIOR

21  TO TRIAL.   I THINK, YOUR HONOR, THAT WHAT THE ISSUE BOILS

22  DOWN TO IS WHETHER OR NOT YOUR HONOR IS GOING TO GIVE US

23  TIME AT SOME POINT TO DO THE INVESTIGATION OF THE

24  BACKGROUND OF THE GOVERNMENT WITNESSES THAT WE THINK IS

25  ABSOLUTELY NECESSARY.

20

1    NOW, AS THE COURT KNOWS, WE SUBMITTED SOME

2  AFFIDAVITS FROM DEFENSE COUNSEL, OTHER DEFENSE COUNSEL,

3  WHO WE THINK HAVE EXCELLENT REPUTATIONS AS FAR AS BEING

4  CRIMINAL DEFENSE LAWYERS, AND THEY HAVE INDICATED -- I

5  PRECLUDE MY OWN BECAUSE I WAS INVOLVED IN THIS CASE.  THEY

6  HAVE SAID THAT CLEARLY WE WOULD NEED AT LEAST 30 DAYS TO

7  DO THE INVESTIGATION.  YOUR HONOR, I HAVE FIVE OR SIX MORE

8  SUCH DECLARATIONS THAT I WISH TO FILE.  I HAVE GIVEN

9  COPIES TO COUNSEL.  I CAN TELL THE COURT BY WAY OF SUMMARY

10  THAT THEY ARE TO THE SAME EFFECT, AND THOSE ARE FROM A

11  NUMBER OF COUNSEL FROM LOS ANGELES -- JERALD NEWTON,

12  VICTOR SHERMAN, MICHAEL NASSATIR, AND RICHARD HIRSCH --

13  ALL ATTORNEYS WHO PRACTICE IN THIS COURTHOUSE, AND THE

14  COURT MAY BE FAMILIAR WITH THEM; BUT IT IS ALL TO THE

15  SAME EFFECT, THAT IT IS NOT POSSIBLE TO PROPERLY PREPARE

16  FOR A CASE UNLESS COUNSEL DO THE APPROPRIATE BACKGROUND

17  INVESTIGATIONS OF GOVERNMENT WITNESSES.

18    NOW, WHEN WE ADD INTO THAT THAT MOST OF THESE

19  WITNESSES ARE GOING TO HAVE TO BE INVESTIGATED IN THE

20  REPUBLIC OF MEXICO, EACH OF THE COUNSEL ON WHOSE EXPERTISE

21  WE RELY SAY THAT THE 30 DAYS WOULD BE APPROPRIATE.

22    SO THE QUESTION, YOUR HONOR, IS IF YOU ARE GOING

23  TO GIVE US THE TIME TO DO THE INVESTIGATION THAT WE THINK

24  IS NECESSARY, ARE YOU GOING TO GIVE IT TO US IN THE MIDDLE

25  OF THE TRIAL WITH THE JURY SITTING HERE, WHICH I KNOW YOUR

1  HONOR WOULD PREFER NOT TO DO IT THAT WAY AND WE WOULD

2  PREFER NOT TO EXCUSE THE JURY FOR A WEEK OR TWO WEEKS OR

3  THREE WEEKS WHILE THIS INVESTIGATION IS BEING DONE; OR ARE

4  WE GOING TO GET IT SO THAT WE CAN DO THE INVESTIGATION SO

5  AS TO NOT INTERFERE WITH THE TIMING OF THE TRIAL AND THE

6  ADMINISTRATION OF THE TRIAL, WITH WHICH WE KNOW YOUR HONOR

7  IS CONCERNED?

8          IT ALMOST DOESN'T MATTER, YOUR HONOR, WHETHER WE

9  GET IT THE DAY THE TRIAL STARTS OR IF YOU GIVE IT TO US

10 30 DAYS BEFORE THE TRIAL BECAUSE IF WE ARE GOING TO GET IT

11 THE DAY THE TRIAL STARTS, AND THEN WE ARE GOING TO BE GIVEN

12 THE TIME WE THINK -- NOBODY HAS SAID WE ARE NOT ENTITLED

13 TO IT -- IF WE ARE GOING TO BE GIVEN THE TIME TO DO THE

14 INVESTIGATION, THEN WE ARE JUST GOING TO HAVE TO DELAY THE

15 START OF THE TRIAL WHILE WE ARE DOING THAT INVESTIGATION.

16          SO THAT IS REALLY THE ISSUE, YOUR HONOR, AND WE

17 JUST THINK IT IS MORE EFFICIENT IN TERMS OF THE

18 ADMINISTRATION OF JUSTICE; IT IS NECESSARY IN TERMS OF

19 OUR PROTECTING THE RIGHTS OF OUR CLIENTS THAT WE BE GIVEN

20 THOSE MATERIALS AND BE GIVEN 30 DAYS TO INVESTIGATE.

21          SO IF YOU WANT TO SAY IT IS 30 DAYS PRIOR TO

22 TRIAL OR ON THE DAY THE TRIAL STARTS, BUT WE ARE NOT GOING

23 TO BRING THE JURY IN FOR 30 DAYS, THAT IS NOT RELEVANT TO

24 US AS LONG AS WE DO GET TO DO THAT, YOUR HONOR.

25          EVEN IN THE GOVERNMENT'S MOTION, AT PAGE 12, THEY

22

1    SAY THAT IT WAS APPROPRIATE -- THAT THE ISSUE ON APPEAL

2    WAS THAT THE DEFENSE DIDN'T HAVE PRETRIAL INFORMATION

3    CONCERNING THE GOVERNMENT'S WITNESSES, AND THERE THE COURT

4    FOUND THAT BECAUSE THE DEFENSE DIDN'T ASK FOR A RECESS OR

5    DELAY OF THE TRIAL, THEY HAD ESSENTIALLY WAIVED THEIR RIGHT

6    TO NOW OBJECT THAT THEY DIDN'T HAVE PRETRIAL INFORMATION

7    FOR THE WITNESSES.

8            WE ARE NOT GOING TO DO THAT, YOUR HONOR.  WE ARE

9    GOING TO ASK FOR A RECESS.  WE ARE GOING TO ASK FOR A

10   DELAY AT THE TIME WE DO GET THE GOVERNMENT'S WITNESS LIST.

11   ON BEHALF OF OUR CLIENTS WE ARE GOING TO DO WHAT IS

12   CONSIDERED BY ANY OBSERVER AT LEAST AN ADEQUATE OR

13   COMPETENT DEFENSE JOB, AND THAT, YOUR HONOR, WOULD CALL

14   FOR THE INVESTIGATION THAT WE HAVE OUTLINED IN THE

15   AFFIDAVITS, AND I WOULD ASK FOR PERMISSION TO FILE AT THE

16   CONCLUSION OF THIS HEARING THE FIVE OR SIX ADDITIONAL

17   AFFIDAVITS THAT I HAVE SUMMARIZED TO THE COURT.  WE JUST

18   GOT THEM.

19           THE COURT:  ALL RIGHT.  YOU MAY DO THAT.

20           DO YOU WISH TO RESPOND?

21           MR. GURULE:  YES, YOUR HONOR, JUST BRIEFLY.

22   THERE IS CLEARLY NO AUTHORITY FOR MR. PANCER'S

23   REPRESENTATION OR STATEMENT TO THE COURT THAT THE DEFENSE

24   COUNSEL IS ENTITLED TO A 30-DAY CONTINUANCE OR A 30-DAY

25   DELAY OF THE TRIAL TO PURSUE AN INVESTIGATION REGARDING

23

1   (1) A GOVERNMENT INFORMANT.  THERE IS NO AUTHORITY,

2   STATUTORY, NO CASE PRECEDENT, FOR THAT; AND CLEARLY A

3   GRANTING OF A CONTINUANCE BY THE COURT IS A DISCRETIONARY

4   MATTER.

5           THIS IS CLEARLY SPECULATION ON BEHALF OF

6   MR. PANCER THAT THAT AMOUNT OF TIME IS GOING TO BE

7   REQUIRED RELATIVE TO INVESTIGATING THESE PARTICULAR

8   CONFIDENTIAL INFORMANTS.  IT IS SPECULATIVE BASED UPON THE

9   FACT THAT AGAIN THE GOVERNMENT IS GOING TO BE TURNING

10  OVER IN A TIMELY FASHION THE JENCKS STATEMENTS, THE AUGURS,

11  BRADY, AND GIGLIO MATERIAL PERTAINING TO EACH AND EVERY

12  ONE OF THE CONFIDENTIAL INFORMANTS.

13          SO THE COURT SHOULD SIMPLY NOT GO ALONG AND GRANT

14  THIS TYPE OF CONTINUANCE OR AGREE TO THIS TYPE OF

15  CONTINUANCE BASED UPON MERE SPECULATION SUPPORTED BY NO

16  CASE AUTHORITY OR OTHER LEGAL AUTHORITY.

17          MR. PANCER:  IF I COULD, YOUR HONOR, FOR JUST

18  ONE MOMENT.  IT IS NOT SPECULATION.  THE ABA STANDARDS OF

19  DEFENSE, APPROPRIATE DEFENSE FUNCTION -- THE KINNERLY CASE,

20  WHICH I CITED IN MY BRIEF, AND THE STRICKLAND CASE, WHICH

21  I HAVE NOT CITED, BUT A CITE THAT I WILL SUBMIT, SAYS THAT

22  DEFENSE COUNSEL ARE REQUIRED TO DO THIS KIND OF BACKGROUND

23  CHECK.

24          THIS IS NOT SPECULATION, AS THE GOVERNMENT

25  ARGUES.  IT IS ALSO LOGICAL THAT WE WOULD BE REQUIRED TO

24

1   DO THAT.  BUT, YOUR HONOR, IT IS NOT SPECULATION.  IT IS

2   LEGAL FOUNDATION THAT WE MUST DO THE BACKGROUND CHECK.  IT

3   IS JUST A QUESTION OF HOW WE ARE GOING TO DISJOIN THE

4   TRIAL TO DO IT.  HOPEFULLY -- WE ARE ASKING THAT WE DO

5   NOT DISJOIN IT AT ALL.

6          THE COURT:  WELL, ONE OF THE PROBLEMS THAT HAS

7   BEEN POINTED OUT BY ONE OF THESE CASES THAT I READ IN

8   CONNECTION WITH THIS MOTION IS THAT THE EARLY PRETRIAL

9   DISCLOSURE OF WITNESSES SOMETIMES RESULTS IN WITNESS

10  INTIMIDATION, IN WITNESSES NOT SHOWING UP AT THE TIME OF

11  TRIAL, AND THAT IS ONE OF THE FACTORS THAT MUST BE BALANCED

12  HERE.  NOW, ANY DEFENDANT WHO CAN MAKE A SHOWING TO THE

13  COURT THAT THEY NEED ADDITIONAL TIME IN ORDER TO PROPERLY

14  AND FAIRLY PREPARE FOR TRIAL WILL GET IT.  SO IT IS NOT

15  THE INTENTION OF THE COURT TO FORECLOSE, BUT I WILL TELL

16  YOU, THOUGH, THAT IT HAS TO BE A PRETTY GOOD SHOWING.  IT

17  CAN'T BE SPECULATIVE OR MERE WISHFUL THINKING BECAUSE I

18  AM NOT KNOWN TO GRANT CONTINUANCES, PARTICULARLY DURING

19  THE COURSE OF A TRIAL.  I DON'T WANT TO ENCOURAGE YOU TO

20  EXPECT THAT THAT WILL HAPPEN.  BUT ANY DEFENDANT WHO FINDS

21  HIMSELF PREJUDICED BY ANY SITUATION CAN BRING IT TO THE

22  ATTENTION OF THE COURT AND ASK FOR RELIEF, AND THE COURT

23  WILL GRANT WHATEVER RELIEF IS APPROPRIATE.

24          MR. PANCER:  YOUR HONOR, IT IS VERY POSSIBLE THAT

25  SOME, IF NOT ALL OF THESE WITNESSES, ARE ALREADY IN THE

25

1   WITNESS PROTECTION PROGRAM.  IT IS POSSIBLE -- AND I DON'T

2   KNOW THAT THESE WITNESSES IN TERMS OF BEING -- FIRST OF

3   ALL, WE WOULD DENY THAT THERE IS ANY BASIS, YOUR HONOR,

4   FOR THINKING THERE WOULD BE INTIMIDATION.  BUT IF THE

5   COURT IS OPERATING UNDER THAT PREMISE, AND IF THE

6   GOVERNMENT IS, IF THESE WITNESSES ARE ALREADY IN A WITNESS

7   PROTECTION PROGRAM, IF THEY ARE ALREADY OUT OF THE

8   COMMUNITY, IF THEY ARE BEYOND BEING CONTACTED BY

9   DEFENDANTS -- IF, YOUR HONOR, THAT IS THE SITUATION,

10  POSSIBLY AT LEAST THOSE WITNESSES' NAMES CAN BE MADE

11  AVAILABLE SO WE WON'T FIND OURSELVES IN THE SITUATION,

12  WHICH I CAN TELL THE COURT WE ARE GOING TO BE IN -- WE

13  ARE CERTAINLY GOING TO AT LEAST HAVE TO CONTACT PERSONS

14  WHO KNOW THE WITNESSES TO FIND OUT ABOUT THE WITNESSES'

15  POTENTIAL BIAS AGAINST THE PARTICULAR DEFENDANT.  WE ARE

16  GOING TO HAVE TO DO SOME CHECKING TO SEE IF THE WITNESS

17  EVEN COULD HAVE BEEN WHERE THE WITNESS SAYS HE WAS ON THE

18  DAY ABOUT WHICH HE IS TESTIFYING.  SO CLEARLY SOME TIME

19  IS GOING TO BE NEEDED, YOUR HONOR.

20        IF THERE IS A WITNESS THAT WE DON'T HAVE TO GO

21  THROUGH THAT BECAUSE THE WITNESS IS ALREADY IN PROTECTION,

22  POSSIBLY WE COULD GET THOSE WITNESSES' NAMES.

23        THE COURT:  WELL, YOU KNOW, YOU AND ALL

24  DEFENDANTS TAKE THE POSITION THAT ONLY THE GOVERNMENT CAN

25  BE THE SOURCE OF INFORMATION, BUT THE FACT OF THE MATTER

26

1   IS THAT THE DEFENDANTS ARE CHARGED WITH SPECIFIC OFFENSES

2   THAT ARE ALLEGED IN THE INDICTMENT.  NAMES, DATES, AND

3   PLACES OF EVENTS ARE ALLEGED IN THE INDICTMENT.  SURELY

4   THE DEFENDANTS ARE A VERY GOOD SOURCE OF INFORMATION FOR

5   PEOPLE TO TALK TO AND SEE AND WHO WAS INVOLVED AND WHERE

6   THEY WERE, SO THAT IT IS NOT ABSOLUTELY NECESSARY THAT THE

7   COURT ORDER A PRETRIAL DISCLOSURE OF THE WITNESS LIST,

8   WHICH THE LAW DOES NOT SEEM TO SUPPORT.

9          SO THE COURT STANDS BY ITS TENTATIVE RULING TO

10  DENY THE MOTION IN THAT RESPECT.

11         MR. PANCER:  THANK YOU, YOUR HONOR.

12         MS. BARERA:  YOUR HONOR, MAY I BE HEARD BRIEFLY.

13         THE COURT:  YES.  CONCERNING WHAT?

14         MS. BARERA:  THE SAME MATTER AS WAS ADDRESSED

15  BY MR. PANCER, BUT AS IT RELATES TO MR. LOPEZ.

16         ESSENTIALLY, YOUR HONOR, TO THE EXTENT THAT THE

17  REQUEST MADE BY MR. PANCER ON BEHALF OF MR. VERDUGO WAS

18  NOT COVERED IN OUR MOTION FOR DISCOVERY, WE WOULD BE JOINING

19  IN TO THAT PARTICULAR MOTION, AND OF COURSE AT THIS POINT

20  NOT REARGUING IT, BUT ACCEPTING THE COURT'S RULING.

21         THE ONLY THING I WANTED TO STATE FOR THE RECORD

22  IS THAT I WOULD AGREE WITH THE COURT THAT THERE ARE

23  CERTAIN MATTERS THAT ARE BEING ASKED IN THAT MOTION ON

24  BEHALF OF MR. VERDUGO THAT ARE THINGS THE DEFENDANTS COULD

25  PROBABLY GET ON THEIR OWN -- FOR EXAMPLE, FOREIGN

27

1   CONVICTIONS, TAX RETURNS, PRODUCTION OF PRESENTENCE REPORTS.

2   THE PROBLEM IS THAT WE CAN'T GET THEM UNLESS WE KNOW WHO

3   THE WITNESSES ARE.

4           I WOULD THEREFORE GO BACK TO THE ORIGINAL

5   REQUEST ON BEHALF OF MR. LOPEZ-ALVAREZ, WHICH HAS ALREADY

6   BEEN ADDRESSED, AND THAT IS THE WITNESS STATEMENTS --

7   EXCUSE ME -- WITNESSES.  THAT IS CRITICAL BECAUSE IF WE

8   DON'T HAVE THOSE NAMES, WE CAN'T DO THIS INVESTIGATION.

9   THAT IS WHY WE ARE BEING FORCED TO REQUEST THE DISCOVERY

10  FROM THE GOVERNMENT BECAUSE THERE IS NO OTHER WAY FOR US

11  TO GET SOMETHING WHEN WE DON'T KNOW WHAT IT IS THAT WE

12  COULD REQUEST.

13          I WOULD BEG TO DIFFER WITH THE ASSISTANT UNITED

14  STATES ATTORNEY THAT THERE IS NO AUTHORITY FOR THE

15  DEFENDANTS TO REQUEST A RECESS, AFTER THE WITNESS HAS

16  TESTIFIED, A REASONABLE PERIOD OF TIME, AND IN FACT IF

17  HE WOULD LOOK AT THE JENCKS ACT ITSELF, THERE IS A

18  PROVISION FOR THE COURT IN ITS DISCRETION TO RECESS A

19  PROCEEDINGS IN A TRIAL FOR SUCH TIME AS IT MAY DETERMINE

20  TO BE REASONABLY REQUIRED FOR THE EXAMINATION OF THE

21  STATEMENT.  I BELIEVE THAT THE NOTES THAT RELATE TO

22  SECTION 3500, THE JENCKS ACT, DO LEND SUPPORT FOR THE

23  PROPOSITION THAT AFTER A WITNESS HAS TESTIFIED AND AFTER

24  WE HAVE MADE A JENCKS ACT REQUEST FOR STATEMENTS. THAT WE

25  NEED TIME TO REVIEW THAT STATEMENT, AND AT THAT TIME WE

28

1  WOULD HAVE AN OPPORTUNITY TO MAKE A PROFFER TO THE COURT

2  WHY WE WOULD NEED ADDITIONAL TIME, WHY WE WOULD NEED A

3  RECESS IN ORDER TO DO WHATEVER INVESTIGATION WOULD BE

4  NECESSARY.

5       THE COURT:  WELL, KEEP IN MIND THAT THE

6  GOVERNMENT HAS TO CALL THEIR WITNESSES FIRST.  THAT COULD

7  TAKE A SUBSTANTIAL PERIOD OF TIME BEFORE IT IS NECESSARY

8  FOR THE DEFENDANTS TO PUT ON THEIR CASE.  THIS TIME PERIOD,

9  I THINK, PROVIDES SOME OPPORTUNITY FOR INVESTIGATION, AND

10 IF IT IS NECESSARY, FOR EXAMPLE, TO RECALL A WITNESS FOR

11 THE PURPOSE OF FURTHER CROSS-EXAMINATION, THAT COULD BE

12 DONE.

13      MS. BARERA:  WE UNDERSTAND THAT, YOUR HONOR,

14 BUT THE CASE MAY BE THAT WE WILL NOT HAVE SUFFICIENT TIME

15 BECAUSE WE WILL BE IN TRIAL.  OBVIOUSLY WE CANNOT BE HERE

16 AND SOMEWHERE ELSE.  ALTHOUGH THERE ARE INVESTIGATORS IN

17 OUR OFFICE, WE DO A LARGE PART OF OUR PHONE INVESTIGATION.

18 OBVIOUSLY WE WILL CROSS THAT BRIDGE WHEN WE COME TO IT.

19      BUT I WANT TO MAKE THE COURT AWARE OF WHAT OUR

20 FEELING IS AND WHY WE THINK IT IS CRITICAL TO HAVE THE

21 WITNESS LIST.

22      IN OUR CASE, YOUR HONOR, SPEAKING SPECIFICALLY

23 ON BEHALF OF MR. LOPEZ, WE HAVE DISCLOSED WHAT OUR DEFENSE

24 IS TO THE GOVERNMENT, AND WE HAVE DISCLOSED IT TO THE COURT.

25 GIVEN OUR DEFENSE THAT MR. LOPEZ WAS NOT INVOLVED IN

29

1   ANYTHING AND WAS NOT PRESENT, HE IS NOT A SOURCE OF WHO

2   THE POSSIBLE WITNESSES FOR THE GOVERNMENT WOULD BE.  I THINK

3   IN ORDER TO CONSIDER HIM A POSSIBLE SOURCE OF GIVING NAMES

4   OF INDIVIDUALS, HE WOULD HAVE HAD TO HAVE BEEN PRESENT TO

5   HAVE KNOWN WHO WAS THERE.

6           AS I STATED IN THE PLEADINGS WE FILED WITH THE

7   COURT, MR. LOPEZ WAS NOT THERE OR AT ANY TIME PRESENT

8   DURING ANY OF THE ACTIONS CLAIMED BY THE GOVERNMENT, SO

9   HE CANNOT BE A SOURCE.  AS I SAID, I AM STRICTLY SPEAKING

10  ON BEHALF OF MR. LOPEZ.

11          I WOULD SUBMIT IT.  AS I INDICATED, YOUR HONOR,

12  IF I COULD HAVE THE COURT'S INDICATION OF WHETHER MR. LOPEZ

13  CAN BE PERMITTED TO JOIN TO THE EXTENT THAT IT RELATES TO

14  HIM IN  MR. VERDUGO'S MOTION.

15          THE COURT:  YES, I WILL PERMIT YOU TO JOIN, BUT

16  THE RULING REMAINS THE SAME.

17          MS. BARERA:  I UNDERSTAND THAT, YOUR HONOR.  THANK

18  YOU VERY MUCH.

19          THE COURT:  ALL RIGHT.

20          MR. OVERLAND:  MARK OVERLAND ON BEHALF OF JESUS

21  FELIX.  I WOULD LIKE TO BE HEARD WITH RESPECT TO THIS SAME

22  ISSUE, YOUR HONOR.  WHAT I WOULD LIKE TO DO IS REALLY FOCUS

23  THE ATTENTION OF THE COURT ON REALLY WHAT HAS HAPPENED.

24  ON THE 16TH THE COURT ORDERED THE GOVERNMENT TO DISCLOSE A

25  WITNESS LIST TO US OF WITNESSES OTHER THAN CONFIDENTIAL

30

1    INFORMANTS.  TO DATE WE HAVE NOT RECEIVED ANY WITNESS

2    LIST FROM THE GOVERNMENT, AND I ASSUME THAT NOT EVERY

3    WITNESS THAT THE GOVERNMENT IS GOING TO CALL WOULD BE A

4    CONFIDENTIAL INFORMANT.

5              BUT I THINK THAT POINTS OUT THE PROBLEMS THAT

6    WE HAVE.  THE BASIS OF THE COURT'S RULING, NUMBER ONE,

7    IS THAT THE GOVERNMENT HAS NOW FILED A REQUEST FOR A

8    PROTECTIVE ORDER TO WHICH WE ARE NOT PRIVY; AND, SECONDLY,

9    THE DEFENSE HAS NOT COME UP WITH SUFFICIENT REASONS,

10   SPECIFIC REASONS, TO OVERCOME THE NEED WHICH THE GOVERNMENT

11   HAS STATED IN ITS REQUEST FOR A PROTECTIVE ORDER.  I THINK

12   WHEN THE COURT SAYS THAT THE DEFENSE HAS MERELY STATED IT

13   WOULD BE HELPFUL FOR THE DEFENSE TO HAVE THE OPPORTUNITY

14   TO KNOW WHO THE WITNESSES ARE BECAUSE IT WOULD BE HELPFUL

15   FOR CROSS-EXAMINATION, I THINK WE HAVE SAID MORE THAN THAT.

16   I THINK THAT WHAT THE BASIS OF THE COURT'S RULING OVERLOOKS

17   IS THE FACT THAT THE TESTIMONY AGAINST JESUS FELIX IS GOING

18   TO BE BASED ON THE TESTIMONY OF WITNESSES.  THE DECLARATION

19   OF MR. RANDOLPH THAT HAS BEEN FILED IN CONNECTION WITH OUR

20   MOTION SPECIFICALLY STATES THAT THE DOCUMENTARY EVIDENCE

21   CERTAINLY IS NOT THE EVIDENCE THAT THE GOVERNMENT HAS

22   AGAINST MR. FELIX.

23             IT IS THEREFORE OF CRITICAL IMPORTANCE THAT THE

24   DEFENSE BE ALLOWED TO PREPARE FOR ADEQUATE CROSS-EXAMINATION

25   OF WITNESSES AND FOR ADEQUATE PRESENTATION OF WITNESSES

31

1   THAT WOULD CAST DOUBT ON THE CREDIBILITY OF THE

2   GOVERNMENT'S WITNESSES.

3        BUT I THINK WHAT THE COURT SAID ABOUT WITNESS

4   INTIMIDATION, THE COURT SHOULD BE RIGHTLY CONCERNED ABOUT

5   WITNESS INTIMIDATION.  HOWEVER, I THINK THERE ARE STEPS

6   THAT THE COURT CAN TAKE IN ORDER TO GUARD AGAINST THAT,

7   WHICH DO NOT REACH THE DRACONIAN METHOD THAT IT HAS USED

8   OF DENYING THE WITNESS LIST ENTIRELY TO THE DEFENSE.

9        THERE ARE VARIOUS WAYS OF IMPEACHING THE

10  TESTIMONY OF THE WITNESSES TO BE PRESENTED BY THE

11  GOVERNMENT, AND THE ONLY WAY THAT THE GIVING OF THE WITNESS

12  LIST IN ADVANCE OF TRIAL IS HELPFUL TO THE DEFENSE IS THE

13  FACT THAT THE DEFENSE WOULD BE ABLE TO DO A BACKGROUND

14  CHECK ON THE WITNESSES, BE ABLE TO SEND AN INVESTIGATOR

15  OUT, AND WOULD BE ABLE TO COME UP WITH WITNESSES THAT WILL

16  CAST DOUBT ON THE CREDIBILITY OF THESE WITNESSES.  FOR THAT

17  THE DEFENSE COUNSEL NEED NOT CONSULT WITH THE DEFENDANTS.

18  WE CAN DO THAT ON OUR OWN.  IF WE HAVE THE NAMES AND IF WE

19  HAVE THE ADDRESSES OF THESE WITNESSES, WE CAN SEND OUT

20  THE INVESTIGATOR, AND WE CAN GET THAT TYPE OF EVIDENCE,

21  ABSENT ANY CONTACT WITH THE DEFENDANTS.

22        THEREFORE, WHAT I AM SUGGESTING IS THAT THE

23  COURT ISSUE, NOT A PROTECTIVE ORDER BARRING SUCH

24  DISCLOSURE, BUT MERELY A PROTECTIVE ORDER THAT ONLY THE

25  DEFENSE COUNSEL BE ALLOWED THE NAMES OF THESE WITNESSES

32

1    SO THAT WE MAY PREPARE THAT ASPECT OF THE DEFENSE CASE,

2    WHICH I DON'T THINK ANYBODY CAN DENY IS CRUCIAL, ESPECIALLY

3    IN A CASE LIKE THIS WHERE THE TESTIMONY OF THE WITNESSES

4    .IS GOING TO BE THE EVIDENCE AGAINST MR. FELIX, AND IN THAT

5    WAY -- AND 30 DAYS ISN'T ASKING VERY MUCH, AND I AM SURE

6    THAT EVEN WITHOUT LOOKING AT WHAT THE GOVERNMENT HAS FILED

7    IN CAMERA, I WOULD BE WILLING TO BET THAT THERE IS NOTHING

8    IN THERE THAT SAYS ANY OF THE DEFENSE COUNSEL POSE A

9    THREAT OF INTIMIDATION TO THESE WITNESSES.  AND IF WE

10   DON'T POSE A THREAT OF INTIMIDATION TO THESE WITNESSES,

11   CERTAINLY OUR AGENTS WOULD NOT OR OUR INVESTIGATORS WOULD

12   NOT, AND WE WOULD BE ABLE TO CONDUCT THAT INVESTIGATION

13   WITHOUT THE REASON FOR THE COURT'S PROTECTIVE ORDER.

14        SO IF WHAT THE GOVERNMENT IS CONCERNED ABOUT IS

15   INTIMIDATION BY THE DEFENDANTS, I THINK THAT CAN BE TAKEN

16   CARE OF BY A COURT ORDER SAYING THAT IT IS ONLY LIMITED

17   TO DISCLOSURE TO DEFENSE COUNSEL AND THEIR INVESTIGATORS

18   SO THAT WE CAN BE ABLE TO ADEQUATELY PREPARE FOR THE

19   CROSS-EXAMINATION OF THESE WITNESSES.

20        IT SEEMS TO ME THAT THAT IS A MIDDLE GROUND WHICH

21   THE COURT CAN TAKE WHICH WOULD ADEQUATELY SAFEGUARD THE

22   RIGHTS OF THE DEFENDANTS AND EFFECTIVELY PRESENT  THE

23   TESTIMONY AND TO EFFECTIVELY CROSS-EXAMINE THESE WITNESSES

24   WITHOUT THE NEED FOR A CONTINUANCE DURING THE TRIAL, AND

25   IT SEEMS TO ME THAT THAT ORDER, WHICH THE COURT COULD

33

1   FOLLOW, THAT ORDER WOULD OBVIATE THE NEED FOR ANY TYPE OF

2   CONTINUANCE DURING THE TRIAL TO UNDERTAKE THE TYPE OF

3   LENGTHY INVESTIGATION THAT WOULD BE REQUIRED.

4           IT SEEMS TO ME THAT WHEN THE COURT SAYS THAT WE

5   CAN DO IT AFTER THE TRIAL, AFTER THE WITNESSES HAVE BEEN

6   CALLED, AND THE WITNESSES CAN BE RECALLED, I THINK THE

7   COURT KNOWS THAT THAT CERTAINLY IS A WAY OF DOING IT, BUT

8   IT IS CERTAINLY NOT THE MOST EFFECTIVE WAY BECAUSE THE

9   JURY IS NOT ABLE TO HAVE THE IMMEDIATE ORGANIZATION OF

10  ALL OF THE FACTS WHICH ARE RELEVANT TO THE TESTIMONY OF A

11  PARTICULAR WITNESS.

12          SO I AM ASKING THE COURT TO CONSIDER THAT AS AN

13  ALTERNATIVE.  IT IS CERTAINLY AN ALTERNATIVE THAT WOULD

14  OBVIATE WHATEVER FOUNDATION THE GOVERNMENT MAY HAVE PUT

15  IN ITS REQUEST FOR A PROTECTIVE ORDER.

16          THE OTHER THING I AM CONCERNED ABOUT IS THE

17  SWEEPING ASSERTION BY THE GOVERNMENT WITH RESPECT TO

18  WHETHER OR NOT A WITNESS IS A CONFIDENTIAL INFORMANT, AND

19  AGAIN I AM NOT PRIVY TO THE REQUEST FOR A PROTECTIVE ORDER

20  WHICH THE GOVERNMENT HAS FILED, BUT IT SEEMS TO ME THAT

21  BECAUSE WE HAVE NOT RECEIVED A LIST OF ANY WITNESSES,

22  CERTAINLY THE GOVERNMENT IS TAKING QUITE A BROAD VIEW OF

23  WHAT A CONFIDENTIAL INFORMANT IS, AND I AM CONCERNED THAT

24  THEY HAVE NOT ESTABLISHED SUFFICIENT FACTS TO ESTABLISH

25  THAT A PARTICULAR WITNESS, WHO THEY DON'T WISH TO DISCLOSE,

34

1   IS IN FACT WHAT MAY BE AN INFORMANT OR MAY BE SOMEBODY

2   WHO IN FACT IS IN PARTICULAR DANGER.  AGAIN I CAN'T ARGUE

3   IT BECAUSE I DON'T KNOW.  I DON'T KNOW WHAT THEY FILED.

4             BUT, AGAIN, I WOULD URGE THE COURT TO GRANT THE

5   LIMITED DISCLOSURE THAT WOULD CERTAINLY NOT CONTRAVENE ANY

6   REQUEST FOR PROTECTIVE ORDER THAT THE GOVERNMENT HAS MADE

7   AND WOULD SAFEGUARD MR. FELIX AND THE OTHER DEFENDANTS'

8   RIGHT TO AN EFFECTIVE CROSS-EXAMINATION AND EFFECTIVE

9   PRESENTATION OF THEIR DEFENSE.

10            THE COURT:  DO YOU WISH TO RESPOND TO THAT,

11  COUNSEL?

12            MR. GURULE:  JUST BRIEFLY, YOUR HONOR.  THERE HAS

13  BEEN SO MUCH DISCUSSION, SO MUCH FOCUS ON WHAT HAS NOT BEEN

14  DISCLOSED TO THE DEFENSE COUNSEL AT THIS PARTICULAR POINT

15  IN TIME, AND I THINK IT OVERLOOKS THAT THERE HAS BEEN A

16  SUBSTANTIAL AMOUNT OF DISCOVERY TO DATE THAT HAS BEEN

17  DISCLOSED TO DEFENSE COUNSEL.  SPECIFICALLY ALL OF THE

18  EXPERT -- ALL OF THE REPORTS FROM EXPERT WITNESSES WHO

19  WILL BE TESTIFYING ON BEHALF OF THE GOVERNMENT HAVE BEEN

20  DISCLOSED.  IN ADDITION, OVER 2,000 PAGES OF DISCOVERY

21  DOCUMENTATION, EXHIBITS THAT THE GOVERNMENT IS GOING TO BE

22  USING IN ITS CASE HAVE BEEN DISCLOSED.  THE GOVERNMENT HAS

23  PERMITTED DEFENSE COUNSEL TO COME INTO THE GOVERNMENT'S

24  OFFICES AND EXAMINE EXHIBITS, EXAMINE PHOTOGRAPHS, AND

25  EXAMINE OTHER ITEMS THAT ARE GOING TO BE USED BY THE

35

1   GOVERNMENT IN ITS CASE.

2          THE GOVERNMENT HAS FURTHER AGREED TO DISCLOSE

3   THE IDENTITY OF PERCIPIENT NONCONFIDENTIAL INFORMANTS

4   ONE WEEK BEFORE TRIAL, AND FURTHER, AS THE GOVERNMENT

5   PREVIOUSLY STATED, THE CONFIDENTIAL INFORMANTS WILL BE

6   DISCLOSED TWO DAYS BEFORE THEY TESTIFY.

7          SO I WOULD JUST ADD THAT THERE HAS BEEN A

8   SUBSTANTIAL AMOUNT OF DISCOVERY TO DATE THAT WOULD AID

9   AND BENEFIT THE DEFENDANTS IN PREPARING THEIR DEFENSE CASE,

10  AND I THINK THERE HAS BEEN AN OVEREMPHASIS AND EXAGGERATION

11  IN TERMS OF HOW MUCH THEY ARE GOING TO BE CRIPPLED BY

12  NOT HAVING DISCLOSURE OF THE CONFIDENTIAL INFORMANTS 30

13  DAYS BEFORE TRIAL.  AND AGAIN, AS THE COURT HAS STATED,

14  THEY HAVE NOT OVERCOME THE SHOWING THAT THE GOVERNMENT

15  HAS MADE RELATIVE TO THE SAFETY CONCERNS, NOT ONLY OF THE

16  WITNESSES, BUT OF THE WITNESSES' HUSBANDS, WIVES, CHILDREN,

17  AND RELATED FAMILY MEMBERS, WHOSE LIVES WOULD LIKEWISE BE

18  PLACED IN DANGER IF THE IDENTITIES OF THESE PARTICULAR

19  WITNESSES ARE DISCLOSED.

20          THE COURT:  WELL, I HOPE YOU ARE NOT GOING TO

21  TALK ABOUT THE SAME SUBJECT.

22          MR. RANDOLPH:  NO, YOUR HONOR, I WAS GOING TO

23  MAKE REFERENCE TO THE FINAL ITEM ON CALENDAR.

24          THE COURT:  WHAT IS THAT?

25          MR. RANDOLPH:  THE COURT MADE REFERENCE TO THE

36

1   FILING OF THE GOVERNMENT IN A RESPONSE TO MY REQUEST FOR

2   DISCOVERY ABOUT THE MEETING THAT TOOK PLACE AT THE NAVAL

3   STATION.

4           THE COURT:  YES.

5           MR. RANDOLPH:  AND COUNSEL FOR JESUS FELIX,

6   INCIDENTALLY, WOULD JOIN IN THE MOTIONS AND COMMENTS MADE

7   BY OTHER COUNSEL AND WOULD NOT REPEAT THOSE.

8           THE COURT:  ALL RIGHT.

9           MR. RANDOLPH:  THE COURT MADE REFERENCE, AND I

10  THINK IT RECEIVED DECLARATIONS FROM MR. GURULE AND

11  MR. KEEL AND A THIRD DECLARATION FROM JOYCE KARLIN THAT

12  THERE WAS NO MEMORANDUM PREPARED OF THAT MEETING.  I WOULD

13  ASK THE COURT TO CONSIDER THE COMMENTS I HAVE TO MAKE

14  WITH RESPECT TO THEIR SUBMISSION IN THIS REGARD, WHICH

15  THE COURT HAS OBVIOUSLY READ, NOT ONLY WITH RESPECT TO THE

16  GOOD FAITH OF THEIR RESPONSE IN THIS SUBMISSION, BUT WITH

17  RESPECT TO THE GOVERNMENT'S CLAIM, AS IT HAS MADE

18  THROUGHOUT THESE PROCEEDINGS AND IN THEIR PAPERS AND

19  OBVIOUSLY IN THE IN CAMERA SUBMISSIONS, THAT THEY CANNOT

20  DISCLOSE ANY WITNESSES BECAUSE THEY WOULD BE SUBJECTED TO

21  THREATS OR VIOLENCE.

22          THE COURT AT THE LAST APPEARANCE ORDERED THE

23  GOVERNMENT TO DISCLOSE SIMPLY WHETHER A MEMORANDUM EXISTED.

24  AND, AS YOUR HONOR WILL RECALL, I STOOD UP AND SAID THAT

25  I WOULD LIKE TO KNOW AND HAVE THEM SAY UNDER OATH WHETHER

37

1  A MEMORANDUM EXISTED AND WHAT THEY SAY WENT ON AT THAT

2  MEETING.

3         MR. GURULE OBJECTED AND SAID, "NO.  NOW

4  MR. RANDOLPH IS ASKING FOR TWO THINGS, AND THE COURT HAS

5  ONLY ORDERED ONE, AND THAT IS WHETHER A MEMO OF THAT

6  MEETING EXISTED."

7         YOU SAID, "THAT'S RIGHT."  AND THAT IS ALL I WAS

8  ENTITLED TO.

9         SO THEN WE GOT THIS PLEADING, AND IT IS NOT

10  CLEAR -- THE THREE PEOPLE THAT TESTIFIED IN THIS PLEADING,

11  THAT FILED DECLARATIONS, SAID THEY DIDN'T RECALL THE

12  EXISTENCE OF ANY MEMORANDUM.  BUT THEY WENT ONE STEP

13  FURTHER, YOUR HONOR.  THEY TALKED ABOUT SOMETHING THAT THEY

14  RECALLED JESUS FELIX SAYING AT THAT MEETING, AND THE COURT,

15  I AM SURE -- IT JUMPED RIGHT OUT AT COUNSEL WHEN I SAW

16  THAT, AND IT JUMPED RIGHT OUT AT THE COURT, I AM SURE,

17  AS WELL.  THAT WAS CONTAINED -- I CAN DIRECT THE COURT'S

18  ATTENTION, IF YOU HAVE IT BEFORE YOU, TO PAGE 5.  THIS IS

19  IN THE DECLARATION AT PAGE 4, AT LINE 24, IF THE COURT HAS

20  IT IN FRONT OF IT THERE.  THAT WAS IN THE DECLARATION OF

21  MR. GURULE REGARDING THIS ALLEGED PROPOSED DEAL FROM

22  MR. JESUS FELIX.  NOW, MR. FELIX, OF COURSE, MADE NO SUCH

23  PROPOSAL.  I HAVE ALREADY CHECKED WITH COUNSEL FOR

24  MR. FELIX, AND HE RECALLS NOTHING OF THAT SORT BEING

25  DISCUSSED.

38

1      WHAT CONCERNS ME, YOUR HONOR, IS THAT THE

2   GOVERNMENT SAW FIT TO PLACE SOMETHING LIKE THAT IN A

3   PLEADING AND FILE IT IN OPEN COURT.  WHERE IS THE

4   GOVERNMENT'S CONCERN THAT IF THAT ALLEGATION WAS BELIEVED,

5   THAT SOMETHING WOULD HAPPEN TO JESUS FELIX?  WHAT HAPPENED

6   TO THE GOVERNMENT'S CONCERN ABOUT DANGER TO WITNESSES,

7   THAT THERE IS VIOLENCE IMMINENT?  WHAT HAPPENED TO THEIR

8   CONCERN WHEN THEY PUT SOMETHING LIKE THIS IN A PLEADING

9   AND THEN FILE IT IN OPEN COURT AND SERVE IT ON EVERYBODY,

10  AND NOT FILE IT IN CAMERA?

11      I SUGGEST TWO THINGS.  FIRST, THAT IT IS NOT

12  TRUE OF COURSE.  BUT THE GOVERNMENT PLACED THAT IN THERE

13  FOR TWO REASONS.  ONE -- WELL, THE QUESTION IS:  DID THE

14  GOVERNMENT INTEND TO PLACE MR. FELIX IN DANGER?  OBVIOUSLY

15  IF THAT ALLEGATION WAS BELIEVED AND IF THERE ARE PERSONS

16  WHO WOULD SEEK TO DO HARM TO ANYBODY WHO OPPOSES THE

17  GOVERNMENT'S PRESENTATION IN THIS INVESTIGATION, IN THIS

18  PROSECUTION, THEN THE ANSWER IS YES, THEY INTENDED TO PLACE

19  MR. JESUS FELIX IN DANGER, PURPOSELY INTENDED TO DO THAT

20  BY PUTTING THAT IN A DECLARATION FILED IN OPEN COURT.

21      THERE IS ANOTHER REASON, WHICH I SUGGEST IS THE

22  MORE LIKELY REASON.  THE GOVERNMENT BY PLACING THAT

23  STATEMENT IN THE DECLARATION INTENDED TO HAMPER THE

24  DEFENSE IN ITS PREPARATION OF THIS CASE IN SEEKING

25  WITNESSES WHO WOULD COOPERATE AND TESTIFY FOR THE DEFENSE.

39

1   IF SUCH INFORMATION WAS PUBLISHED AND WAS BELIEVED, THEN

2   THE DEFENSE WOULD HAVE A TOUGH TIME FINDING WITNESSES TO

3   COME FORWARD AND TESTIFY ON BEHALF OF JESUS FELIX FOR

4   FEAR THAT JESUS FELIX WAS SOMEHOW ACTING AS AN AGENT OF

5   THE GOVERNMENT.

6          HOW DO WE RESOLVE THIS SITUATION?  I THINK THE

7   COURT SHOULD RECONSIDER THE GOOD FAITH OF THE GOVERNMENT

8   IN CLAIMING THAT THERE IS A GREAT DEAL TO FEAR, THAT THEY

9   CAN'T DISCLOSE A SINGLE WITNESS IN THIS CASE, CAN'T DISCLOSE

10  THE NAMES BECAUSE OF THE AURA OF VIOLENCE.  IF THE

11  GOVERNMENT BELIEVED THAT IN GOOD FAITH, THEN THAT WOULD

12  ALSO HAVE COVERED STATEMENTS SUCH AS AN ALLEGATION SUCH

13  AS THIS AGAINST JESUS FELIX.

14         AND I WOULD ASK THE COURT TO RECONSIDER ITS

15  RULINGS IN LIGHT OF THAT.

16         FINALLY, YOUR HONOR, I WOULD ASK THAT THE COURT

17  REQUIRE JOYCE KARLIN TO SUBMIT A NEW DECLARATION.  JOYCE

18  KARLIN TESTIFIED UNDER OATH IN HER DECLARATION THAT SHE

19  SUBMITTED THAT SHE REVIEWED THE DECLARATION OF JIMMY GURULE

20  AND SPECIAL AGENT KEEL, AND SHE CONCURRED IN THE CONTENTS

21  OF THOSE DECLARATIONS, AND THAT WAS THE SUBSTANCE OF HER

22  DECLARATION.  SHE SIGNED HER DECLARATION ON THE 4TH OF

23  MARCH TO THAT EFFECT.

24         THE DECLARATION OF GURULE AND KEEL ARE SIGNED ON

25  THE 7TH DAY, AND IT IS TYPED IN ON THE 7TH DAY OF MARCH.

40

1  ONE MUST PRESUME THAT THE DECLARATION WAS SIGNED AT OR

2  ABOUT THE TIME THE DATE OF THE DECLARATION WAS PUT IN

3  THERE, AND IT WAS AT THAT TIME THAT THE DECLARANTS, AGENT

4  KEEL AND MR. GURULE, STATED THAT THE INFORMATION CONTAINED

5  IN THAT DECLARATION WAS TRUE.  THEREFORE, ATTORNEY KARLIN

6  SIGNED HER DECLARATION AND SAID THAT SHE AGREED OR CONCUR-

7  RED WITH WHAT  THE OTHER TWO SAID BEFORE THEY HAD EVEN

8  PREPARED AND SIGNED THEIR DECLARATIONS.

9         SO I THINK SHE SHOULD BE REQUIRED TO SUBMIT A

10  NEW DECLARATION TO THE COURT AND STATE IT ON THE RECORD.

11         THE COURT:  CAN YOU EXPLAIN THAT?

12         MR. GURULE:  CERTAINLY, YOUR HONOR.  IT IS A

13  VERY SIMPLE MATTER TO EXPLAIN.  THE DECLARATIONS WERE

14  PREPARED ON THE 3RD, WHICH WAS A THURSDAY.  I LEFT THE

15  OFFICE EARLY ON THE 3RD BECAUSE I WAS ILL, AT TWO O'CLOCK.

16  I DID NOT COME BACK TO THE OFFICE ON THE 4TH BECAUSE I WAS

17  VISITING A DOCTOR.  I HAD STREP THROAT.  IN ANY RESPECT,

18  THE DECLARATIONS HAD BEEN PREPARED ON THURSDAY, THE 3RD,

19  WERE PRESENTED TO MISS KARLIN TO REVIEW ON THURSDAY, THE

20  3RD.  I RETURNED BACK TO THE OFFICE, AFTER TAKING A HALF

21  DAY SICK LEAVE ON THURSDAY AND A FULL DAY SICK LEAVE ON

22  FRIDAY, THE 4TH.  I RETURNED TO THE OFFICE ON MONDAY, THE

23  7TH, AND SIGNED THE DECLARATION AND THEN SUBMITTED ALL

24  THREE OF THE DECLARATIONS AT THAT TIME.  BUT THE

25  DECLARATIONS HAD BEEN PREPARED, WERE PRESENTED TO

1  MISS KARLIN TO REVIEW.

2      THIS IS JUST ANOTHER INSTANCE OF POINTING THE

3  FINGER AT BAD FAITH BY MR. RANDOLPH.

4      THE COURT:  THE COURT IS SATISFIED THAT THERE

5  ARE NO MEMORANDA OF THAT MEETING.  WE HAVE HAD THAT

6  REPEATEDLY ASSERTED IN COURT BY COUNSEL.  WE NOW HAVE

7  WRITTEN DECLARATIONS, WHICH I TOLD THEM TO FILE AT THE LAST

8  HEARING, AND THIS BUSINESS ABOUT THE ALLEGATIONS CONTAINED

9  IN THE DECLARATIONS, I DO NOT ATTRIBUTE ANY SINISTER PURPOSE

10  TO THAT, NOR DO I READ IT THE WAY YOU DO.

11      IT IS BASICALLY SIMILAR TO WHEN AN IMPROPER

12  ARGUMENT IS MADE BEFORE A JURY BECAUSE THE OTHER COUNSEL

13  HAS VIRTUALLY OPENED THE DOOR.  YOU HAVE PRESSED AND

14  PRESSED ON THIS MATTER, AND THAT WAS AN EFFORT TO SIMPLY

15  PLACE THIS MEETING IN CONTEXT.  SO I DON'T ATTRIBUTE TO

16  IT ANY SINISTER PURPOSE ON THE PART OF THE GOVERNMENT,

17  NOR DO I THINK THAT IT IN ANY WAY IS PREJUDICIAL TO YOUR

18  CLIENT.

19      BUT I THINK WE HAVE HEARD ENOUGH ARGUMENT.

20      MR. RANDOLPH:  YOUR HONOR, THERE IS ONE CATEGORY

21  THAT HASN'T BEEN DISCUSSED BY ANYBODY YET.  THAT IS THE

22  FOLLOWING CATEGORY:  THE NAMES OF WITNESSES THAT THE

23  GOVERNMENT IS NOT CALLING AT THE TIME OF TRIAL AND WHO

24  ARE NOT CLAIMED TO BE CONFIDENTIAL INFORMANTS.  YOU ORDERED

25  THAT TO BE TURNED OVER TO COUNSEL ON OR BEFORE TODAY'S DATE.

42

1    IS THERE NOT ONE WITNESS THAT THE GOVERNMENT IS GOING TO --

2            THE COURT:  LET'S FIND OUT.  WHY HASN'T THIS BEEN

3    DONE?

4    .        MR. GURULE:  IF THE COURT'S RULING IS AS TO ANY

5    NONPERCIPIENT WITNESSES THAT THE GOVERNMENT -- OR THE

6    PERCIPIENT WITNESSES THAT THE GOVERNMENT IS NOT GOING TO

7    CALL AT TRIAL, IF THAT IS THE CATEGORY, THE GOVERNMENT IS

8    NOT AWARE OF ANY THAT FALL IN THAT CATEGORY -- ANY PERCIPIENT

9    WITNESSES THAT THE GOVERNMENT WILL BE CALLING.  IF THERE

10   WERE -- AND THERE ARE A NUMBER OF WITNESSES TO BE CALLED

11   IN THE CASE; THERE HAVE BEEN HUNDREDS OF WITNESSES

12   INTERVIEWED.  IF IN FACT THERE IS ONE THAT I CANNOT RECALL

13   AT THIS PARTICULAR POINT IN TIME, I WILL LOOK INTO THAT.

14           BUT, NEVERTHELESS, I THINK THERE IS STILL THAT

15   SAME SAFETY CONSIDERATION EVEN AS TO THAT WITNESS.  IT IS

16   OBVIOUS --

17           THE COURT:  I MADE AN ORDER THE LAST TIME YOU

18   WERE HERE.  I EXPECTED IT TO BE COMPLIED WITH.

19           MR. GURULE:  WELL, I BELIEVED THAT THE COURT'S

20   ORDER WAS TO DISCLOSE ON THE 21ST, WHICH IS TODAY, THE DAY

21   OF THE HEARING, AND THE REPRESENTATION THAT THE GOVERNMENT

22   IS MAKING AT THIS TIME IS THAT I AM NOT AWARE OF ANY

23   PERCIPIENT WITNESS THAT THE GOVERNMENT IS NOT GOING TO

24   INTEND TO CALL.

25           BUT, NEVERTHELESS, THE GOVERNMENT WOULD MAINTAIN

43

1  THERE IS STILL A SAFETY CONSIDERATION EVEN TO NON-C.I.,

2  NONPERCIPIENT WITNESSES, IN LIGHT OF THE FACT --

3         THE COURT:  YOU ARE GOING INTO A NEW SUBJECT.

4  YOU ARE REARGUING A MOTION THAT HAS PREVIOUSLY BEEN

5  DECIDED.  THIS IS NOT THE TIME TO DO IT.  THAT HAS BEEN

6  DECIDED.  WHATEVER WAS ORDERED BY THE COURT AT THAT TIME

7  SHOULD BE COMPLIED WITH.

8         MR. RANDOLPH:  THAT IS WHAT I AM ASKING FOR,

9  YOUR HONOR.

10        THE COURT:  ARE YOU AWARE OF WHAT WAS ORDERED BY

11 THE COURT?

12        MR. GURULE:  YES, YOUR HONOR, AND THE GOVERNMENT

13 IS NOT AWARE OF ANY PERCIPIENT WITNESSES THAT ARE NOT

14 GOING TO BE CALLED BY THE GOVERNMENT.  IF THEY COME TO MY

15 ATTENTION OR COME TO THE GOVERNMENT'S ATTENTION DURING

16 TRIAL PREPARATION, THEY WILL BE DISCLOSED PROMPTLY.

17        MISS BROOKS:  YOUR HONOR, IF I MIGHT ADDRESS ONE

18 ISSUE ON VERDUGO'S DISCOVERY MOTION THAT HAS NOT BEEN

19 ADDRESSED.  IT DEALS SPECIFICALLY WITH A REPRESENTATION

20 THAT, I WOULD HAVE TO SAY, HAS NOT BEEN MADE BY THE

21 GOVERNMENT REGARDING THE VOICE EXEMPLARS.  THE GOVERNMENT

22 HAS REPEATEDLY SAID THAT THE VOICE EXEMPLARS -- OR RATHER

23 THE EXPERT'S REPORT ON THE VOICE EXEMPLARS IS NOT COVERED

24 BY RULE 16 BECAUSE THEY DO NOT INTEND TO INTRODUCE IT IN

25 THEIR CASE IN CHIEF, NOR DO THEY INTEND TO CALL AN EXPERT

44

1   TO SAY WHETHER OR NOT MR. VERDUGO'S VOICE IS ON THE TAPE.

2          WE HAVE SPECIFICALLY ASKED THE GOVERNMENT, AND

3   WE ARE WASTING THE COURT'S TIME BECAUSE THE GOVERNMENT WILL

4   NOT ANSWER THIS QUESTION, WHETHER THEY INTEND TO CALL ANY

5   WITNESS TO SAY MR. VERDUGO'S VOICE WAS ON THAT TAPE,

6   MEANING A LAY WITNESS.  OBVIOUSLY IF THE GOVERNMENT

7   INTENDS TO PRODUCE A LAY WITNESS TO SAY, "I KNOW RENE

8   VERDUGO, AND I RECOGNIZE THAT VOICE," THEN THE FACT THAT

9   AN EXPERT WITNESS WAS UNABLE TO MAKE SUCH A DETERMINATION

10  WOULD CLEARLY BE BRADY MATERIAL AND CLEARLY SHOULD BE USED

11  FOR CROSS-EXAMINATION OF THAT WITNESS.

12         IF THE GOVERNMENT WOULD MAKE THAT REPRESENTATION,

13  WE WOULDN'T HAVE TO WASTE YOUR HONOR'S TIME TO RESOLVE THE

14  ISSUE.

15         THE COURT:  DO YOU UNDERSTAND THIS REQUEST?

16         MR. GURULE:  I UNDERSTAND THE REQUEST.  I AM NOT

17  SURE I FOLLOW WITH THE REASONING BEING OFFERED IN SUPPORT

18  OF THE REQUEST.  THE GOVERNMENT IS STILL OF THE POSITION

19  THAT A NONFINDING BY A GOVERNMENT EXPERT WITNESS DOES NOT

20  SUPPORT OR SHOULD NOT BE -- THE GOVERNMENT SHOULD NOT HAVE

21  TO DISCLOSE THAT IN AN EFFORT TO ASSIST THE EXPERT WITNESS

22  THAT HAS BEEN HIRED BY THE DEFENSE COUNSEL IN AN EFFORT

23  TO DETERMINE WHETHER OR NOT THE DEFENDANT IS ON THE TAPE.

24         THE COURT:  WELL, I STATED MY REASONS FOR DENYING

25  THAT MOTION, AND THE COURT STANDS BY THOSE REASONS.

45

1        MISS BROOKS:  YOUR HONOR, JUST SO WE HAVE IT

2  CLEAR, HOWEVER, THE GOVERNMENT AT NO TIME -- IT CONTINUES

3  TO PLAY SOME NASTY GAMES WITH THE COURT, HAS REPRESENTED

4  THAT THEY WILL NOT BE CALLING ANY WITNESS TO IDENTIFY

5  MR. VERDUGO'S VOICE ON THAT TAPE.  WE WOULD ARGUE THAT

6  THE GOVERNMENT HAS NEVER RESPONDED TO THIS.  WE WOULD ARGUE

7  THAT CLEARLY THE EXPERT REPORT WOULD THEN BECOME, IF THEY

8  CALL SUCH A LAY WITNESS, WOULD THEN BECOME BRADY MATERIAL,

9  AND THEY MUST TURN IT OVER TO THE DEFENSE.

10        THE COURT:  IF IT IS, THEY HAVE TO TURN IT OVER.

11        MISS BROOKS:  SECONDLY, YOUR HONOR, THE COURT

12  IN ITS RULING SAID THAT THE REASON THE GOVERNMENT DOES NOT

13  HAVE TO TURN OVER THE EXPERT REPORT IS BECAUSE OUR

14  ARGUMENT WAS SIMPLY THAT IT MIGHT BE USED AS IMPEACHMENT

15  IF WE SHOULD CALL SUCH AN EXPERT.  WE MADE ANOTHER

16  ARGUMENT, YOUR HONOR, WHICH NEITHER THE COURT NOR THE

17  GOVERNMENT HAS ADDRESSED, WHICH IS THAT THEIR EXPERT REPORT

18  WOULD INDICATE TO US WHAT TESTS WERE DONE, WHICH VOICES,

19  IF ANY, WERE ELIMINATED AS NOT BEING RENE VERDUGO'S, AND

20  WHICH TESTS WERE NOT DONE.

21        THE GOVERNMENT ADMITS IN THEIR MOVING PAPERS THAT

22  THAT REPORT WOULD HELP OUR EXPERT IN OUR EXPERT'S ANALYSIS,

23  AND THEN GOES ON TO CITE THAT, "WELL, THAT MIGHT BE TRUE;

24  NO AUTHORITY IS PRESENTED AND NONE EXISTS THAT THE

25  GOVERNMENT IS OBLIGATED TO ASSIST THE DEFENDANT IN

46

1   CONDUCTING THIS TYPE OF TECHNICAL ANALYSIS."

2          WHAT IS INTERESTING IS THAT RULE 16 READS

3   EXACTLY THAT WAY, THAT THE GOVERNMENT IS OBLIGATED TO TURN

4   OVER TO THE DEFENSE EXPERT REPORTS THAT EITHER (A) THEY INTEND

5   TO INTRODUCE IN THEIR CASE IN CHIEF, WHICH THE GOVERNMENT

6   SAYS THEY DO NOT; OR (B) WHICH ARE MATERIAL TO THE

7   PREPARATION OF THE DEFENSE.  THAT IS THE EXACT LANGUAGE

8   OF RULE 16.

9          THE GOVERNMENT IN THEIR MOVING PAPERS SAID,

10  "YOU ARE RIGHT.  IT IS MATERIAL TO YOUR PREPARATION OF

11  THE DEFENSE.  IT WOULD HELP YOUR EXPERT.  BUT YOU HAVEN'T

12  CITED ANY AUTHORITY FOR US TO TURN IT OVER."

13         IT IS RULE 16.  IT IS MATERIAL TO THE PRESENTATION

14  OF OUR DEFENSE.  THE GOVERNMENT HAS CONCEDED THAT AND HAS

15  REFUSED TO TURN IT OVER.

16         MR. GURULE:  WE ARE REHASHING THE SAME ISSUE

17  TIME AND TIME AGAIN.  THE GOVERNMENT CERTAINLY IS NOT

18  CONCEDING THAT IT IS MATERIAL.  AS A MATTER OF FACT, IT

19  IS CLEARLY NOT MATERIAL BECAUSE THERE WAS SO MUCH

20  SPECULATION AND HYPOTHESIZING GOING ON RELATIVE TO ANY

21  RELEVANT OR PROBATIVE VALUE THAT MIGHT HAVE.  NUMBER ONE,

22  WE ARE ASSUMING, BASED UPON THE ARGUMENT OF DEFENSE COUNSEL,

23  THAT (A) THEIR EXPERT IS GOING TO CONCLUDE OR HAS CONCLUDED

24  THAT MR. VERDUGO IS NOT ON THE INTERROGATION TAPE.  THERE

25  IS NO EVIDENCE BEFORE THE COURT THAT THAT IN FACT HAS

47

1    HAPPENED.  SO THAT WOULD HAVE TO HAPPEN AT THE VERY LEAST

2    FOR THIS TO BE PROBATIVE.

3           SECONDLY, IT ASSUMES THAT THIS PARTICULAR

4    EXPERT WITNESS IS IN FACT QUALIFIED AS AN EXPERT TO

5    TESTIFY IN THIS PARTICULAR MATTER OF EXPERTISE.  THAT IS

6    NOT BEFORE THE COURT.

7           AND THE COURT IS FURTHER ASKED TO ASSUME THAT

8    THIS PARTICULAR AREA OF VOICE IDENTIFICATION IS IN FACT AN

9    AREA THAT HAS REACHED THE LEVEL OF SCIENTIFIC ACCEPTABILITY,

10   ACCEPTABILITY IN THE SCIENTIFIC COMMUNITY AS AN APPROPRIATE

11   AREA FOR EXPERT TESTIMONY, AND AGAIN THERE IS AN ASSUMPTION

12   BEING MADE THERE THAT THE GOVERNMENT DOES NOT CONCEDE.

13          SO TAKING ALL OF THAT INTO CONSIDERATION, IT IS

14   CLEARLY NOT PROBATIVE BECAUSE EACH OF THESE HURDLES HAVE

15   TO BE OVERCOME AT AN APPROPRIATE POINT IN TIME, AND THEY

16   HAVE NOT BEEN AT THIS PARTICULAR POINT IN TIME.

17          THE COURT:  THE COURT STANDS BY ITS EARLIER

18   RULING, COUNSEL, ON THAT.  THAT IS SUFFICIENT ARGUMENT ON

19   THAT.

20          WE HAVE AN INDICATION HERE THAT A NUMBER OF

21   MOTIONS ARE ABOUT TO BE FILED OR HAVE BEEN FILED ALREADY

22   BY THE DEFENDANT VERDUGO.  I WANT TO JUST POINT OUT TO

23   COUNSEL THAT THERE OUGHT TO BE SOME COORDINATION SO WE

24   ARE NOT DEALING WITH THE SAME ISSUES OVER AND OVER AGAIN.

25   TO THE EXTENT THAT THESE MOTIONS CAN BE CONSOLIDATED, THAT

48

1   DEAL WITH ISSUES THAT ARE COMMON TO ALL DEFENDANTS, THEY

2   SHOULD ALL BE DONE AT ONE TIME SO WE DON'T HAVE PIECEMEAL

3   MOTIONS COVERING THE SAME ISSUES.

4   .       ARE YOU AWARE OF THESE MOTIONS?  I HAVE A LIST

5   HERE OF 26 MOTIONS.

6           MR. GURULE:  YOUR HONOR, I HAVE JUST TODAY BEEN

7   HANDED 15, I BELIEVE, MOTIONS.

8           THE COURT:  WELL, THERE ARE 15 IN ONE DOCUMENT

9   AND 10 IN ANOTHER.

10          MR. GURULE:  THE 10 IN THE SECOND DOCUMENT, YOUR

11  HONOR, I UNDERSTAND ARE GOING TO BE FILED IN APPROXIMATELY

12  A WEEK AND A HALF.  SO THEY HAVE NOT BEEN FILED, AND THE

13  GOVERNMENT HASN'T RECEIVED THOSE.  THERE WAS A NOTICE OF

14  INTENT TO FILE THOSE PARTICULAR MOTIONS.

15          THE GOVERNMENT HAS RECEIVED, I BELIEVE, THE 15

16  MOTIONS THAT ARE DESCRIBED ON THE ONE EXHIBIT OR ONE SHEET,

17  BUT THE GOVERNMENT HAS NOT HAD AN OPPORTUNITY AS OF YET TO

18  EVALUATE THOSE OR TO EXAMINE THOSE TO DETERMINE HOW MUCH

19  TIME WILL BE NECESSARY TO RESPOND.

20          THE COURT:  I NOTICE THAT ONE OF THE MOTIONS IS

21  A MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR EVIDENTIARY

22  HEARINGS.  I WANT TO CALL ATTENTION TO THE COURT'S LOCAL

23  RULES WITH RESPECT TO THOSE TYPES OF MOTIONS.  I HOPE YOU

24  WILL FAMILIARIZE YOURSELF WITH THOSE AND FOLLOW THAT

25  PROCEDURE.

49

1        MR. PANCER:  CERTAINLY, YOUR HONOR.  YOUR HONOR,

2   MINDFUL OF YOUR HONOR'S REMARKS, WE DO INTEND TO SPEAK

3   WITH COCOUNSEL AND HAVE HAD SOME DISCUSSION WITH COCOUNSEL,

4   AND WE WILL CERTAINLY TRY TO LIMIT THE NUMBER OF MOTIONS

5   SO THAT CAPRICIOUS MOTIONS ARE NOT FILED WITH THE COURT.

6        I WOULD ASK FOR PERMISSION TO FILE NOW, YOUR

7   HONOR, THE MOTIONS THAT WE HAVE SERVED UPON THE U.S.

8   ATTORNEY AND TELL THE COURT THAT THE MOTIONS ON THE OTHER

9   LIST WILL BE FILED A WEEK FROM THURSDAY OR FRIDAY, YOUR

10  HONOR.

11       THE COURT:  WELL, YES, YOU MAY FILE THOSE TODAY,

12  AND THOSE SHOULD BE FILED IN THE CLERK'S OFFICE.  IS THAT

13  RIGHT?

14       THE CLERK:  THEY CAN FILE IT RIGHT HERE.

15       MR. PANCER:  ALL RIGHT.

16       THE COURT:  WE HAVE TO HAVE A MOTION CUTOFF DATE.

17  I THINK WE HAD BETTER GET THIS CASE SET FOR TRIAL AND GET

18  MOVING.  HAVE WE REACHED THE END OF THE LINE ON MOTIONS?

19  ARE COUNSEL CONTEMPLATING ANY OTHER MOTIONS?

20       MS. LEYVA:  ON BEHALF OF MR. LOPEZ, YOUR HONOR,

21  WE EXPECT TO REVIEW MR. PANCER'S MOTIONS AND JOIN IN WHAT

22  WE THINK IS APPROPRIATE, AND IF WE FEEL THERE ARE ADDITIONAL

23  MOTIONS THAT ARE SPECIFIC TO MR. LOPEZ-ALVAREZ, WE WILL DO

24  SO, BUT IT APPEARS THAT HIS LIST IS QUITE EXTENSIVE, AND

25  WE WILL PROBABLY BE JOINING IN A GOOD PORTION OF THEM.

50

1        MR. RANDOLPH:  WITH RESPECT TO JESUS FELIX, YOUR

2  HONOR, I HAVEN'T SEEN ANY OF MR. PANCER'S LIST NOR ANY OF

3  THE MOTIONS.  SO I DON'T KNOW WHICH ONES, IF ANY, WE WILL

4  BE JOINING IN.

5        I HAVE SOME MOTIONS THAT ARE IN THE PROCESS OF

6  BEING PREPARED FOR FILING THAT ARE SPECIFIC TO MR. FELIX,

7  AND I DON'T THINK THAT ANY OTHER COUNSEL WILL BE ABLE TO

8  JOIN IN THOSE, AND BY THE SAME TOKEN I WILL HAVE TO FILE

9  THOSE ON HIS BEHALF SEPARATELY.

10        MR. GURULE:  BUT, AGAIN, YOUR HONOR, COULD WE

11  HAVE A CUTOFF DATE FOR THE FILING OF THOSE MOTIONS SINCE

12  THERE ARE QUITE A FEW THAT ARE GOING TO BE FILED?

13        THE COURT:  YOU WERE PREVIOUSLY GIVEN A MOTION

14  DATE, WERE YOU NOT?

15        MS. LEYVA:  NO, YOUR HONOR.  WHAT THE COURT

16  INDICATED WAS THAT WE SHOULD FILE OUR MOTIONS, AND THE

17  COURT WOULD REVIEW THEM AND DECIDE THE COMPLEXITY AND WHAT

18  TIME WOULD BE GIVEN FOR OPPOSITION AND REPLY AND WOULD SET

19  A MOTION DATE.  I THINK THAT WAS OUR UNDERSTANDING AT THE

20  LAST HEARING.

21        I WOULD ASK, YOUR HONOR, THAT IF THE COURT SETS

22  A MOTION CUTOFF DATE, THAT WE BE ALLOWED TO FILE ADDITIONAL

23  MOTIONS THAT MAY BE NECESSARY GIVEN ADDITIONAL DISCOVERY.

24  EVERY WEEK WE RECEIVE A PACKET OF DISCOVERY, AND WHEN WE

25  REVIEW THAT, WE REQUEST THAT WE BE ALLOWED TO FILE

51

1   ADDITIONAL MOTIONS IF NECESSARY.

2            THE COURT:  WELL, WHAT I WOULD LIKE TO ESTABLISH

3   IS A CUTOFF DATE FOR FILING MOTIONS NOT BASED ON ANYTHING

4   NEW, BUT MOTIONS THAT SHOULD HAVE BEEN FILED BY NOW SO

5   THAT WE CAN HAVE SOME CERTAINTY IN THIS.  IF A MOTION IS

6   REQUIRED BASED ON NEWLY DISCOVERED OR OBTAINED EVIDENCE,

7   THAT IS A DIFFERENT MATTER.  THAT WOULD NOT BE PRECLUDED.

8            MR. GURULE:  YOUR HONOR, IT APPEARS THAT

9   MR. PANCER IS GOING TO BE FILING HIS NEXT SET, THE ADDITIONAL

10  10 MOTIONS, A WEEK FROM THURSDAY OR FRIDAY.  THAT WILL

11  BE APPROXIMATELY 10 DAYS FROM TODAY.  MAYBE THE COURT CAN

12  SET THAT AS A CUTOFF DATE FOR THE DEFENSE MOTIONS.

13           MS. LEYVA:  THE PROBLEM WITH THAT, YOUR HONOR,

14  IS THAT WE WOULD LIKE TO BE ABLE TO REVIEW MR. PANCER'S

15  MOTIONS BEFORE WE BEGIN PREPARING OUR OWN SO THAT WE DO

16  NOT FILE DUPLICATE MOTIONS, AND SO WE WOULD NEED TIME FROM

17  THE TIME HE FILES HIS LAST SET OF MOTIONS TO REVIEW THEM

18  AND SEE IF IT IS APPROPRIATE TO JOIN OR WHETHER A

19  MODIFICATION NEEDS TO BE MADE.

20           WE HAVE REVIEWED THE LIST, ALTHOUGH WE HAVE NOT

21  REVIEWED THE TEXT OF THOSE, AND WE WOULD WANT TO MAKE SURE

22  THAT WE ARE NOT JOINING IN SOMETHING THAT IS NOT APPROPRIATE.

23           THE COURT:  I AM GOING TO ESTABLISH A DATE BY

24  WHICH ALL FURTHER MOTIONS IN THIS CASE SHOULD BE FILED.

25  THAT IS APRIL 15, AN EASY DATE TO REMEMBER.  ALL MOTIONS,

52

1  FURTHER MOTIONS, WILL BE FILED ON OR BEFORE APRIL 15 AND

2  WILL BE NOTICED FOR HEARING THEREAFTER, BUT THEY MUST BE

3  FILED BY APRIL 15.

4  .         OTHER MOTIONS WILL BE ALLOWED AFTER THAT ONLY

5  IF THERE IS A SHOWING THAT THEY COULD NOT HAVE BEEN WITH

6  DUE DILIGENCE FILED PRIOR TO APRIL 15.  SO GET BUSY AND

7  GET THOSE MOTIONS FILED IF YOU ARE GOING TO HAVE THEM SO

8  THAT WE CAN SET A TRIAL DATE AND PROCEED WITH THIS MATTER.

9         MR. RANDOLPH:  MAY WE HAVE A DATE FOR THE

10  GOVERNMENT TO TURN OVER ALL DISCOVERY IN THIS MATTER.  WE

11  GOT ANOTHER PACKET TODAY, AND IT IS COMING IN FITS AND

12  STARTS.  YOUR HONOR, I WONDER IF WE CAN PUT THE SAME TIME

13  LIMITATION ON THE GOVERNMENT.

14         MR. GURULE:  THE VAST BULK OF THE GOVERNMENT'S

15  DISCOVERY HAS BEEN TURNED OVER AS OF THIS DATE.  I WOULD

16  SPECULATE PROBABLY 85 PERCENT, IF NOT MORE, OF THE

17  GOVERNMENT'S DISCOVERY MATERIAL, EXCLUDING JENCKS, HAS

18  BEEN DISCLOSED.

19         THE COURT:  WHAT IS DELAYING THE BALANCE?

20         MR. GURULE:  IT IS JUST A VERY TIME-CONSUMING

21  PROCESS, BUT CERTAINLY BY APRIL 15 THE GOVERNMENT COULD

22  HAVE THE BALANCE OF ALL OF ITS DISCOVERY TURNED OVER.

23         THE COURT:  I THINK YOU SHOULD HAVE IT TURNED

24  OVER BY THE 31ST OF MARCH.

25         MR. GURULE:  FINE, YOUR HONOR.

53

1      THE COURT:  ALL DISCOVERY SHOULD BE COMPLETED

2  AND TURNED OVER BY MARCH 31.

3      ALL RIGHT.  WE WILL ADJOURN.

4      MR. RANDOLPH:  WILL THE COURT BE SETTING A TIME FOR

5  MR. FELIX'S MOTION FOR THE TEMPORARY RESTRAINING ORDER?

6      THE COURT:  WELL, WE WILL BE HEARING FIRST OF ALL

7  AN ARGUMENT WHETHER OR NOT THERE ARE SOME PROBLEMS, WHETHER

8  OR NOT I WILL EVEN KEEP THAT CASE.

9      MR. RANDOLPH:  I UNDERSTAND, YOUR HONOR.  I THINK

10 THERE ARE SOME PROBLEMS.  I'D BE HAPPY TO ADDRESS THAT

11 RIGHT NOW.

12     THE COURT:  MY CONCERN IS THAT SINCE THE

13 GOVERNMENT APPARENTLY INTENDS TO JUSTIFY THE CONFINEMENT

14 OF MR. GUTIERREZ BY IN CAMERA SHOWINGS AND BY CONFIDENTIAL

15 INFORMATION, I DON'T THINK THAT SHOULD BE PRESENTED TO ME --

16     MR. RANDOLPH:  I CONCUR, YOUR HONOR.

17     THE COURT:  -- AS THE TRIAL JUDGE IN THIS CASE,

18 AND I DON'T SEE WHY IT COULDN'T BE PRESENTED TO JUDGE

19 WILSON OR WHOEVER.  AFTER ALL, THE ISSUE IS WHETHER OR NOT

20 THE BUREAU OF PRISONS' CONFINEMENT OF THE DEFENDANT

21 ENTITLES HIM TO ANY RELIEF.

22     MR. RANDOLPH:  I THINK MR. HOWARD DANIELS IS

23 GOVERNMENT COUNSEL IN THAT MATTER, AND HE IS PRESENT IN

24 THE COURTROOM.

25     I HAVE THE SAME PROBLEM, YOUR HONOR.  IT SEEMS TO

54

1   ME THAT IN A CIVIL CASE IF THEY DON'T WANT TO SHOW ME

2   WHAT THEIR BASIS IS FOR ASKING THE COURT TO GIVE A FINDING

3   OF FACT AGAINST MY CLIENT, HOW ON EARTH AM I SUPPOSED TO

4   LITIGATE THAT.

5           MR. GURULE:  THAT IS OBVIOUSLY A SEPARATE ISSUE

6   THAN WHAT THE COURT JUST ARTICULATED.  I WOULD BRING TO

7   THE COURT'S ATTENTION, NEVERTHELESS, THAT IT IS MY

8   UNDERSTANDING THAT THERE IS A REPRESENTATION BY THE BUREAU

9   OF PRISONS THAT MR. FELIX-GUTIERREZ IS NO LONGER IN THE

10  J2 CONFINEMENT FOR WHICH RELIEF IS BEING SOUGHT.  THAT IN

11  FACT HE IS IN THE PSYCHIATRIC UNIT AS A RESULT OF HIS OWN

12  STATEMENTS REGARDING HIS EMOTIONAL CONDITION.

13          SO I BELIEVE THAT THERE IS EVEN A MORE PRELIMINARY

14  ISSUE, AND THAT IS WHETHER OR NOT THE RELIEF THAT IS BEING

15  SOUGHT IS NOW MOOT.  HE IS NO LONGER IN THE J2 FACILITY

16  THAT IS BEING COMPLAINED OF IN THE FIRST INSTANCE.

17          MR. RANDOLPH:  THAT, OF COURSE, YOUR HONOR, IS

18  ABSURD.  MR. GURULE IS NOT THE ATTORNEY FOR THE GOVERNMENT

19  IN THIS CASE, AND I DON'T THINK HE HAS EVEN READ THE MOTION.

20  MR. DANIELS IS THE COUNSEL.

21          THE COURT: THE PROPER PARTY TO THIS CASE IS THE

22  BUREAU OF PRISONS.  THEY ARE THE PERSONS CONFINING HIM.

23          WHAT IS YOUR NAME?

24          MR. DANIELS:  MY NAME IS HOWARD DANIELS, YOUR

25  HONOR.  I AM WITH THE CIVIL DIVISION OF THE U.S. ATTORNEY'S

55

1   OFFICE.

2           THE COURT:  DO YOU REPRESENT THE GOVERNMENT IN

3   THIS CASE?

4           MR. DANIELS:  THIS IS A BIVENS ACTION, AND THE

5   PLAINTIFF HAS CHOSEN TO SUE ATTORNEY GENERAL MEESE AND

6   THE WARDEN IN HIS PERSONAL CAPACITY, AND I AM NOT YET

7   EMPOWERED TO REPRESENT HIM IN HIS PERSONAL CAPACITY.

8           IN FACT, I THINK YOU ARE RIGHT THAT THE PROPER

9   DEFENDANT WOULD BE THE BUREAU OF PRISONS.

10          AS TO THE QUESTION THAT COUNSEL RAISED, IT WAS

11  MY UNDERSTANDING THAT IN CAMERA SUBMISSIONS HAD ALREADY

12  BEEN MADE TO THE COURT IN A DIFFERENT CONTEXT, BUT THOSE

13  SAME IN CAMERA SUBMISSIONS CONTAINED THE FACTS THAT WOULD

14  SUPPORT THE BUREAU OF PRISONS' DETERMINATION TO PUT THE

15  PLAINTIFF IN A LOCKDOWN FACILITY, AND THAT WAS THE REASON

16  FOR PROPOSING TO JUDGE WILSON THAT THE CASE BE TRANSFERRED

17  TO YOUR HONOR.  IN OTHER WORDS, THOSE FACTS HAVE BEEN

18  PRESENTED TO YOU ALREADY.

19          THE COURT:  NO MENTION OF MR. GUTIERREZ OR HIS

20  CONDITIONS OF CONFINEMENT OR THE REASONS THEREFOR OR THE

21  NECESSITY THEREFOR.

22          MR. GURULE:  THAT MAY BE A LITTLE CONFUSING.

23          MR. RANDOLPH:  MAY WE HAVE A CLARIFICATION, YOUR

24  HONOR, OF WHO IS REPRESENTING WHO IN THIS CASE.  MR. GURULE

25  KEEPS STANDING UP, AND HE IS NOT A PARTY TO THIS CASE NOR

56

1   AN ATTORNEY IN THIS CASE.

2        THE COURT:  WELL, HE IS INVOLVED IN THIS CASE

3   BECAUSE OF THE OVERLAPPING.

4        MR. GURULE:  RELATIVE TO THE EX PARTE IN CAMERA

5   SUBMISSIONS, YOUR HONOR, AND THAT IS ALL THAT I WANTED TO

6   ADDRESS, RELATIVE TO THAT THERE HAVE BEEN SOME IN CAMERA

7   SUBMISSIONS WITH THIS COURT IN THE JESUS FELIX-GUTIERREZ

8   CASE, IN THE NARCOTICS CASE; AND LIKEWISE RELATIVE TO THE

9   DISCLOSURE OF CONFIDENTIAL INFORMANTS AND THE REASONS WHY

10   THE IDENTITY OF THE CONFIDENTIAL INFORMANTS SHOULD NOT BE

11   DISCLOSED, THERE HAVE LIKEWISE BEEN SIMILAR IN CAMERA

12   FILINGS WITH THE COURT IN THE CASE BEFORE THE COURT ON

13   THE SAME ISSUE.  SOME OF THAT EVIDENCE, SOME OF THAT SAME

14   INFORMATION IS RELEVANT TO WHY THE DEFENDANT IS IN HIS

15   CURRENT STATUS OF CONFINEMENT AT TERMINAL ISLAND AND WHY

16   THE DEFENDANT WAS CONFINED IN A J2 STATUS WHEN HE WAS

17   PENDING BEFORE YOUR HONOR IN THE NARCOTICS CASE.

18        SO THAT WAS THE REASON THAT THE MOTION OF RELATED

19   CASES WAS FILED IN THE CIVIL CASE IN AN EFFORT TO BRING IT

20   BACK BEFORE YOUR HONOR SIMPLY BECAUSE THE GOVERNMENT FELT

21   THAT THE COURT HAD THE BENEFIT OF THAT INFORMATION.  IT WAS

22   FOR THAT REASON AND NOTHING MORE.

23        THE COURT:  WELL, ASSERTIONS FILED WITH THE COURT

24   ARE NOT EVIDENCE.  THEY ARE BASICALLY OFFERED AS PROOF.

25   THE EVIDENCE THAT WILL BE INVOLVED IN THIS CASE MAY BE

57

1   DIFFERENT.  I BELIEVE THE CASE SHOULD GO BACK TO JUDGE

2   WILSON, AND I HAVE TOLD HIM SO.  HE IS QUITE WILLING TO

3   TAKE THE MATTER BACK AND RECONSIDER IT, AND I

4   AM SIMPLY GOING TO REFUSE THE TRANSFER AND ORDER IT BACK

5   TO JUDGE WILSON.  SO YOU MAY COMMUNICATE WITH HIM AND HIS

6   STAFF TO DETERMINE WHAT FURTHER PROCEDURES HE WANTS TO

7   TAKE WITH THIS RESTRAINING ORDER.

8            MR. RANDOLPH:  THANK YOU, YOUR HONOR.  MAY I SAY

9   FOR THE RECORD THAT DEFENSE COUNSEL WAS PERFECTLY WILLING

10  TO HAVE YOUR HONOR HEAR THIS CASE AS LONG AS THE IN CAMERA

11  SUBMISSIONS WERE DISCLOSED TO ME.  IF THE GOVERNMENT WANTS

12  TO MAINTAIN THEM INVIOLATE IN THIS CASE, THEN I THINK IT

13  IS APPROPRIATE TO GO BACK TO JUDGE WILSON.

14           THE COURT:  WELL, THAT IS WHAT SHOULD BE DONE.

15           MR. RANDOLPH:  ALL RIGHT.  THANK YOU VERY MUCH.

16  (PROCEEDING CONCLUDED.)

17

18  I HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT

19  TRANSCRIPT OF THE PROCEEDINGS HAD ON THE RECORD

20  IN THE ABOVE-ENTITLED MATTER.

21

22  _Velma B. Thomas_    _3/1/89_
    OFFICIAL REPORTER    DATE

23

24

25